# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSLYN HAZLITT**, **JANE DOE**, by and through next friend **JOHN DOE**, **RICHARD ROBINSON**, and **YOLANDA BROWN**, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>    v.<br><br>**APPLE INC.**,<br><br>        Defendant. | Case No. 3:20-cv-421 |

## APPLE INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Apple Inc. ("Apple") hereby removes this action, originally filed as case number 20 L 206 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of removal, Apple states:

**I.    PRELIMINARY STATEMENT**

1.    The plaintiffs filed this action in the St. Clair County court on March 12, 2020, seeking to assert claims on behalf of themselves and a putative class under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

2.    Copies of all process, pleadings, and orders served upon Apple in this matter are attached as Exhibits 1 to 3. *See* 28 U.S.C. § 1446(a).

3.    The plaintiffs served Apple with the summons and Complaint on April 7, 2020. *See* Ex. 2. Apple is timely filing this notice within 30 days of service. *See* 28 U.S.C. § 1446(b).

4.    Removal to this Court is proper because it is the U.S. district court for the district and division embracing the Circuit Court in St. Clair County, Illinois. 28 U.S.C. § 93(c).

5.      As set forth in greater detail below, the Court has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, because minimal diversity exists and the amount in controversy exceeds $5,000,000.[1]

## II.    BACKGROUND

6.      Each plaintiff alleges that he or she is a resident of the State of Illinois. Ex. 1 ¶¶ 10-13. The plaintiffs acknowledge that Apple is a California corporation. *Id.* ¶ 15.

7.      The Complaint alleges that Apple "violated BIPA by collecting, possessing, and profiting from the biometric identifiers and biometric information of Illinois citizens"—specifically, scans of face geometry—via the "Photos software application ('Photos App')" on "[Apple's] phones, tablets, and computers (the 'Apple Devices')." *Id.* ¶¶ 1-2. The devices allegedly "automatically collect[]" scans of face geometry from photographs "without the knowledge or informed written consent of" the user or others who may appear in the photographs. *Id.* ¶ 2. Although the Photos app uses on-device processing (and thus **Apple** does not collect or possess the putative biometric information as required to apply BIPA), *see, e.g.*, *id.* ¶ 105, the plaintiffs claim Apple is "directly and vicariously" liable because it provides the Photos app, *id.* ¶ 141.

8.      The plaintiffs "seek to represent [classes] of individuals whose face geometries were collected, stored, and/or used by [Apple]," *id.* ¶ 6, defined as follows:

- All Illinois citizens whose faces appeared in one or more photographs taken or stored on their own Apple Devices running the Photos App from March 4, 2015 until present.

---

[1] By filing this notice, Apple does not concede any allegation, assertion, claim, or demand for relief in the Complaint, or that any damages exist. Apple expressly denies that it has violated BIPA, intends to defend this matter vigorously on the merits and as to class certification, and reserves all defenses and objections to the plaintiffs' allegations, assertions, claims, demands for relief, and supposed damages.

- All Illinois citizens whose faces appeared in one or more photographs taken or stored on an Apple Device other than their own running the Photos App from March 4, 2015 until present.

*Id.* ¶ 153. The classes allegedly include "thousands of people." *Id.* ¶ 154.

9. In the Prayer for Relief, the Complaint requests: (1) injunctive relief, (2) "actual damages," (3) "statutory damages of $5,000 for each intentional and reckless violation of BIPA," (4) statutory damages "of $1,000 for each negligent violation" of BIPA, and (5) "attorneys' fees, costs, and other litigation expenses." *Id.* at 42.

## III. REMOVAL IS PROPER UNDER CAFA

10. As amended by CAFA, 28 U.S.C. § 1332(d) grants U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

11. **This is a "class action" under CAFA**. Because the plaintiffs invoke procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. 28 U.S.C. § 1332(d)(1)(B).

12. **The putative class contains at least 100 members**. Under controlling precedent, Apple "may rely on the estimate of the class number set forth in the complaint." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017). Here, the plaintiffs allege that the putative class numbers in the "thousands." Ex. 1 ¶ 154.

13. **The amount placed in controversy exceeds $5,000,000**. The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removing under CAFA is low and requires only "a reasonable probability that the *stakes* exceed the minimum." *Brill v. Countrywide Home*

3

*Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (emphasis added); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (plausible, good-faith estimate). Apple need not "confess liability" or offer "proof" of damages, since it may rely on "***what the plaintiff is claiming***." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (emphasis added). Here, Apple denies that actual damages to the plaintiffs, if any, are quantifiable; that statutory damages may be awarded; and that certification of a class is appropriate. However, solely for the purposes of removal, the amount in controversy is determined by what the plaintiffs are claiming is at stake, that is: up to $5,000 in statutory damages per supposed violation of BIPA for allegedly "thousands" of putative class members. Ex. 1 at 42 and ¶ 154. Accordingly, the plaintiffs have put an amount in excess of $5,000,000 in controversy.

14.     **Diversity is undisputed**. The plaintiffs, all of whom allegedly reside in Illinois, and Apple, a California corporation, satisfy the minimal diversity requirements under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (holding that diversity existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona).

15.     Attached as Exhibit 4 hereto is a copy of the notice required under 28 U.S.C. § 1446(d), which Apple promptly will provide to the plaintiffs and file with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IV.     CONCLUSION**

Apple therefore removes this action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, and respectfully requests that the action proceed in this Court as a matter properly removed.

4

**Dated**: May 6, 2020                                         **Respectfully Submitted**,

                                                                  Apple Inc.

                                                                  By:  /s/ *Raj Shah*
                                                                           One of its attorneys

| | |
|---|---|
| Isabelle L. Ord* | Raj N. Shah (ARDC # 06244821) |
| DLA Piper LLP (US) | Eric M. Roberts (ARDC # 6306839) |
| 555 Mission Street, Suite 2400 | DLA Piper LLP (US) |
| San Francisco, California 94105 | 444 West Lake Street, Suite 900 |
| isabelle.ord@dlapiper.com | Chicago, Illinois 60606 |
| | 312.368.4000 |
| Amanda Fitzsimmons* | raj.shah@dlapiper.com |
| DLA Piper LLP (US) | eric.roberts@dlapiper.com |
| 401 B. Street, Suite 1700 | |
| San Diego, California 92101 | |
| amanda.fitzsimmons@dlapiper.com | |

\* motion to appear *pro hac vice* forthcoming

**Certificate of Service**

      I hereby certify that on May 6, 2020, I electronically filed the foregoing **Notice of Filing of Notice of Removal** with the Clerk of the Court using the CM/ECF system. I further certify that I caused a true and correct copy of the foregoing by electronic mail and U.S. Postal Mail delivery upon the following counsel of record:

Jerome J. Schlichter (jschlichter@uselaws.com)
Andrew D. Schlichter (aschlichter@uselaws.com)
Alexander L. Braitberg (abraitberg@uselaws.com)
Brett C. Rismiller (brismiller@uselaws.com)
Schlichter, Bogard & Denton LLP
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102

Christian G. Montroy (cmontroy@montroylaw.com)
2416 North Center
P.O. Box 369
Maryville, Illinois 62062

*Attorneys for the plaintiffs*

      /s/ *Raj Shah*

Raj N. Shah (ARDC # 06244821)
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000
raj.shah@dlapiper.com

6