IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSLYN HAZLITT**, **JANE DOE**, by and through next friend John Doe, **RICHARD ROBINSON**, and **YOLANDA BROWN**, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>   Plaintiffs,<br><br> v.<br><br>**APPLE INC.**,<br><br>   Defendant. | Case No. 3:20-cv-00421-NJR |

## DEFENDANT APPLE INC.'S REPLY
## IN SUPPORT OF ITS MOTION TO DISMISS

**DLA Piper LLP (US)**

Isabelle L. Ord\*
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105
isabelle.ord@dlapiper.com

Amanda Fitzsimmons\*
DLA Piper LLP (US)
401 B. Street, Suite 1700
San Diego, California 92101
amanda.fitzsimmons@dlapiper.com

Raj N. Shah (ARDC # 06244821)
Eric M. Roberts (ARDC # 6306839)
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000
raj.shah@dlapiper.com
eric.roberts@dlapiper.com

\* admitted *pro hac vice*

*Attorneys for Apple Inc.*

**Dated**: August 10, 2020

Apple's opening brief ("Br.") demonstrated why the Court should dismiss the Complaint, and Apple does not intend to restate each of its arguments. However, "exceptional circumstances" call for this reply under L.R. 7.1 to permit Apple to address several limited issues raised in the plaintiffs' opposition ("Opp."), including: (1) responding to mischaracterizations of certain of Apple's arguments; (2) addressing new allegations not present in the Complaint; and (3) refuting claims that Apple has "contradicted its prior representations" to this Court.

## I.     This case does not concern "biometric information" or "biometric identifiers."

Apple's opening brief identified the facts alleged by or incorporated into the Complaint that defeat the claim that the Photos app creates biometric identifiers or biometric information (two distinct concepts) protected by BIPA.[1] Br. 7-10. Apple argued that the alleged photo-based facial templates challenged by the plaintiffs are not "biometric *information*," the definition of which expressly excludes information "derived from" photos. *Id.* 7 (citing *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *3 (N.D. Ill. Sept. 15, 2017)); 740 ILCS 14/10. The Opposition does not address this argument, which "results in waiver." *Bonte v. US Bank, NA*, 624 F.3d 461, 466 (7th Cir. 2010). Instead, the Opposition falsely accuses Apple of arguing that scans of photos "cannot constitute 'biometric *identifiers*.'" Opp. 6 (emphasis added). Apple made no such argument.

Apple's challenge regarding the claim with respect to biometric identifiers is different. Apple has argued that the legislature intentionally used a narrow term ("biometric *identifiers*") rather than broader phrasing (*e.g.*, "measurement" or "print") to limit BIPA's scope to fingerprints,

---

[1] In several places, the Opposition vaguely asserts that the motion "argue[s] the merits." *E.g.*, Opp. 12 n.6. Not so. The motion is based on the Complaint's allegations together with webpages cited in and central to the Complaint. The Opposition cannot escape the contents of those webpages by attempting to contradict them without explanation and claiming that the resulting contradiction is a "merits" issue. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (dismissal appropriate if documents incorporated in complaint "reveal[] facts which foreclose recovery") (quotation omitted).

voiceprints, or scans of face geometry that actually *identify* a specific individual. Br. 7-8. Based on the plaintiffs' admission that *they* do the tagging of photos as alleged in the Complaint, *not the Photos app*, the Complaint's allegations defeat a claim that Apple collects or possesses biometric identifiers. *Id.* 8-9. Data that is not tied to an individual (only the user supplies a "tag") is not of the "biologically unique" type that puts anyone "at heightened risk for identity theft," as was the express concern that the legislature addressed in enacting BIPA. 740 ILCS 14/5(c).

The Opposition misleadingly asserts that Apple's argument violates the principles of statutory interpretation by reading the words "to identify an individual" into the definition of "biometric identifier." Opp. 5-6. Yet under the very rules of construction the Opposition cites, the Court must give meaning to the word "identifier" in "biometric identifier." "Identifier" means "one that identifies," and "identifies" means "to establish the identity of." Merriam-Webster (2020). The Complaint fails to plausibly allege that the alleged facial templates establish identity.

Only Apple's interpretation gives meaning to both phrases, "biometric identifier" and "biometric information." The legislature introduced and defined the separate concept of "biometric information" to prevent entities from evading BIPA "by converting a . . . biometric identifier into some other piece of information, like a mathematical representation" that still could "be used to identify the person." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1095 (N.D. Ill. 2017). By contrast, "identifier" already means "to identify an individual," and if the legislature had repeated the phrase "to identify an individual" in the definition of "biometric identifier," the addition would have been circular, superfluous, and violated the very rules of construction cited by the Opposition.

The Opposition attempts a final misdirection by asserting that the data is "used to identify individuals" because the Photos app groups photos into anonymous People albums. Opp. 7-8. As discussed above, the plaintiffs concede that they do the tagging, *not Apple*. Br. 8-9. In the cases

2

on which the Opposition relies, the claimants (unlike the plaintiffs here) alleged that defendants' servers collected and maintained central databases of biometric face scans tied to names to allow the defendant actively to identify people in photos. *See Monroy*, 2017 WL 4099846, at *1 ("Shutterfly stores these maps of face geometry in a massive database" and "suggests that the user 'tag' the image with the individual's name."); *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1158 (N.D. Cal. 2016) ("Facebook amassed user's biometric data" to make "tagging suggestions."). The crucial allegations are lacking here because the Complaint alleges the data is on the device (not with Apple) and the user supplies the names to her device (not to Apple).

## II.     Allegations not pleaded in the Complaint should be disregarded, but in any event do not plausibly demonstrate "collection" or "possession" of biometric data by Apple.

The Opposition impermissibly injects new allegations not found in the Complaint that Apple can "access" data on the user's device, Opp. 3, 9, 10, 12. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted). Leaving aside that these allegations are new and not factually supported, the claims still independently fail because, as the plaintiffs concede, the challenged processes occur on the user's device, with no plausible allegation that Apple collects or possesses the data just because Apple manufactured the device. Br. 10-14. Accordingly, the Court should disregard the new allegations. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 941 (7th Cir. 2012) (dismissal proper where "speculative and conclusory" assertions are "belied by other allegations").

Apple's arguments also do not, as the Opposition suggests, rely on the wrong definition of "collect" or conflate "possession" with "storage" under BIPA, *see* Opp. 9-13; and Apple refuted rather than "ignored" the Complaint's misplaced reliance on software agency principles that do not apply here, *id.* 9. The Complaint boils down to an assertion that the device and software

3

function in a manner that they do not desire. BIPA simply is inapplicable to such claims. Instead, BIPA only governs a private entity's collection and possession of an individual's biologically unique biometric data. Under no definition or analysis does Apple collect or possess the alleged biometric data on devices the plaintiffs exclusively own and control, merely because Apple designed the devices and the code for the Photos app. The Opposition's focus on Apple's control over software code is a red herring. *See id.* 4, 10-11. Regardless, and although not required by BIPA, Apple vested the plaintiffs with choice and control over the use of their devices and the Photos app. The plaintiffs do not dispute that they can delete photos, elect not to tag people in photos, or even choose to wipe their devices of all data. There is no allegation that Apple can do such things. Thus, a bald conclusion that Apple "controls" the "biometric data on users' devices" and the "process of obtaining" that data, *id.*, fails to state a claim under BIPA.[2] *See, e.g.*, *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 965-68 (N.D. Ill. 2020) (dismissing complaint against manufacturer of fingerprint-based timekeeping system because the allegations did not show the manufacturer, rather than employer, possessed or "actively" collected the data). Cases roundly reject efforts to expand BIPA liability to manufacturers solely because they produce devices capable of generating biometric data, *see* Br. 13-14, and the Opposition offers no basis for the Court to disregard these "cases involving BIPA pleading standards," Opp. 15.

**III.   The Opposition misstates the request to strike the allegations of a willful violation.**

The Opposition wrongly implies that Apple requested dismissal of the claims for failure to plead *scienter*. *Id.* 18-19. Apple only asked the Court to follow the rationale in *Namuwonge v.*

---

[2] The Opposition concedes that Apple would not be liable under BIPA if the plaintiffs could "disable biometric data collection." Opp. 18 n.11. Without agreeing that BIPA contains such a requirement, the plaintiffs' own analysis bars their claims as the plaintiffs can choose to use their devices in ways that do not result in the alleged collection of biometric data.

4

*Kronos, Inc.*, in which the Northern District of Illinois struck a complaint's request for $5,000 in statutory damages for failure to plead facts to plausibly support the claim that a violation of BIPA was intentional or reckless. Br. 16 (citing 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019)).

The unremarkable observation that BIPA was enacted "more than a decade" ago, Opp. 18, also does not suffice in this case. Each of the cases on which the Opposition relies involved a "textbook violation of Section 15(b)" because the defendant undeniably "collected" fingerprints to identify employees. *Figueroa v. Kronos Inc.*, 2020 WL 1848206 (N.D. Ill. Apr. 13, 2020) (collecting fingerprints through biometric timekeeping device).[3] This is not such a case.

**IV.     Apple has not contradicted any representation concerning Article III standing.**

Apple has not "reversed course" or "contradicted its prior representations to this Court" by calling into question the plaintiffs' standing to assert the Section 15(a) claim in Count II. *See* Opp. 19. Apple properly removed the *action* under CAFA. *See* 28 U.S.C. § 1332(d)(2) (granting courts "original jurisdiction of any *civil action* . . .") (emphasis added); *In re Air Crash Disaster Near Roselawn, Ind.*, 96 F.3d 932, 942 (7th Cir. 1996) (statute authorizes removal of "an entire suit"). Apple's argument concerns the propriety of a single claim under Section 15(a), not the action.

---

[3] *See also Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202, at *6 (N.D Ill. Feb. 26, 2020) (fingerprints collected with "no effort to comply with BIPA"); *Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d 1088, 1090 (N.D. Ill. 2019) (same); *Rogers v. BNSF Ry. Co.*, 2019 WL 5635180, at *5 (N.D. Ill. Oct. 31, 2019) (same); *Treadwell v. Power Sol'ns Int'l, Inc.*, 427 F. Supp. 3d 984, 990 (N.D. Ill. 2019) (employer "intended to collect and use its employees' fingerprints").

| | |
|---|---|
| **Dated**: August 10, 2020 | **Respectfully Submitted**, |
| | Apple Inc. |
| | By:  /s/ *Raj Shah*  <br>       One of its attorneys |
| Isabelle L. Ord* <br> DLA Piper LLP (US) <br> 555 Mission Street, Suite 2400 <br> San Francisco, California 94105 <br> isabelle.ord@dlapiper.com | Raj N. Shah (ARDC # 06244821) <br> Eric M. Roberts (ARDC # 6306839) <br> DLA Piper LLP (US) <br> 444 West Lake Street, Suite 900 <br> Chicago, Illinois 60606 <br> 312.368.4000 <br> raj.shah@dlapiper.com <br> eric.roberts@dlapiper.com |
| Amanda Fitzsimmons* <br> DLA Piper LLP (US) <br> 401 B. Street, Suite 1700 <br> San Diego, California 92101 <br> amanda.fitzsimmons@dlapiper.com | |

* admitted *pro hac vice*

**Certificate of Service**

  I hereby certify that on August 10, 2020, I electronically filed the foregoing ***Reply in Support of Apple's Motion to Dismiss*** with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

                 /s/ *Raj Shah*
                 Raj N. Shah