IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSLYN HAZLITT, JANE DOE, by and through next friend JOHN DOE, RICHARD ROBINSON, and YOLANDA BROWN, on behalf of themselves and all other persons similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>      Defendant. | Case No. 3:20-CV-421-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel Class Discovery (Doc. 57) filed by Plaintiffs Roslyn Hazlitt, Jane Doe, Richard Robinson, and Yolanda Brown ("Plaintiffs") and a Motion to Quash Subpoenas filed by Defendant Apple Inc. (Doc. 58). For the following reasons, the Motion to Compel is denied, and the Motion to Quash Subpoenas is granted.

### BACKGROUND

This putative class action alleges that Apple violated Illinois's Biometric Information Privacy Act (BIPA), 740 ILL. COMP. STAT. §§ 14/15 (a)-(b), by collecting Plaintiffs' and Class Members' biometric identifiers and biometric information, including scans of facial geometry and related biometric information, without first notifying Plaintiffs in writing and obtaining informed consent. Plaintiffs further allege Apple

possessed biometric identifiers and biometric information without creating and following a written, publicly available policy with retention schedules and destruction guidelines. (Doc. 1-1).

On January 21, 2021, Plaintiffs served Apple with requests for production, which included the following requests:

> 31. Documents sufficient to identify all Illinois residents who purchased Apple Devices that contained the Photos App from June 13, 2016 to the present.
>
> 32. Documents sufficient to identify all Illinois residents and other persons in Illinois who executed End User License Agreements (EULAs) or other agreements in connection with the Photos App.

Apple objected to these requests on the grounds that they were vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. (Doc. 57-4).

After the parties met and conferred regarding the dispute, and pursuant to Defendant's request, Plaintiffs sent Apple written correspondence containing examples of various types of information Defendant possesses from which information responsive to Plaintiffs' requests can be culled, including: (i) the shipping and billing addresses of persons with Apple IDs; (ii) the cell phone numbers of persons who bought iPhones, which could be narrowed to Illinois area codes; (iii) the billing information of Apple Pay customers; (iv) the shipping and billing addresses of Illinois-related online purchases; and (v) customer information concerning purchases at Defendant's Illinois stores. (Doc. 57-2). In response, counsel for Apple informed Plaintiffs that Apple would not

produce any information responsive to Requests 31 and 32 because Plaintiffs' purpose for those requests was to ascertain the identity of putative class members and because "[t]he identity of putative class members is not an appropriate source of discovery." (Doc. 57-2).

Plaintiffs subsequently filed the instant motion to compel. (Doc. 57). Plaintiffs also issued document subpoenas to major resellers of Apple products—Amazon.com Services LLC; AT&T Corp.; Best Buy Co., Inc.; T-Mobile USA, Inc.; Target Corp.; United States Cellular Corp.; and Verizon Wireless Services, LLC—for the personal data of individual customers. (Doc. 58-1). The subpoenas requested the names, addresses, phone numbers, email addresses, birth dates, and Apple IDs for users of iPhones, iPads, and Mac computers. (*Id.*). Apple has moved to quash these subpoenas. (Doc. 58).

## LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)). "Proportionality, like

other concepts, requires a common sense and experiential assessment." *Sapia v. Bd. of Educ. of City of Chicago*, 328 F.R.D. 506, 509 (N.D. Ill. 2019).

A district court "has broad discretion in deciding the degree to which discovery concerning class certification issues should go forward and such discovery is allowed where there is a need to determine whether Rule 23 requirements are met." *Gebka v. Allstate Corp.*, No. 19-CV-06662, 2021 WL 825612, at *7 (N.D. Ill. Mar. 4, 2021) (citation omitted). District courts also have broad discretion to limit the scope of discovery if the discovery sought is obtainable in some less burdensome manner. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for discovery described in Rule 26(b)(1). *See, e.g.*, *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (applying Rule 26(b)(1) to a subpoena for hospital records). A court must quash or modify a subpoena, however, if it would subject a person to undue burden, and a court may quash or modify a subpoena if it would require disclosure of confidential information or sensitive commercial material. FED. R. CIV. P. 45(d)(3) (emphasis added). The party moving to quash bears the burden of persuasion and must show how the information requested is sensitive or creates an undue burden. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases).

## DISCUSSION

Plaintiffs argue the requested discovery—the identities of all Illinois residents who purchased Apple Devices that contained the Photos App and all Illinois residents and other persons in Illinois who executed End User License Agreements (EULAs) or other

agreements in connection with the Photos App from June 13, 2016, to the present— is directly relevant to the issue of class certification. Specifically, Plaintiffs argue the information is relevant to Rule 23(b)(3)'s requirements that a class action be superior to other available methods for fairly and efficiently adjudicating the controversy and that the matter is manageable as a class action. *See* FED. R. CIV. P. 23(b)(3). They also contend the information requested is proportional to the needs of the case when considering the factors provided in Rule 26(b). Plaintiffs specifically note that courts in the Seventh Circuit have compelled production of information sufficient to ascertain a class list in cases involving the Telephone Consumer Protection Act (TCPA).

Apple disputes Plaintiffs' characterization of this discovery as routine and argues such pre-certification discovery would be invasive, would identify potentially millions of consumers who are not class members, and is neither relevant nor proportional to the needs of this case. Apple also expresses concern that disclosure of this information would intrude on consumers' privacy interest in avoiding disclosure of their names and addresses without their knowledge and consent. Moreover, Apple contends, the information is irrelevant to the class definitions proposed in the Complaint. While the Requests for Production seek information for "all Illinois residents" who "purchased" Apple products or "executed" an "End User License Agreement" or "other agreement" for the Photos app, the proposed classes include "Illinois citizens whose faces appeared in one or more photographs taken or stored" on an Apple Device running the Photos App. Apple notes the Requests do not seek to have Apple identify "Illinois citizens whose faces appeared" in photographs. Finally, Apple asserts the Requests place a significant

burden on it to produce information for potentially millions of users of Apple products and services for a period of more than five years and to determine whether, at the time each person bought and began using an Apple product or service, he or she was an "Illinois resident."

Both Plaintiffs and Apple cite *Oppenheimer Fund, Inc. v. Sanders*, in which the Supreme Court held the names and addresses of potential class members do not fall within the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1). 437 U.S. 340, 352 (1978); *see also Swelnis v. Universal Fid. L.P.*, No. 2:13-CV-104-PRC, 2014 WL 1571323, at *2 (N.D. Ind. Apr. 17, 2014). The Court found that such information was not relevant to any issue in the case, and the plaintiffs there admitted they sought the information for the purpose of providing notice to potential class members. *Id.* at 352-53. The Court then held that such information may be discoverable if it is relevant for Rule 23 purposes or "where there is good reason to think that communication with class members might yield information bearing on those Rule 23 issues." *Swelnis*, No. 2:13-CV-104-PRC, 2014 WL 1571323, at *3 (citing *Oppenheimer*, 437 U.S. at 354 n. 20). Even in instances where the information is relevant, the Court cautioned, it would not likely "require compilation of the names and addresses of *all* members of a large class." *Oppenheimer*, 437 U.S. at 354 n. 20.

Plaintiffs here aver the information is relevant and necessary to support their forthcoming motion for class certification and Rule 23(b)(3)'s requirements, including manageability and superiority. Thus, it should be discoverable under Rule 23. But as noted by Apple, Plaintiffs never articulate why personal consumer information is

necessary to establish "manageability" or "superiority" or why this information is preferable to less intrusive ways to prove those elements. Nor do they explain why they need the personal information for *each and every* Illinois resident who has purchased an Apple Device, as opposed to a smaller subset of those potential class members. The Court further finds Plaintiffs' citation to TCPA cases to be inapposite.

The Court also has serious concerns about the disclosure of millions of consumers' personal information without any notice or the ability to opt-in. *See, e.g., Duffy v. Illinois Tool Works Inc.*, No. 15-CV-7407(JFB)(SIL), 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) ("[P]rivate individuals have a privacy interest in avoiding disclosure of their names and addresses . . . . Consistent with these concepts, the Supreme Court has held that the pre-certification production of class members' names is not compatible with Federal Rule 26's "relevancy" standard.). Moreover, while Plaintiffs do not explicitly state any intention to use the information in any other manner, their request "necessarily implicate[s] concerns regarding potential client recruitment." *Id.* Finally, Plaintiffs have provided the Court with no explanation as to how the data would be stored and kept secure, which is crucial considering the rising number of computer hackings and ransomware attacks hitting U.S. companies.

For these reasons, the Court finds Plaintiffs are not entitled to pre-certification discovery of the identities of all Illinois residents who purchased Apple Devices containing the Photos App or who executed End User License Agreements (EULAs) or other agreements in connection with the Photos App from June 13, 2016, to the present. Accordingly, the Motion to Compel filed by Plaintiffs (Doc. 60) is **DENIED**, as is

Plaintiffs' request for attorneys' fees and costs incurred in bringing the motion to compel. For the same reasons, the Motion to Quash Subpoena filed by Defendant Apple Inc. (Doc. 58) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   June 16, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**