# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSLYN HAZLITT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 3:20-cv-00421-NJR |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiffs, under Fed. R. Civ. P. 33, request that Defendant, including any agents, employees, representatives, or other persons acting or purporting to act on its behalf separately respond to the following interrogatories within 30 days of the date of service hereof.

### DEFINITIONS

1.      "You" or "Your" or "Defendant" or "Apple" means or refers to defendant Apple Inc.

2.      "Apple Devices" means or refers to phones, tablets and computers designed, manufactured, and/or sold by You or at Your direction, including all types of iPhones, iPads, and Mac computers.

3.      "Photos App" means or refers to Your Photos software application that is pre-installed on Apple Devices.

4.      "Biometric Data" refers collectively to "Biometric Identifier" and "Biometric Information," as those terms are defined below in Definition 9.

5.      "Photo Sorting Software" or "Photo Sorting Features" means software which sorts or attempts to sort digital photographs by the faces of people appearing in them, including but

Exhibit A

not limited to software that performs facial recognition or scans of facial geometry, and including but not limited to software that detects, aligns, represents, classifies, and/or clusters photographs of faces.

6.      "Facial Recognition" means or refers to the process by which an Apple Device recognizes an individual's face and/or clusters photographs of individuals in the Photos app by deriving and comparing information obtained from photographs stored on the Apple Device.

7.      "Clusters" for the purpose of this discovery means grouping pictures based upon similar facial features of an individual.

8.      "BIPA" means or refers to the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

9.      "Biometric Identifier," "Biometric Information," "Confidential and Sensitive Information," "Private Entity," and "Written Release" mean or refer to the definitions of those terms in 740 ILCS 14/10.

10.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

11.     "Identify," when used with reference to a Document, shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, You may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).  If any Document is no longer in Your possession, custody, or control, please provide an explanation of its disposition, the date of same, and the reasons for same.

Exhibit A

12.     "Identify," when used with reference to a person, shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the job description and employment history at Apple and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.     "Identify," when used with reference to a product, means to provide the product's trade name, model number, firmware version, and software version.

14.     "Identify," when used with reference to a patent, means to provide the patent's number, date granted, and current validity status.

15.     "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

16.     Unless otherwise indicated, the time frame for the information sought in these Interrogatories is January 1, 2009 through the present and up to the close of discovery in this litigation.

## INSTRUCTIONS

1.     If You object to any of the definitions or instructions, state Your objection(s) in Your response and indicate whether You are complying with the direction or instruction in spite of Your objection.  If Your objection goes to only part of an interrogatory, provide all responses that do not fall within the scope of Your objection.

2.     In answering these Interrogatories, You shall furnish all information available to You, including all persons acting on Your behalf, and not merely such information within Your knowledge.  If You cannot answer the Interrogatories in full after exercising due diligence to

Exhibit A

secure the information, You should answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

3.      These Interrogatories are continuing, and You are requested to provide forthwith, by way of supplementary answers, such additional information (or documents if included in Your original response) as You or any person acting on Your behalf may later obtain, which will augment or otherwise modify Your answers.

4.      Please provide the complete identity of each Document referred to in Your answers to these Interrogatories as part of Your answer to each Interrogatory including the date of the Document, a summary of its contents, its author and/or recipient, its present custodian, and its present location.

5.      With respect to any information or Document that You decline to provide because of a claim of privilege or other objection, please provide a description of the same in order to assist Plaintiffs' counsel in understanding and evaluating Your objection.

6.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

7.      The use of any singular word includes both the singular and the plural of that word, and vice versa.  The use of any masculine or feminine pronoun includes both the masculine and feminine.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4

Exhibit A

9.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

10.      For documents redacted or withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, You shall provide Plaintiffs a privilege log in compliance with Federal Rule 26(b)(5) and Local Rule 26.2 no later than the deadline for serving responses to these discovery requests. To the extent You conclude in good faith that You will be unable to provide the privilege log within the applicable period set forth above, You must promptly and in advance of the relevant deadline notify Plaintiffs in order to meet and confer to determine the earliest practicable time You can provide privilege log(s). The privilege log(s) described above shall conform to the terms of the Order Regarding Discovery of Hard Copy Documents and Electronically Stored Information to be entered in this case and shall contain a description of the privilege claim asserted (e.g., attorney-client privilege and/or work product), a list of all persons who were present to the conversation and their relationships to Apple, and all documents that you will rely upon to show that privilege is appropriate.

## INTERROGATORIES

1.      Identify all persons or entities who supplied any information You used to respond to these Interrogatories or who helped draft any responses to Plaintiffs' discovery requests, and identify all Documents relied upon in responding to these Interrogatories.

**RESPONSE:**

2.      Identify any person who may have any knowledge regarding the claims or defenses in this case, regardless of whether that person has knowledge that supports Your claims or defenses in this case.

Exhibit A

**RESPONSE:**

3.        Identify all patents, research articles, academic articles, or articles published at or for conferences that You used or relied on in the development, creation, and implementation of technology enabling Apple's collection, capture, conversion, storage, sharing, and use of data relating to the Photo Sorting Features in the Photos app.

**RESPONSE:**

4.        List and describe all litigation involving (1) any of the patents identified in response to Interrogatory 3 and (2) technologies used by the Photo Sorting Software, including facial recognition, clustering or machine learning technologies.

**RESPONSE:**

5.        Identify:

     i.   all Apple employees, directors and officers that worked on any Photo Sorting Features of the Photos app, and state which persons were group leaders or managers.

**RESPONSE:**

     ii.   If different than above, identify the person who can best explain the functioning of any machine learning involved in any Photo Sorting Features used in the Photos app.

**RESPONSE:**

6.        Identify all patents that You practice with respect to Photo Sorting Software.

**RESPONSE:**

7.        Identify all algorithms You use in Photo Sorting Software.

**RESPONSE:**

Exhibit A

8.      Identify all companies You have acquired that were or have been involved in the development of Photo Sorting Software.

**RESPONSE:**

9.      Describe all material changes to the Photos app since 2016 with respect to Photo Sorting Features, including but not limited to changes associated with versions of Your operating systems, including a description of any changes to any Photo Sorting Software algorithm, and including the date when any such changes occurred.

**RESPONSE:**

10.     What information pertaining to an individual's face does the Photo Sorting Feature of the Photos App is collected and/or stored on the Apple Device?

**RESPONSE:**

11.     Are you aware of any breaches of security on Apple devices over the past 10 years?  If so, please describe, in detail, those breaches, including but not limited to who breached the device, when, why, the software and hardware that was breached, how, and what data was accessed.

**RESPONSE:**

12.     Describe in detail the location(s) upon Apple Devices where any information regarding human faces used by the Photo Sorting Features is stored.

**RESPONSE:**

13.     Identify any licensing agreements by which You are or were authorized to use any software or technology contained within or used by the Photo Sorting Software.

**RESPONSE:**

Exhibit A

14.     Identify all actual or alleged breaches of Apple Devices' security as it relates to Biometric Data.

**RESPONSE:**

15.     Identify all actual or alleged breaches of Apple Devices' security related to data stored locally on Apple Devices pertaining to the Photo Sorting Features within the Photos App.

**RESPONSE:**

16.     Identify any investigations by, or communications with, the United States, any of the 50 states or their subdivisions, or any agency of either the United States or any of the 50 states into Apple's collection, capture, conversion, storage, sharing or use of data pertaining to the Photo Sorting Features in the Photos App.

**RESPONSE:**

17.     Identify any investigations by any non-United States government or authority, including but not limited to: foreign national governments or special administrative regions, or any subdivisions or agencies thereof (e.g., the Office of the Privacy Commissioner for Personal Data); international bodies or agencies (e.g., the United Nations or international standard-setting or watchdog agency, such as the Global Data Protection Agency); the EU, OAS, ASEAN, AU, EAEU, Arab League, or any other similar union or association composed of multiple member countries, or any subdivisions or agencies thereof (e.g., the European Commissioner for Competition); into Apple's collection, capture, conversion, storage, sharing or use of data pertaining to the Photo Sorting Features in the Photos App.

**RESPONSE:**

18.     Identify all witnesses that might testify on behalf of You in this lawsuit, and for: (1) lay witnesses, state the subject upon which the witness will testify; (2) independent expert

8

Exhibit A

witnesses, state the subjects on which the witness will testify and the opinions the party expects to elicit and the bases of their opinions; and (3) controlled expert witnesses, state:(i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

**RESPONSE:**

19.     For each fiscal year beginning on June 13, 2016, please state Apple's gross income and profits in Illinois from each Apple Device that was sold with the Photos App.

**RESPONSE:**

20.     Did Apple, or any of its employees, directors, affiliates, employees or managers make any misrepresentations concerning the functionality of the features of the Photos App?  If so, identify those statements.

**RESPONSE:**

21.     Identify all Apple employees, directors, managers, officers, affiliates and contractors that developed the Photo Sorting Software, including the members and leaders of those teams.

**RESPONSE:**

9

Exhibit A

**CERTIFICATE OF SERVICE**

I hereby certify that I served this document on all counsel for all parties via electronic mail

on January 21, 2021.

/s/  Nathan Emmons

Exhibit A