UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSLYN HAZLITT et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 3:20-cv-00421-NJR |
| ) | |
| APPLE INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

Plaintiffs, under Fed. R. Civ. P. 34, request that Defendant, including any agents, employees, representatives, or other persons acting or purporting to act on its behalf separately produce the following described documents and things for inspection and copying at the law offices of Schlichter, Bogard, & Denton, 100 South Fourth Street, Suite 1200, St. Louis, Missouri 63102, by March 1, 2021 (i.e., the first business day after 30 days from the latest date by which Plaintiffs and Defendant will have agreed upon a discovery and ESI protocol in this matter. Plaintiffs request that Defendant not produce documents until after the parties have agreed on such protocol.).

**DEFINITIONS**

Please refer to the definitions in Plaintiffs' First Set of Interrogatories to Defendant, served contemporaneously herewith.

**INSTRUCTIONS**

1. If any Document was, but no longer is, in Your possession, custody, or control, or is known to You but is no longer in existence or not within Your custody, state whether it is:

(a) missing or lost;

(b) destroyed;

Exhibit B

(c) transferred (voluntarily or involuntarily) to others; or

(d) disposed of in some other manner.

In each instance, explain in detail the circumstances surrounding the disposition of the Document, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such Document including:

(a) the type or character of the Document (*e.g.*, letter, memorandum, signed statement, notes, etc.);

(b) title, if any, of the Document;

(c) the name and address of the author of the Document;

(d) the name and address of the recipient of the Document, if any;

(e) the names and addresses of all recipients of copies of the Document, if any;

(f) all information contained in each such Document;

(g) the date and circumstances under which each such Document ceased to exist or to be in Your possession, custody, or control;

(h) the time period during which each such Document was maintained;

(i) the location of each such Document; and

(j) the person or persons from whom each such Document may be obtained.

2. If You object to any of the definitions or instructions, state your objection(s) in Your response and indicate whether You are complying with the direction or instruction in spite of Your objection. If Your objection goes to only part of a request, produce all Documents which do not fall within the scope of Your objection.

3. You must produce the Documents requested below as they are kept in the usual course of business or must organize and label them to correspond with the categories in the

request.

4. Without in any way limiting the definition of Documents contained in the Federal Rules of Civil Procedure and the Court's Local Rules, you are specifically instructed to search all Document management systems, computer archives, and/or backup tapes or disks for Documents responsive to the following requests, and production of such Documents should be made regardless of whether such Documents exist in tangible or "hard" copy form. Your search should be consistent with the agreed upon Order Regarding Discovery of Hard Copy Documents and Electronically Stored Information to be entered in this case. Production is also sought regardless of whether the user purported to "delete" the Document, if such Document is capable of being retrieved from archives and/or backup tapes or disks.

5. If the requested Documents are maintained in a file, please produce the file folder or container with the Documents.

6. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9. The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

Exhibit B

10. In responding to this Request, You are required to produce all Documents known or reasonably available to You, regardless of whether such Documents are in Your possession, custody, or control or in the possession, custody, or control of Your agents, consignees, representatives or investigators, including Your attorneys or their agents, employees, representatives, or investigators. This request is continuing, and Your production must be supplemented to the extent required by law and the applicable rules.

11. For documents redacted or withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, You shall provide Plaintiffs a privilege log in compliance with Federal Rule 26(b)(5) and Local Rule 26.2 no later than the deadline for serving responses to these discovery requests. To the extent You conclude in good faith that You will be unable to provide the privilege log within the applicable period set forth above, You must promptly and in advance of the relevant deadline notify Plaintiffs in order to meet and confer to determine the earliest practicable time You can provide privilege log(s). The privilege log(s) described above shall conform to the terms of the Order Regarding Discovery of Hard Copy Documents and Electronically Stored Information to be entered in this case and shall contain a description of the privilege claim asserted (e.g., attorney-client privilege and/or work product), a list of all persons who were present to the conversation and their relationships to Apple, and all documents that you will rely upon to show that privilege is appropriate.

## REQUESTS FOR PRODUCTION

1. Documents identified in Defendant's Reponses to Plaintiffs' First Set of Interrogatories and all Documents referred to or relied on by Defendant in drafting Defendant's Responses to Plaintiffs' First Set of Interrogatories.

Exhibit B

2. Documents sufficient to fully describe the technology underpinning Apple's:

- Collection,
- Capture,
- Conversion,
- Storage,
- Sharing,
- Use, and
- Possession

of data pertaining to Facial Recognition or Photo Sorting Features performed by or within the Photos app.

3. Documents sufficient to fully describe the technology underpinning Apple's:

- Face detection
- Alignment
- Representation
- Classification
- Machine Learning,
- Recognition, and
- Clustering of photos

for purposes of identifying individuals in photos in the Photos app.

4. Documents sufficient to fully describe the technology underpinning Apple's identification, extraction, and analysis of location of fiducial points (eyes, ears, nose, mouth, chin, etc.) and distances between them.

5. Documents that identify the specific hardware that participates in the collection, capture, possession and storage of biometric data on all of Your devices that perform Facial Recognition or have Photo Sorting Features.

6. All documents that describe Your software, algorithms and machine learning involved in Photo Sorting Features in the Photos app.

7. Documents that describe the hardware and software technology enabling the storage of data pertaining to facial recognition on an Apple Device's solid-state chip, including a discussion of the location of the data.

Exhibit B

8. Documents sufficient to fully describe how Apple's technology used by the Photos App processes human faces.

9. Documents sufficient to fully describe the structure of the Photos App.

10. All technical specifications, architectural specifications, and API documents describing the functioning of the Photos App.

11. All source code for the Photos App and its facial recognition features in iOS 10 released to the public, plus all versions of the source code that incorporate any material changes identified in response to Interrogatory 9. All source code must be in its original and native form (including comments).

12. Documents sufficient to fully describe Apple's architecture for the Photo Sorting Features used in the Photos app.

13. All internal presentations on Apple's technology used in the Photos App for processing human faces.

14. All internal wiki pages on Apple's technology used in the Photos App for processing human faces. The wiki pages must be in their original and native form with the ability to use the links.

15. All internal engineering correspondence on Apple's technology for processing human faces in the Photos App.

16. Documents sufficient to fully describe the development of the patents identified in response to Interrogatories, including internal communications regarding such patents.

17. All statements and communications concerning the functionality of the People folder in the Photos App.

18. Documents sufficient to fully describe any material changes to (1) the Photo Sorting Features or (2) the data retention or functionality of People albums in the Photos App since 2016.

19. Documents sufficient to fully describe the durability of the solid-state chip and its ability to preserve data related to facial recognition stored therein when exposed to extreme temperatures, drops, and/or water.

20. All documents that contain statements concerning the durability of the memory upon which Photos App data is stored on Apple Devices, including but not limited to temperature ratings, drop durability and exposure to water.

21. All public statements concerning Facial Recognition technology, including but not limited to keynote addresses, advertisements and scientific publications.

22. All documents that describe the technology that explain how, when iCloud is on, the people who are tagged or named stays up do date across Apple devices.

23. All statements and communications by You or in your possession about the ability or potential ability of end users to enable or disable the Photo Sorting Features in the Photos app, including statements made before, during, and after the development of the Photos app.

24. All documents that relate to any security measures You take to protect biometric data on Apple Devices.

25. All depositions or recorded statements of Apple employees, directors, or officers relating to facial recognition, biometric data, BIPA, or the patents underpinning the Photo Sorting Features.

26. All documents relating to security breaches of Apple Devices over the past 10 years.

Exhibit B

27. All statements and communications by You about local versus cloud storage of Photos App data.

28. All statements and communications by You or in your possession about the risks of locally stored information.

29. All statements made by Apple employees, contractors and affiliates, related to the facial recognition/ machine learning/ clustering abilities of the Google Photos app. to sort and group photos by the face of the individual.

30. All communications and documents in your possession referencing the durability of the solid-state chip and its ability to preserve data pertaining to the Facial Recognition operations or Photo Sorting Features performed by or within the Photos App stored therein when exposed to extreme temperatures, drops, and/or water.

31. Documents sufficient to identify all Illinois residents who purchased Apple Devices that contained the Photos App from June 13, 2016 to the present.

32. Documents sufficient to identify all Illinois residents and other persons in Illinois who executed End User License Agreements (EULAs) or other agreements in connection with the Photos App.

33. All agreements between Apple Device users and You, in effect from June 13, 2016to the present, including all drafts of same, including, but not limited to: (1) all End User License Agreements (EULAs) for all Apple Devices; (2) all EULAs for the Apple Photos app; (3) all EULAs for all other Apple software included with Apple Devices;(4) any and all terms of service regarding Apple Devices or their software; (5) all contracts or terms of sale used by Apple with purchasers of Apple devices; (6) all click-through, click-wrap, or similar agreements made available or used by Apple on any of its websites accessible to consumers or the public.

34. All terms of use, privacy policies, or similar documents publicly available on any Apple website accessible to consumers or the public.

35. All user documentation for the Photos App.

36. All historical versions of Apple's data retention and destruction policy, notifications to users, and relevant help site pages from the date of BIPA's enactment to the present.

37. All retention schedules for Biometric Data from the date of BIPA's enactment to the present.

38. All documents indicating attempts at, or evaluation of, Your compliance with data retention and/or destruction schedules referenced in BIPA section 15(a).

39. All notices You provided to Plaintiffs and the putative class pursuant to BIPA section 15(b)(1)–(2).

40. All releases executed by Plaintiffs and the putative class pursuant to BIPA section 15(b)(3).

41. All documents promoting Apple Devices that advertise or otherwise refer to the People and Places feature of the Photos app.

42. All documents relating to Your compliance efforts with respect to BIPA.

43. All statements by or to Apple concerning compliance with BIPA from 2007 until present, including communications with counsel and third parties.

44. All public statements made by You with respect to BIPA, whether pre- or post-enactment, and whether made in press release, in response to press inquiry, or in sworn or unsworn testimony, such as in a state or federal court, or in front of a state or federal investigative, enforcement, or consumer protection agency or tribunal, or legislative body.

Exhibit B

45. All documents relating to Your lobbying activities, if any, with respect to the proposal, enactment, or enforcement of BIPA.

46. All documents relating to Apple's lobbying activities, if any, with respect to the proposal, enactment, or enforcement of the California Consumer Privacy Act (CCPA).

47. All documents relating to Apple's compliance efforts with respect to the CCPA.

48. All documents relating to any internal analyses of BIPA and BIPA's possible legal, financial, or technological effects on the promotion, sale, or use of Apple Devices to or by Illinois-resident owners.

49. All documents relating to Interrogatory 16.

50. All documents relating to Interrogatory 17.

51. All statements made by or received by Apple employees, officers, managers, directors, contractors and affiliates concerning BIPA, including statements from counsel.

52. All documents that you intend to use to support any assertion of privilege.

53. All documents related to the gross income and profits from Apple Devices containing the Photos app, including desktop and laptop computers, that Apple received from Illinois residents each fiscal year from June 13, 2016 to present.

54. Documents sufficient to identify Apple's market share with respect to smartphones, tablets, laptops, and desktops.

55. All statements concerning monies and/or profits that might be made as a result of the Photos app functions that are the subject of this lawsuit.

56. All other documents that You intend to use in Your defense.

Exhibit B

## CERTIFICATE OF SERVICE

    I hereby certify that I served this document on all counsel for all parties via electronic mail on January 21, 2021.

                              /s/  Nathan Emmons

Exhibit B