IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE by and through next friend John Doe, RICHARD ROBINSON, and YOLANDA BROWN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | No. 3:20-cv-00421-NJR |

## PLAINTIFFS' UNOPPOSED MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs request leave to amend their complaint to include additional factual allegations based on new information obtained during discovery supporting their Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA") claims. Defendant does not oppose Plaintiffs' amendment. Plaintiffs should be granted leave because this case is at an early stage of discovery, and there is no undue delay, bad faith, dilatory motive, or unfair prejudice associated with the proposed amendment.

### BACKGROUND

**A.    Procedural History**

Plaintiffs filed their complaint on March 4, 2020 in St. Clair County Circuit Court. ECF No. 1-1. Plaintiffs allege that Defendant violated sections 15(a)–(c) of BIPA, by collecting, possessing, and profiting from their biometric data. *Id*. Count I alleged that Defendant violated section 15(b) by collecting Plaintiffs' biometric data without notifying Plaintiffs in writing and obtaining informed consent. Count II alleged that Defendant violated section 15(a) by

possessing Plaintiffs' biometric data without creating and following a written policy with retention schedules and destruction guidelines. Count III alleged that Defendant violated section 15(c) by profiting from Plaintiffs' biometric data.

On May 6, 2020, Defendant removed the complaint to this Court. ECF No. 1. On June 12, 2020, Defendant moved to dismiss all counts. ECF No. 19. This Court denied Defendant's motion to dismiss as to all three counts on November 12, 2020, and remanded Counts II and III to the St. Clair County Circuit Court. ECF No. 26. On January 22, 2021, the U.S. Court of Appeals for the Seventh Circuit vacated and remanded the case to the district court for reconsideration in light of two newly issued opinions. *Hazlitt v. Apple*, No. 20-8033, 2021 WL 2451296, at *1 (7th Cir. Jan. 22, 2021). Thereafter, this Court again denied Defendant's motion to dismiss as to all three counts, and remanded Count III to the St. Clair County Court for a second time. ECF No. 64. On July 28, 2021, the U.S. Court of Appeals for the Seventh Circuit denied Defendant's petition for leave to appeal the district court's denial of Defendant's motion to dismiss and remand of Count III to the St. Clair County Court. *Hazlitt v. Apple*, No. 21-8019 (7th Cir. Jul. 28, 2021).

On December 1, the Court ordered Plaintiffs to file their amended complaint by December 14, 2021. ECF No. 90. Plaintiffs now file this motion for leave to amend, which Defendant does not oppose.[1]

---

[1] The parties have met and conferred regarding the filing of this motion. While Defendant does not oppose this motion, it has requested that Plaintiffs include the following statement: Defendant "has not agreed to waive, and expressly reserves, all other rights, objections, and arguments, including with respect to a motion to dismiss any amended complaint, [Defendant's] objections to discovery, and [Defendant's] positions with respect to scheduling matters."

**B.     This Case Is at an Early Stage of Discovery**

Discovery in this case is at an early stage. While the case has been pending since March 2020, discovery was delayed because of Defendant's two unsuccessful Seventh Circuit appeals, as well as the parties' discovery disputes. *See, e.g.*, ECF No. 74 (Plaintiffs' motion to compel). The parties still have yet to agree on search terms and custodians, as required by the Court's order for the production of electronically stored information on June 15, 2021. ECF No. 67. No depositions have been scheduled or taken. Expert discovery has not commenced.

**C.     The Additional Factual Allegations in the Proposed Amendment Complaint**

Plaintiffs' proposed Amended Complaint ("PAC") is substantially identical to the currently operative complaint, ECF No. 1-1, except that it (i) includes additional factual allegations in support of the violations Plaintiffs allege, based on discovery conducted to date; and (ii) eliminates the section 15(c) claim that is no longer pending in this Court.[2] *See generally* PAC (submitted to the Court via email per Local Rule 15.1, along with a blackline). Plaintiffs' new factual allegations rely on newly discovered facts that Plaintiffs have identified during their review and analysis of documents recently produced by Defendant. The PAC does not add any new claims.

The PAC differs from the current complaint in three limited ways. *First*, the PAC clarifies and adds detail to Plaintiffs' allegations that Defendant collects and stores biometric information on its servers in addition to locally on users' Apple devices. PAC ¶¶118–157.[3]

---

[2] Plaintiffs also seek amendment of their complaint in the state court, reflecting that the sole count pending in that court is Plaintiffs' section 15(c) claim, and similarly adding additional facts supporting Plaintiffs' claims.

[3] In the original complaint, Plaintiffs did not allege whether Defendant does or does not collect and possess their biometric data on its servers because Plaintiffs did not have access to that information. ECF No. 1-1 at ¶105 (alleging that Defendant does not store "*all* user Biometric Data" on its servers) (emphasis added)).

3

*Second*, the PAC clarifies and adds detail to Plaintiffs' allegations regarding how Defendant uses the biometric data at issue for purposes of identifying individuals. *Id.* at ¶¶65–73, 108–117. And *third*, the PAC omits Plaintiffs' section 15(c) claim, because that claim is now pending solely in state court.

## ARGUMENT

The Court should grant Plaintiffs' unopposed motion for leave to amend their complaint because the Federal Rules of Civil Procedure contain a permissive amendment standard and the relevant factors overwhelmingly support allowing an amendment. Pursuant to Rule 15(a)(2), leave to amend shall be freely given "when justice so requires" – and that "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). This liberal rule gives effect to the federal policy supporting "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman*, 371 U.S. at 181–82 (internal citations omitted). Accordingly, "leave to file . . . [an] amended complaint should be granted liberally[.]" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

As the Seventh Circuit has made clear, a district court is *required* "to allow amendment unless there is a good reason – futility, undue delay, undue prejudice, or bad faith – for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015). A district court must therefore allow a proposed amendment unless (i) the proposed amendment is unduly prejudicial to the opposing party, (ii) the movant has unduly delayed in amending, (iii) the movant is acting in bad faith, or (iv) the proposed amendment would be futile. *Id*. Here, because all of the relevant factors strongly support granting Plaintiffs leave to amend, the Court should grant Plaintiffs' motion.

I.     **Plaintiffs' Proposed Amendment Will Not Prejudice Any Party**

Granting Plaintiffs leave to amend will not prejudice any party. While a party may be prejudiced by the filing of an amended pleading where the party seeking to amend has changed a critical legal theory at the eleventh hour in a way that the other side could not have foreseen, there is no prejudice associated with an amendment early in discovery that adds new allegations or legal theories. *See, e.g.*, *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (counter-defendant not prejudiced by proposed amended pleading asserting alternate legal theory during second round of summary judgment briefing); *see also Brooks v. HSHS Med. Grp., Inc.*, No. 18-1097-NJR-GCS, 2019 WL 2139993, at *1 (S.D. Ill. May 16, 2019) (granting motion for leave to file third amended complaint); *Lariviere v. Bd. of Trs. of S. Ill. Univ.*, No. 16-1138-DRH, ECF No. 50 (S.D. Ill. Mar. 30, 2017) (granting leave to amend in part because the newly added "claim . . . is based on similar facts contained in the previous complaints"); *Triteq Lock & Sec. LLC v. Innovative Secured Sols., LLC*, No. 10-1304, 2011 WL 3203303, at *2 (N.D. Ill. July 21, 2011) ("nothing improper" about amending complaint after "acquiring new evidence through discovery").

Here, Plaintiffs' additional allegations are narrowly tailored and arise from the same set of operative facts described in the original complaint, concern the same subject matter as the original complaint, and arise from the same conduct that is alleged in the original complaint. *See, e.g.*, PAC ¶¶ 65, 67–71. As in the original complaint, the PAC alleges that, through its Photos App, Defendant collects and possesses Plaintiffs' biometric data without complying with the informed written consent and public disclosure requirements of BIPA sections 15(a) and 15(b). *See generally*, PAC. Accordingly, granting Plaintiffs leave to file their amended complaint would cause Defendant no prejudice. *Triteq*, 2011 WL 3203303, at *2.

Moreover, this case is still at an early stage, as the parties have taken no depositions or

5

served expert reports, no motion for class certification has yet been filed, and discovery is ongoing. Under these circumstances, no prejudice to any party would result from an amendment.

## II. Plaintiffs Have Not Delayed in Amending

The Court should grant Plaintiffs' motion because they have not delayed in seeking to amend. Indeed, while Plaintiffs seek leave to amend shortly after obtaining new information in discovery, even if they had delayed, "[d]elay alone is not a reason to deny a proposed amendment, and that delay must be coupled with some other reason, such as prejudice to the defendants." *King v. Kramer*, 763 F.3d 635, 644 (7th Cir. 2014) (punctuation and citation omitted). "In assessing a motion for leave to amend for undue delay, '[t]he underlying concern is the prejudice to the defendant rather than simple passage of time.'" *In re: First Farmers Fin. Litig.*, No. 14-7581, 2016 WL 212936, at *4 (N.D. Ill. Jan. 19, 2016) (quoting *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014)).

Here, Plaintiffs seek leave to amend before any depositions have been scheduled or taken place, before class certification briefing, while discovery is ongoing, before the parties have agreed on search terms and custodians, and before any expert discovery. The additional allegations in the PAC arise from newly discovered facts that Plaintiffs have identified during their review of documents recently produced. There is no delay, undue or otherwise, under these circumstances that justifies denial of leave to amend. *See, e.g.*, *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (six-month delay following defendants' production of documents revealing the need for amended complaint was not undue delay, in part because "[i]t takes some time for parties to review and analyze the documents that they receive in discovery"); *Valero Mktg. & Supply Co. v. Southcap Pipe Line Co.*, No. 06-CV-623-DGW, 2009 WL 10690361, at *2 (S.D. Ill. Jan. 29, 2009) (ongoing discovery disputes between the parties may

excuse delay in amendment); *see also* Charles Alan Wright & Arthur R. Miller, 6 *Fed. Prac. & Proc. Civ.* § 1488 (3d ed.) (courts grant leave to amend "at various stages of the litigation . . . .includ[ing] *following* discovery" (emphasis added)).

### III. Plaintiffs' Proposed Amendment Is Not Futile or Made in Bad Faith

The Court should also grant leave to amend because Plaintiffs' unopposed proposed amendment is neither futile nor made in bad faith. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Kraft Foods Grp., Inc. v. AFS Techs., Inc.*, No. 14-5104, 2015 WL 3825881, at *1 (N.D. Ill. June 18, 2015); *see also Runnion,* 786 F.3d at 524 (district court erred by finding that amendment would be futile where the proposed amended complaint "did not fail to state a claim upon which relief could be granted").

Plaintiffs' proposed amendment is neither insufficient nor frivolous. The PAC adds no new claims; it merely adds additional factual allegations, based on new discovery, to supplement those in the original complaint. The new factual allegations strengthen Plaintiffs' claims to be presented at trial. Moreover, the claims in the PAC have already survived Defendants' motion to dismiss and two attempts by Defendant to seek interlocutory review in the Seventh Circuit. The Court should, accordingly, grant Plaintiffs' motion.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion for leave to amend.

Dated:  December 14, 2021                                Respectfully submitted,

/s/ Andrew D. Schlichter
Jerome J. Schlichter
Troy A. Doles
Andrew D. Schlichter
Alexander L. Braitberg
Nathan H. Emmons
SCHLICHTER BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
tdoles@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
nemmons@uselaws.com

and

Christian G. Montroy
MONTROY LAW OFFICES, LLC
2416 North Center
P.O. Box 369
Maryville, IL 62062
Telephone: (618) 223-8200
Fax: (618) 223-8355
cmontroy@montroylaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 14, 2021 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                                      /s/ Andrew D. Schlichter