IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE by and through next friend John Doe, RICHARD ROBINSON, and YOLANDA BROWN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:21-CV-421-NJR |

# ORDER ADOPTING REPORT AND RECOMMENDATIONS

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendations of Special Master Randi S. Ellis regarding a request for clarification made by Defendant Apple Inc. ("Apple"). (Doc. 140). Pursuant to the Special Master's request, Apple conducted a review of a random sample of 500 documents from the population of documents to be reviewed pursuant to the approved Technology Assisted Review (TAR) protocol. Upon review, Apple indicated 14 documents in the set were relevant and would be produced, 451 documents were not relevant and would not be produced, and 35 documents were dependent on the Special Master's determination as to the scope of relevance and the role of proportionality in this matter. Apple also argued that any benefit to identifying and producing documents like the 35 in the sample set would be outweighed by the burden of the incremental human review that Apple could be required to undertake as part of the TAR protocol.

Upon reviewing the 35 documents *in camera* and considering the parties' arguments, Special Master Ellis recommends that the first email within Document 2, as well as Documents 3, 6, 8, 9, 10, 11, 14, 15, 17, 20, 21, 27, 29, 30, and 32, be produced because they contain relevant information with respect to the claims in this case, are proportional to the needs of the case, are not unreasonably duplicative, and cannot be obtained from another more convenient or less burdensome source.

Special Master Ellis further recommends that the remainder of Document 2, as well as Documents 1, 4, 5, 7, 12, 13, 16, 18, 19, 22, 23, 24, 25, 26, 28, 31, 33, 34, and 35, need not be produced on the basis of Apple's objections. Specifically, Apple objected that the documents relate to: other or potential future products and features; testing that is not relevant to the claims or defenses in this case; software bugs that are not relevant to the claims or defenses in this case; or user interface decisions. To the extent Apple makes determinations consistent with Special Master Ellis's determinations, she recommends that Apple's objections to the production of such documents be upheld, and the documents need not be produced. Finally, the Special Master recommends that Apple apply this guidance to the documents for the purposes of TAR review.

Objections to the Report and Recommendation were due October 25, 2022, but neither party filed an objection. When timely objections are filed, the Court must undertake *de novo* review of the Special Master's findings of fact and conclusions of law. FED. R. CIV. P. 53(f)(3), (4). But where no objections are filed, the Court is free to adopt the Special Master's recommendations. *Id.*

Finding no error in the Special Master's report (Doc. 140), the Court hereby **ADOPTS** her recommendations in full. Apple is **ORDERED** to produce the documents identified by Special Master Ellis. Apple's objections to the remainder of the documents are **SUSTAINED**. Apple is **DIRECTED** to apply the Special Master's guidance to the documents for the purposes of TAR review.

**IT IS SO ORDERED.**

DATED:   December 22, 2022

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**