IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANE DOE, by and through next friend JOHN DOE, RICHARD ROBINSON, YOLANDA BROWN, JONATHAN LEBLOND, ANGELA STEVENS, and PATRICIA ORRIS, on behalf of themselves and all other persons similarly situated,**<br><br>**Plaintiffs**,<br><br>v.<br><br>**APPLE INC.,**<br><br>**Defendant.** | Case No. 3:20-CV-421-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are three motions filed by Defendant Apple Inc. ("Apple") to maintain under seal certain information that it designated as "Protected Material" pursuant to the Protective Orders entered in this case. (Docs. 199, 208, 217). Plaintiffs oppose the motions, arguing that Apple has failed to meet its burden of demonstrating good cause for keeping the information sealed. (Docs. 203, 218, 223).

"Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). This presumption allows "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Id.* The Seventh Circuit has held that "[s]ecrecy is fine at the discovery stage, before the material enters

the judicial record." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). "But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.; see also City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (presumption that court documents are public can be rebutted if the records contain trade secrets or "if a statute, rule, or privilege justifies confidentiality"). While genuine trade secrets may be sealed long-term, "most portions of discovery that are filed and form the basis of judicial action must eventually be released." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Because of the strong presumption toward public disclosure of court files and documents, the burden is on the party seeking confidentiality to show good cause for keeping the documents from public view. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018). "The determination of good cause cannot be elided by allowing the parties to seal whatever they want . . . The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Here, Apple contends that the materials it seeks to keep sealed contain confidential and competitively sensitive information regarding the planning, development, design, and operation of Apple's Photos app, various functions related to the Photos app and other software, Apple's related internal processes, and source code related to the Photos

app. Apple asserts that public disclosure of these materials could reveal proprietary research or technical information about its products or their development, as well as its internal procedures and processes, which could result in prejudice to Apple if disclosed to third parties. Apple has provided the Court with a copy of each document and its proposed redactions, as well as a chart that identifies why it believes each document or portion thereof should remain sealed.

Plaintiffs, in response, contend that Apple has not analyzed, in detail, why each of its proposed redactions should remain sealed from public view and, instead, refers to boilerplate reasons such as "confidential and proprietary business information and technical information related to its intellectual property" or "source code." Plaintiffs also argue that Apple has neither identified what the "proprietary business information" or the "technical information" that must be protected consists of, nor has it attempted to demonstrate that the information it seeks to seal constitutes trade secrets. (*Id.*). Furthermore, they argue, Apple does not dispute that the information in the exhibits will influence the Court's decisions on *Daubert* motions and class certification. (*Id.*). Thus, they should be available to the public.

The Illinois Trade Secrets Act, 765 ILCS 1065/2(d)(1)–(2), provides the following definition of "trade secret":

> (d) "Trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
> > (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain

    economic value from its disclosure or use; and

    (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

*Hillman v. Toro Co.*, No. 4:21-CV-04081-SLD-JEH, 2024 WL 4353032, at *18–19 (C.D. Ill. Sept. 30, 2024) (citing 765 ILCS 1065/2(d)(1)–(2); *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 587–88 (N.D. Ill. 2004) (using the Illinois Trade Secrets Act definition of "trade secret" to evaluate whether certain parts of the record should be sealed)).

  The Court has reviewed each proposed redaction and the contents of the full documents Apple would like to remain sealed, as well as its asserted rationale for keeping the information sealed.[1] Some of the materials that Apple seeks to keep sealed consist of information related to Apple's intellectual property, research and development, and source code (in addition to Plaintiffs' PII) that, if disclosed, could allow others to obtain a competitive and economic advantage. On the other hand, other documents contain general statistics about Apple's customer base in Illinois, publicly available information about the Photos app, or other materials that simply do not constitute trade secrets.

  Thus, for good cause shown, and out of an abundance of caution, the Court **GRANTS in part and DENIES in part** Apple's motions to maintain certain information under seal. (Docs. 199, 208, 217). The Court will maintain the seal over the documents Apple identified, with the exception of the following documents that the Court has determined do not contain trade secrets or any proprietary business information:

---

[1] Apple also seeks to maintain under seal certain portions of its brief and exhibits to its Motion to Strike Plaintiffs' Untimely June 27, 2024 Expert Opinions. (Docs. 196, 197). However, Apple has since withdrawn its Motion to Strike. Because the motion has been withdrawn, the Court **DENIES as moot** Apple's motion to maintain the seal over the documents in Doc. 197. (*See* Doc. 199 at pp. 10-11).

- Doc. 177-1
- Doc. 177-11 and Doc. 194-2
- Doc. 194
- Doc. 194-3
- Doc. 194-4
- Doc. 206 – with the exception of the redactions in footnote 1
- Doc. 211 and Doc. 213
- Doc. 213-1
- Doc. 213-2

The Court will revisit the propriety of maintaining the seal over this information at the conclusion of the case.

Finally, as to Plaintiffs' Motion to Compel Defendant to Remove Its Blanket Confidentiality Designations (Doc. 180), the Special Master informed the Court that the Parties have been directed to meet and confer with each other and with the Special Master on this issue prior to trial. Accordingly, Plaintiff's motion (Doc. 180) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  March 28, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**