# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE et al., | |
| *Plaintiffs*, | |
| v. | No. 3:20-cv-00421-NJR |
| APPLE INC., | |
| *Defendant*. | |

**REPLY IN SUPPORT OF PLAINTIFFS'**
**SUPPLEMENTAL MOTION TO CERTIFY CLASS**

## TABLE OF CONTENTS

I.  Defendant continues to raise false issues that are irrelevant to BIPA liability. ............... 1

II.  Extraterritoriality, potential defenses, and damages do not defeat predominance. .......... 3

III.  Plaintiffs satisfy commonality, typicality, and adequacy (Rule 23(a)(2)–(4)) ................. 4

IV.  A class action is superior to individual actions (Rule 23(b)(3)) ....................................... 5

CONCLUSION ................................................................................................................................ 5

Defendant's new opposition admittedly raises "the same" makeweight objections as its prior opposition. Supp. Opp. at 1 (Doc. 272). For the reasons stated in Plaintiffs' reply, Doc. 213, and others below, the Court should reject Defendant's opposition to certifying the proposed iCloud Faceprint Subclass.

## I. Defendant continues to raise false issues that are irrelevant to BIPA liability.

To determine predominance, the Court assesses whether "the substantive elements of plaintiffs' cause of action" are susceptible to common proof. *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019). Each of Plaintiffs' three proposed subclasses will establish each element of their BIPA section 15(a) and 15(b) claims with common proof regarding the operation of Defendant's software and its failure to comply with BIPA's notice and consent requirements. Doc. 177-1, Mot. Certify at 8–12 ("Mot."); Doc. 243, Supp. to Mot. Certify at 7–10 ("Supp.").

Although Defendant's first opposition sought to manufacture a variety of purportedly individualized questions, Opp. at 7 (Doc. 191), Plaintiffs showed that those issues do not pertain to any element of their claims, Reply at 1–6 (Doc. 213). Four of the questions cited by Defendant pertain to the criteria for class membership, which are irrelevant to predominance because anyone who is not a class member (*i.e.*, persons who did not use a device/software to take/store pictures during the class period) is beyond the scope of Rule 23(b)(3). Reply at 1–2; *see* Fed. R. Civ. P. 23(b)(3) ("the questions of law or fact common to *class members*" must predominate) (emphasis added). The remaining three questions in Defendant's prior opposition depend on the mistaken premise that the existence of a "biometric identifier" depends on whether a user labels the People album with a first and last name. Reply at 3–4. The Court already rejected this interpretation of "biometric identifier" as "too narrow," *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 748–49 (S.D. Ill. 2020), and Defendant offers no compelling reason to depart from the law of the case, *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 701–02 (7th Cir. 2024). Other courts have similarly

1

concluded that data is subject to BIPA if it is *capable* of identifying a person. Reply at 4.[1] Thus, questions regarding People album labeling are legally irrelevant to the elements of BIPA liability.

Defendant's supplemental opposition doubles down on the same flawed arguments. It continues to assert that liability somehow turns on whether each member labeled a People album with a first and last name. Supp. Opp. at 9. That argument fails for the reasons just discussed. *See supra*, pp. 1–2. Defendant further contends that the iCloud Faceprint subclass implicates individualized questions as to whether each member (1) installed the Sync update, (2) had at least 5,000 photos/videos, (3) had at least 10GB of storage, and (4) later disabled or stopped using the software. Supp. Opp. at 10. As with Defendant's original opposition, these questions have nothing to do with the substantive elements of any cause of action, and are thus irrelevant to predominance. The first three questions are criteria for class membership; any individual who did not install the update or have the requisite photos or storage is not a class member at all, and thus beyond the scope of Rule 23(b)(3). *See supra*, p.1. As to the fourth question, if a member installed the update such that her faceprint was uploaded to Defendant's servers, the fact that she may have later disabled the feature would not negate Defendant's liability. Defendant cites no contrary authority.

Defendant further contends that synced data is beyond its control and that "the so-called 'faceprint' is not a scan of face geometry." Supp. Opp. at 9–10. These asssertions go solely to the merits and are thus irrelevant to class certification. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class

---

[1] Plaintiffs' evidence overwhelmingly shows that the faceprints and feature maps that Apple Photos collects can be used to identify individuals. *E.g.*, Braitberg Decl. Ex. 5 (Supp. Rebuttal Report of Atif Hashmi, Ph.D., Sept. 12, 2025); Reply at 5. Thus, establishing that the data at issue constitutes a "biometric identifier" can be accomplished through common proof. *Id*. at 5–6.

certification are satisfied."). While Plaintiffs will present contrary evidence at summary judgment and trial, if Defendant were correct that "[t]here is no BIPA violation" because it does not collect or possess scans of face geometry, Supp. Opp. at 20, such a finding would apply to the entire class and would not transform that common question into an individualized question. *Amgen*, 568 U.S. at 467–68 (finding "no risk whatever that a failure of proof" on a key element would "result in individual questions predominating," as failure to prove the element "would end the case for one and for all; no claim would remain in which individual . . . issues could potentially predominate").

**II.     Extraterritoriality, potential defenses, and damages do not defeat predominance.**

Defendant repeats its prior arguments that individualized "extraterritoriality" questions, affirmative defenses, and damages defeat predominance. Opp. at 8–13; Supp. Opp. at 10–14. These arguments fail for reasons previously discussed. Reply at 7–10; *see Patel v. Facebook, Inc.*, 932 F.3d 1264, 1275–76 (9th Cir. 2019) (rejecting identical extratteritoriality argument).

Defendant cites nothing to undermine *Patel*'s conclusion that the threshold extraterritoriality issue "can be decided on a class-wide basis." 932 F.3d at 1276. While Defendant notes that some Plaintiffs took photos while on vacation, it cites no evidence that the relevant conduct of even a *single class member* occurred "*primarily and substantially*" outside of Illinois (assuming *arguendo* that the consumer's actions are even relevant to the defense, which Plaintiffs dispute). In short, the speculative and remote possibility that some "Illinois citizen" engaged in relevant activities primarily in other states cannot defeat certification. Reply at 7; *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 587 (N.D. Ill. 2018) (merely raising a "vague possibility" cannot defeat certification).

Defendant's purported defenses are also no barrier to certification.[2] In *Gorss*, the consent

---

[2] Defendant wrongly asserts that "even a single" individualized defense defeats certification. Supp. Opp. at 12. If "the mere availability" of such a defense defeated predominance, "defendants would have an automatic means to deny certification of virtually any class action. That is not the law." *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 388 (N.D. Ill. 1999).

3

defense was "the key issue to be resolved," and thus caused individualized issues to predominate. *Gorss Motels, Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 840 (7th Cir. 2022). In contrast, Defendant's purported defenses of waiver, consent, and failure to mitigate are not even legally viable, let alone "key" issues. Indeed, even though Plaintiffs noted Defendant's prior failure to cite any authority recognizing such defenses under BIPA, Reply at 8–9, Defendant still fails to cite any such case, Supp. Opp. at 13 (citing non-BIPA cases). Tellingly, Defendant has no response to Plaintiffs' arguments that waiver and implied consent are inconsistent with BIPA's *written* consent requirements, and mitigation is incompatible with liquidated damages. Reply at 8–9.

Defendant's renewed damages argument continues to ignore that BIPA's damages regime focuses on the *defendant*'s conduct, which necessarily involves common proof. Reply at 9–10.

**III.  Plaintiffs satisfy commonality, typicality, and adequacy (Rule 23(a)(2)–(4))**

Because commonality is subsumed within the more stringent predominance requirement, Plaintiffs' predominance showing also necessarily satisfies commonality. Reply at 10. Defendant's suggestion (Supp. Opp. at 14–15) that part of the "datablob" involved in the Sync Update is inaccessible to Defendant is purely a merits issue, and can only be resolved with common proof.

Defendant's commonality and typicality arguments continue to rely on the faulty premise that the existence of "biometric identifiers" depends on how class members labeled People albums, Supp. Opp. at 15, which fails for the reasons discussed. *See supra*, pp. 1–2.

Defendant repeats its prior assertion that the named Plaintiffs are "at odds with" class members who labeled their People albums or never used the app, ceased using it, or never enabled iCloud photos. Opp. at 14; Supp. Opp. at 15. People "who never used the app" or enabled iCloud photos are not members of the subclass, so they are not at odds with the proposed representatives. Reply at 11. And Defendant's predominance argument that "each putative class member" may be subject to consent/waiver defenses based on continued use of the app forecloses its typicality

4

argument that such defenses are somehow "unique" to the named Plaintiffs. Reply at 10–11.

Defendant's assertion (at 18) that the new proposed representatives are inadequate because the case is supposedly "driven by the lawyers" is legally invalid. Laypersons are expected to rely on "competent and experienced counsel," particularly in complex matters such as this. Reply at 11–13; *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). Given the highly technical subject matter and the specialized nature of privacy law and civil procedure, it is hardly surprising that Plaintiffs may have had difficulty explaining their legal claims in detail or describing how facial recognition technology "fully works." *See* Supp. Opp. at 19–20. Nevertheless, each of the proposed representatives demonstrated a basic understanding of their claims and responsibilities as class representatives and a commitment to participating in the litigation. Braitberg Decl., Exs. 1–4. Nothing more is required. Reply at 12–13. Defendant relies on inapposite cases in which plaintiffs were found inadequate for lying to the court, *Physicians Healthsource, Inc. v. Allscripts Health Sols. Inc.*, 254 F. Supp. 3d 1007, 1023–29 (N.D. Ill. 2017), or not reviewing a complaint until four years after it was filed, *Duron v. Unifocus (Texas), L.P.*, No. 18-6479, ECF 197, Tr. at 22:17–26:7 (N.D. Ill. Dec. 12, 2024). There is nothing like that here.

## IV.     A class action is superior to individual actions (Rule 23(b)(3))

Defendant's repeat superiority arguments fail for reasons discussed previously. Reply at 14–15. While Defendant disputes that it has the information needed to identify class members, Supp. Opp. at 16–17, its failure to "maintain records of the relevant transactions" is not a basis to deny certification. *Mullins v. Direct Dig., Ltd. Liab. Co.*, 795 F.3d 654, 668 (7th Cir. 2015). Because Defendant will have an opportunity to challenge self-identifying class members during the damages phase, its concern about the risk of fraudulent claims should be rejected. *Id.* at 666–72.

## CONCLUSION

The Court should grant Plantiffs' motion in its entirety.

Dated: September 12, 2025          Respectfully submitted,

/s/ Andrew D. Schlichter
Jerome J. Schlichter
Troy A. Doles
Andrew D. Schlichter
Alexander L. Braitberg
Chen Kasher
Kaitlin Minkler*
Sean M. Milford*
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
tdoles@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
kminkler@uselaws.com
smilford@uselaws.com

and

Christian G. Montroy
MONTROY LAW OFFICES, LLC
2416 North Center
P.O. Box 369
Maryville, IL 62062
Telephone: (618) 223-8200
Fax: (618) 223-8355
cmontroy@montroylaw.com

*Pro Hac Vice

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 12, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                             /s/ Andrew D. Schlichter