**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JANE DOE et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | No. 3:20-cv-000421-NJR |

**PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT CREED JONES**

# TABLE OF CONTENTS


BACKGROUND ..... 5

A. Record Evidence Regarding the Meanings of Relevant Terms ..... 5

1. [redacted] ..... 5

2. [redacted] ..... 6

3. [redacted] ..... 6

4. [redacted] ..... 7

B. Jones's Opinions ..... 7

1. Jones's Reports and Deposition ..... 7

2. Jones's Opinions Regarding the Definitions of Relevant Terms ..... 8

3. Jones's Encryption Opinions ..... 9

C. Jones's Experience as a Paid Expert ..... 9

ARGUMENT ..... 10

I. Jones' Opinions Regarding the Meanings of Key Terms with Legal Significance Should Be Excluded ..... 11

A. [redacted] ..... 13

B. [redacted] ..... 14

C. [redacted] ..... 14

D. [redacted] ..... 16

II. Jones' Encryption Opinions Should be Excluded as Cumulative, Improper, and Beyond His Expertise ..... 18

CONCLUSION ..... 20

## TABLE OF AUTHORITIES

### Cases

*Ball v. Kotter*,
723 F.3d 813 (7th Cir. 2013). .......... 17

*Barber v. United Airlines, Inc.*,
17 Fed. App'x 433 (7th Cir. 2001) .......... 11, 13

*Barrett v. Black & Decker (U.S.) Inc.*,
No. 06-1970, 2008 U.S. Dist. LEXIS 108787 (S.D.N.Y. Dec. 9, 2008) .......... 11, 16

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*,
509 U.S. 209 (1993) .......... 11, 13

*Chapman v. Maytag Corp.*,
297 F.3d 682 (7th Cir. 2002) .......... 19

*Concord Boat Corp. v. Brunswick Corp.*,
207 F. 3d 1039 (8th Cir. 2000) .......... 11

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) .......... 10, 11

*Gayton v. McCoy,*
593 F.3d 610 (7th Cir. 2010) .......... 18

*Good Shepherd Manor Found., Inc. v. City of Momence*,
323 F.3d 557 (7th Cir. 2003) .......... 12

*Harbor Ins. Co. v. Continental Bank Corp.*,
922 F.2d 357 (7th Cir. 1990) .......... 12, 16

*Hartman v. Meta Platforms, Inc.,*
No. 3:23-CV-02995, 2024 U.S. Dist. LEXIS 167696 (S.D. Ill. Sep. 17, 2024) .......... 15

*Hazlitt v. Apple Inc.*,
500 F. Supp. 3d 738 (S.D. Ill. 2020) .......... 14

*In re Clearview AI, Inc.,*
No. 21-cv-00135, 2025 U.S. Dist. LEXIS 89741 (N.D. Ill. May 12, 2025) .......... 15

*In re Facebook Biometric Info. Privacy Litig.*,
No. 15-3747, 2018 U.S. Dist. LEXIS 81044 (N.D. Cal. May 14, 2018) .......... 15

*In re Initial Pub. Offering Sec. Litig.*,
174 F. Supp. 2d 61 (S.D.N.Y. 2001) .......... 12

*Klaczak v. Consol. Med. Transp., Inc.*,
No. 96-6502, 2005 U.S. Dist. LEXIS 13607 (N.D. Ill. June 7, 2005) .......... 12

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) .......... 10

*McElrath v. Califano*,
615 F.2d 434 (7th Cir. 1980) .......... 17

*Metavente Corp. v. Emigrant Sav. Bank*,
619 F.3d 748 (7th Cir. 2010) ........ 14

*Nachtsheim v. Beech Aircraft Corp.*,
847 F.2d 1261 (7th Cir. 1988) ........ 19

*Negusie v. Holder*,
555 U.S. 511 (2009) ........ 17

*Panter v. Marshall Field & Co.*,
646 F.2d 271 (7th Cir. 1981) ........ 12

*Rivera v. Google Inc.*,
238 F. Supp. 3d 1088 (N.D. Ill. 2017) ........ 15

*Rodriguez v. ByteDance, Inc.,*
No. 23-CV-4953, 2025 U.S. Dist. LEXIS 37355 (N.D. Ill. Mar. 3, 2025) ........ 14, 15

*See Geospatial Tech. Assocs., LLC v. United States*,
No. 16-346, Doc. 437 (Fed. Cl. Mar. 19, 2024) ........ 10

*Sheehan v. Daily Racing Form Inc*,
104 F.3d 940 (7th Cir. 1997) ........ 13, 17

*Trice v. Hess*,
No. 17-1345, 2021 U.S. Dist. LEXIS 48329 (S.D. Ill. Mar. 15, 2021) ........ 19

*United States v. Benson*,
941 F.2d 598 (7th Cir. 1991) ........ 18

*United States v. Caputo*,
517 F.3d 935 (7th Cir. 2008) ........ 11, 16

*United States v. Redwood*,
216 F. Supp. 3d 890 (N.D. Ill. 2016) ........ 18

*United States v. Sinclair*,
74 F.3d 753 (7th Cir. 1996) ........ 12

*Zenith Elec. Corp. v. WH-T Broad. Corp.,*
395 F.3d 416 (7th Cir. 2005) ........ 11, 16

**Statutes**

740 ILCS 14/10 ........ 16

740 ILCS 15(e) ........ 19

**Rules**

Fed. R. Evid. 403 ........ 18, 19

Fed. R. Evid. 702 ........ 10, 11, 12, 18

Fed. R. Evid. 704 ........ 12

Because the opinions of Defendant's expert Dr. Creed Jones concerning the meanings of key terms with legal significance and encryption are unhelpful, contrary to law, and irrelevant, Jones should be barred from offering those opinions.

As an initial matter, Jones's opinions regarding the meanings of key terms related to this litigation, including terms that appear in the Illinois Biometric Information Privacy Act ("BIPA"), contradict the record, the law, and Jones's own prior writings. It is indisputably improper for an expert witness's opinions to contradict record evidence and walk back testimonial concessions – yet this is *precisely* what Jones's opinions seek to do. Jones's opinions on legal matters, moreover, are wholly improper, in addition to being incorrect as a matter of law, misleading, and unhelpful.

Additionally, Jones' encryption opinions are irrelevant to the Section 15(a) and 15(b) claims at issue, and are therefore unhelpful and inadmissible. Even if these opinions were relevant, moreover, Jones *specifically disclaims* that he is an encryption expert, which by itself is grounds for exclusion of his encryption options.

For these reasons, and those below, the Court should exclude Jones's opinions concerning the meanings of key terms with legal significance and encryption.

## BACKGROUND

### A. Record Evidence Regarding the Meanings of Relevant Terms

1. [redacted]

Defendant's witnesses have repeatedly testified that [redacted]

[redacted] Defendant's iPhone User Guide, which is publicly available on Defendant's website, similarly states that "[t]he Photos app scans your photo library for faces and adds the most frequently found faces to the People Album." iPhone User Guide, https://support.apple.com/guide/iphone/ find-people-in-photos-iph9c7ee918c/12.0/ios/12.0, archived at https://perma.cc/HJV8-SMPS (last accessed Sep. 29, 2025).

2. [redacted]

Defendant's witnesses have repeatedly testified that [redacted]

3. [redacted]

Defendant's software engineers responsible for its facial recognition process have testified that [redacted]

[redacted]

4. [redacted]

Defendant's witnesses have repeatedly conceded that the Photos App [redacted] Defendant's witnesses have further testified that [redacted]

## B. Jones's Opinions

1. <u>Jones's Reports and Deposition</u>

Defendant served Jones' expert report on Plaintiffs' counsel on June 21, 2024. *See* June 21, 2024, Report, attached hereto as Exhibit 1 (the "Expert Report"). Jones served his rebuttal

expert report on July 31, 2024. *See* July 31, 2024, Rebuttal Report, attached hereto as Exhibit 2 (the "Rebuttal Report"). Jones served a supplemental rebuttal report on August 22, 2025. *See* Aug. 22, 2025, Supp. Rebuttal Report, attached hereto as Exhibit 3 (the "Supplemental Rebuttal Report"). Plaintiffs deposed Jones regarding his reports and opinions on September 26, 2025. *See* Sept. 26, 2025, Dep. Tr., attached hereto as Exhibit 4 ("Jones Deposition").

2. <u>Jones's Opinions Regarding the Definitions of Relevant Terms</u>

In his Rebuttal Report and in his deposition, Jones sets forth his opinions [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

3. Jones's Encryption Opinions

Jones purports to offer various opinions regarding encryption. [redacted]

[redacted]

## C. Jones's Experience as a Paid Expert

When serving as a paid expert in prior patent litigation, Jones submitted a declaration that outlines alternative definitions of the terms that he seeks to redefine for purposes of this case. Ex. 23, Decl. of Creed Jones, Ph.D., *IQS US Inc. & I.Q.S. Shalev Ltd. v. Prometric Inc.*, IPR No.

Unassigned, attached hereto as Exhibit 5. Therein, he acknowledged that it is a "common view" in the biometrics industry that the term "identify" refers to what occurs when one or more biometric samples are captured, processed in a useable form, and then compared against a set of stored templates. *Id.* at ¶¶ 40–42.

In another matter before the U.S. Patent and Trademark Office, Jones submitted a declaration stating that in biometric identification systems, biometric data is first uploaded to a database, a step referred to as "enrollment," and then newly collected biometric data is compared to stored data in order to verify identity. Petition for Inter Partes Review of U.S. Patent No. 8,799,088, *Unified Patents Inc. v. Rothschild Biometric Sys., LLC & SRR Patent Holdings, LLC*, IPR2017-01514, at II.A. (P.T.A.N. Jun. 26, 2017).

Jones's expert opinions have recently been excluded by another federal court as unreliable. *See Geospatial Tech. Assocs., LLC v. United States*, No. 16-346, Doc. 437 at 2 (Fed. Cl. Mar. 19, 2024) (holding that because "Jones improperly included lines of code in his infringement comparison for PRISM for GeoReplay that he opined earlier were not copyrightable, that opinion is unreliable, is struck from his report, and any testimony to that extent will be excluded from trial").

## ARGUMENT

Because Jones's opinions concerning the meaning of key terms with legal significance and encryption are unhelpful and unreliable, the Court should exclude his opinions on those subjects. Only a witness who is "qualified . . . by knowledge, skill, experience, training, or education" may testify as an expert. Fed. R. Evid. 702. All expert testimony, to be admissible, must be both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). A trial judge must act as a gatekeeper, ensuring that all expert testimony is reliable and helpful to the factfinder. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) ("Expert

evidence can be both powerful and quite misleading because of the difficulty in evaluating it"). Not only must the testimony be the "product of reliable principles and methods," these principles and methods must be "reliability applied . . . to the facts of the case." Fed. R. Evid. 702. "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Zenith Elec. Corp. v. WH-T Broad. Corp.,* 395 F.3d 416, 419-20 (7th Cir. 2005) (collecting cases).

## I. Jones' Opinions Regarding the Meanings of Key Terms with Legal Significance Should Be Excluded

Jones's opinions regarding definitions of key terms that either appear in BIPA or have legal significance should be excluded because they are contrary to law, contradict admissions and concessions by Defendant and its employees, and are contrary to Jones's previous writings. Accordingly, they are misleading, unhelpful, and unreliable. *Daubert*, 509 U.S. at 595.

It is axiomatic that experts cannot contradict their own party's testimony or record evidence. *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993) (expert testimony cannot contradict record evidence); *see also Barrett v. Black & Decker (U.S.) Inc.*, No. 06-1970, 2008 U.S. Dist. LEXIS 108787, at *17 (S.D.N.Y. Dec. 9, 2008) (expert opinion is inadmissible where it contradicts record evidence). A court must also exclude an expert's opinions when the expert "cherry-picked the facts he considered" to render the opinion. *Barber v. United Airlines, Inc.*, 17 Fed. App'x 433, 437 (7th Cir. 2001); *see also Concord Boat Corp. v. Brunswick Corp.*, 207 F. 3d 1039, 1056 (8th Cir. 2000) ("If a party believes that an expert opinion has not considered all of the relevant facts, an objection to its admission is appropriate.").

It is likewise axiomatic that experts may not offer legal conclusions. *See United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) (explaining that the only "legal expert in the

courtroom is the judge"); *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) ("expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible"); *United States v. Sinclair*, 74 F.3d 753, 757 n.1 (7th Cir. 1996) ("Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case"). Courts consistently and routinely reject expert testimony that usurps the Court's role in statutory interpretation. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990) (improper for a jury to look to party witnesses for guidance on governing law); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (collecting cases holding that experts may not "invade the court's province by testifying on issues of law"). Even framing legal terms as "colloquial" does not solve the problem, as courts recognize that such testimony still communicates a legal standard. *See Klaczak v. Consol. Med. Transp., Inc.*, No. 96-6502, 2005 U.S. Dist. LEXIS 13607, at *19–20 (N.D. Ill. June 7, 2005) (expert could not testify as to "fraud" even in a purportedly non-legal sense).

Here, Jones offers expert opinions that contradict the law, the record, and his prior work. Moreover, in purporting to redefine [redacted] Jone gives opinions on ultimate legal issues: for instance, that [redacted] But the terms Jones purports to define are either statutory terms under BIPA or terms with legal significance in the context of this litigation, and their meanings are not appropriate subjects of expert testimony. *See Panter v. Marshall Field & Co.*, 646 F.2d 271, 294 n.6 (7th Cir. 1981) ("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge."). Indeed, Jones

*admits* [redacted] These opinions should be excluded.

**A. Jones's Opinion [redacted] Should Be Excluded**

Jones's opinion about the meaning of the term "scan" as it is used in BIPA should be excluded because his opinion is contrary to law and contradicts Defendant's admissions and public statements. *See Brooke Group Ltd.*, 509 U.S. at 242; *see also Barber*, 17 F. App'x at 437 (selectively redefining terminology, contrary to record evidence, is not a reliable methodology); *Sheehan v. Daily Racing Form Inc*, 104 F.3d 940, 942 (7th Cir. 1997) (similar).

Jones's opinion is [redacted] Defendant's own documents, including Defendant's public website, which states unequivocally that "[t]he Photos app *scans* your photo library for faces and adds the most frequently found faces to the People album." iPhone User Guide, https://support.apple.com/guide/iphone/find-people-in-photosiph9c7ee918c/12.0/ios/12.0, *archived at* https://perma.cc/HJV8-SMPS) (last accessed Sep. 29, 2025). Jones's opinion is also directly contrary to the testimony of Defendant's witnesses, who similarly testified that [redacted] It should be excluded for these reasons. *Brooke Group Ltd.*, 509 U.S. at 242; *Barber*, 17 F. App'x at 437; *Sheehan*, 104 F.3d at 942.

Jones also purports to [redacted]. However, in addition to being contrary to Defendant's own testimony and statements set forth above and entirely unsupported by authority, this opinion is contrary to law. *See, e.g.*, *Rodriguez*

*v. ByteDance, Inc.,* No. 23 CV 4953, 2025 U.S. Dist. LEXIS 37355, at *50 (N.D. Ill. Mar. 3, 2025) ("using computer vision, convolutional neural network[s], and machine learning" to identify people in images constitutes "scans"). This Court, moreover, has already ruled that applying an algorithm to photographs may constitute a "scan" and that faceprints derived from that process may qualify as biometric identifiers. Doc. 26 at 18; Doc. 135 at 8; *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 749 (S.D. Ill. 2020).

**B. Jones's Opinion About [redacted] Should Be Excluded**

Jones's opinion [redacted] should also be excluded. To be clear: Defendant's employees, including its corporate representatives [redacted] consistently describe [redacted] The term appears in Apple patents, Ex. 25, APL_PLTF_0000073 ("clustering, by the processor, the faceprints into clusters"), and throughout Apple's internal documents, *see e.g.*, [redacted] Jones, contrary to this indisputable record evidence, nevertheless insists [redacted] Because an expert's *ipse dixit* that contradicts the record and his client's admissions is not based on a reliable methodology, this opinion should be excluded. *See, e.g.*, *Metavente Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010).

**C. Jones' Opinion About [redacted] Should Be Excluded**

Jones's [redacted] as that term is used in BIPA, is likewise contrary to law and record evidence, unhelpful and unreliable, and should be excluded. Defendant's [redacted] described [redacted] Consistent with this testimony, court have overwhelmingly recognized that face "geometry," as used in BIPA, means a "configuration" of facial features. *In re Facebook Biometric Info. Privacy Litig.*, No. 15-3747, 2018 U.S. Dist. LEXIS 81044, at *12 (N.D. Cal. May 14, 2018) (relative arrangement of parts or elements); *see also Hartman v. Meta Platforms, Inc.,* No. 3:23-CV-02995-NJR, 2024 U.S. Dist. LEXIS 167696, at *30 (S.D. Ill. Sep. 17, 2024) (an "estimation of the location of parts of users' faces" meets BIPA's definition of "face geometry"); *Rodriguez*, 2025 U.S. Dist. LEXIS 37355, at *50 (face scans used to identify individuals in images "using computer vision, convolutional neural network[s], and machine learning" are "face geometry scans"); *In re Clearview AI, Inc.,* No. 21-cv-00135, 2025 U.S. Dist. LEXIS 89741, at *8 (N.D. Ill. May 12, 2025) *(*in BIPA, "face geometry" refers to using aspects "such as the eyes, nose, or mouth, to create a unique face image); *Rivera v. Google Inc*., 238 F. Supp. 3d 1088, 1096 (N.D. Ill. 2017) (the "bottom line is that a 'biometric identifier' is not the underlying medium itself, or a way of taking measurements, but instead is a set of measurements of a specified physical component (eye, finger, voice, hand, face) used to identify a person").

Jones's attempt to advance a contrary definition in order to benefit Defendant litigation position [redacted] is wholly improper. Not only is this opinion entirely unsupported by any of Jones's cited sources, [redacted]

it is an impermissible legal conclusion and contrary to law, and therefore must be excluded. *Caputo*, 517 F.3d at 942; *Harbor Ins. Co.*, 922 F.2d 357 at 366 (7th Cir. 1990).

### D. Jones's Opinion About [redacted] Should Be Excluded

Jones's opinions purporting to [redacted] should also be excluded as contrary to the law and record evidence. While BIPA broadly defines "biometric information" as data "based on an individual's biometric identifier used to identify an individual," 740 ILCS 14/10, [redacted] However, as Jones concedes, [redacted] Jones's opinion should be excluded on this basis. *See Zenith*, 395 F.3d at 419–20 (opinions based solely on *ipse dixit* are inadmissible).

Jones's opinion should also be excluded because his purported definition conflicts with the record evidence. For instance, [redacted] As Jones does not dispute, furthermore, [redacted] Jones's contradiction of this record evidence undermines the reliability of his opinion. *See Barrett*, 2008 U.S. Dist. LEXIS 108787, at *17.

Additionally, Jones's opinion contradicts his prior sworn statements. In earlier patent-related proceedings, Jones described "identification" as comparing biometric samples against stored templates within a database. Ex. 5 at ¶¶ 40–42. His current opinion, [redacted] is irreconcilable with these prior views, which supports exclusion. *See Sheehan*, 104 F.3d at 942.

**5. Jones's Opinions Regarding the Meaning of Terms "Scan," "Geometry," and "Identify" Should Also Be Excluded Because Jones Admits That His Opinions Are Contrary to the Plain and Ordinary Meanings of the Terms**

Jones's opinions regarding the definitions of terms that appear in BIPA [redacted] should additionally be excluded because Jones conceded during his deposition that [redacted]

"Courts are expert at statutory construction." *Negusie v. Holder*, 555 U.S. 511, 530 (2009). Experts cannot give testimony that amounts to statutory interpretation. *See Ball v. Kotter*, 723 F.3d 813, 825 (7th Cir. 2013). Statutory interpretation begins with the text, which must be construed according to its plain and ordinary meaning. *McElrath v. Califano*, 615 F.2d 434, 439 (7th Cir. 1980). Nevertheless, Jones acknowledges [redacted] all of which appear in BIPA, differ from the ordinary meanings of those terms. With regard to [redacted] And with regard to the terms [redacted]

[redacted] Because Jones' testimony redefines statutory terms in ways contrary to their plain meaning, allowing his opinions on the meanings of those terms risks confusing the jury about how BIPA applies, which is grounds for exclusion under Federal Rule of Evidence 403. *United States v. Redwood*, 216 F. Supp. 3d 890, 894 (N.D. Ill. 2016) (even evidence that may be proper under Daubert can be excluded under Rule 403).

**II. Jones' Encryption Opinions Should be Excluded as Cumulative, Improper, and Beyond His Expertise**

Because Jones cannot establish that he is qualified to render any opinion on encryption, and because any such testimony would be cumulative, his encryption-related opinions should be excluded.

In evaluating an expert's qualifications to offer proposed opinion testimony, the question for the Court "is not whether an expert witness is qualified in general, but whether his qualifications provide a foundation for him to answer a specific question." *Gayton v. McCoy,* 593 F.3d 610, 616 (7th Cir. 2010); *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991) (the "touchstone of admissibility" under Federal Rule of Evidence 702 is "helpfulness to the jury," such that one of the key inquiries is whether "[o]n *this subject*" the jury would be helped by hearing the opinion of "*this person*" (emphasis in original)).

Here, Jones is unquestionably unqualified to testimony on any encryption-related topic.

[redacted]

[redacted]

Moreover, to the extent that Jones relies on Brasher's encryption-related opinions, Jones's opinions are cumulative and improperly bolster Brasher's credibility by reiterating his findings. *See* Fed. R. Evid. 403; *see also Nachtsheim v. Beech Aircraft Corp*., 847 F.2d 1261, 1270 (7th Cir. 1988) ("expert testimony is subject to Rule 403's general bar on the admission of unduly prejudicial evidence"); *Trice v. Hess*, No. 17-1345-NJR, 2021 U.S. Dist. LEXIS 48329, at *7 (S.D. Ill. Mar. 15, 2021) ("[i]n general, bolstering testimony is inadmissible").

As set forth in greater detail in Plaintiffs' motion to exclude Brasher, furthermore, any opinion testimony about encryption is highly likely to confuse the jury. This is because encryption could only be relevant if Defendant argued (contrary to law) that even if Defendant collected and/or possessed Plaintiffs' biometric data without disclosing the collection, obtaining informed written consent, or complying with a destruction policy, Defendant can avoid liability if the data is encrypted. But that is wrong. BIPA, by its plain terms, provides no encryption defense, and the standard of care applied in collecting or possessing biometric data is neither an element of Sections 15(a) or 15(b), nor an affirmative defense to either section. Doc. 135 at 8-9, 11; *but see* BIPA Section 15(e) (imposing standard of care requirements not at issue here). Therefore, Jones' encryption opinions, like Brasher's, do not "fit" the case and should be excluded for the same reasons set forth in Plaintiffs' motion to exclude Brasher, which are incorporated herein. *See Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002) ( "the suggested scientific testimony must 'fit' the issue to which the expert is testifying").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude Jones's opinions regarding [redacted] as well as his opinions concerning encryption.

September 30, 2025

Respectfully submitted,

/s/ Andrew D. Schlichter
Andrew D. Schlichter
Jerome J. Schlichter
Troy A. Doles
Alexander L. Braitberg
Chen Kasher
Kaitlin Minkler*
Sean M. Milford*
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
tdoles@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
kminkler@uselaws.com
smilford@uselaws.com

and

Christian G. Montroy
MONTROY LAW OFFICES, LLC
2416 North Center
P.O. Box 369
Maryville, IL 62062
Telephone: (618) 223-8200
Fax: (618) 223-8355
cmontroy@montroylaw.com

*Attorneys for Plaintiffs*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Andrew D. Schlichter