**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JANE DOE**, by and through next friend **JOHN DOE**, **RICHARD ROBINSON**, **YOLANDA BROWN**, **JONATHAN LEBLOND**, **PATRICIA ORRIS**, **ANGELA STEVENS**, **JESSICA JACKSON, MELISSA OATMAN, JUSTIN REVELO, AND TAYLOR VALL** on behalf of themselves and all other persons similarly situated, known and unknown,

Plaintiffs,

v.

**APPLE INC.**,

Defendant.

Case No. 3:20-cv-00421-NJR

**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS**


Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com

* appearing *pro hac vice*

*Attorneys for Apple Inc.*

**DEFENDANT APPLE INC.'S RESPONSE TO**
**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant Apple Inc. respectfully submits the following Response to Plaintiffs' Separate Statement of Undisputed Material Facts.

Apple objects to Plaintiffs' Statement of Facts as procedurally improper under Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, which requires that citations to material facts be directly tied to the arguments advanced in the supporting memorandum. Plaintiffs' memorandum, however, contains no citations to their separate Statement of Facts. Instead, Plaintiffs broadly contend that "factual support is drawn from" their Statement of Facts, which they purport to "incorporate [] by reference," leaving Apple—and the Court—to guess which of the many asserted purported facts supposedly support each argument. (Pl. MSJ at 4 n.1.)

By way of example, Plaintiffs cite to Exhibit 3 (the transcript of the November 16, 2023 deposition of Mr. Thomson) 40 times in their memorandum without ever citing a specific paragraph in their Statement of Facts (which, in turn, cites to Exhibit 3 in 38 separate footnotes in the Statement of Facts). Plaintiffs do the same with Exhibit 31 (the transcript of the December 15, 2023 deposition of Mr. Sharma), which they cite 18 times in their memorandum without linking those citations to any particular paragraph in their Statement of Facts (which itself cites Exhibit 31 in 39 footnotes). The same pattern recurs throughout.

Plaintiffs' approach ignores Local Civil Rule 56.1's directive and frustrates its purpose, which is to ensure that the factual record is presented in an organized, reviewable manner, a failure that hinders judicial review. *See Wiess v. Village of Brooklyn,* No. 07-CV-473-JPG, 2008 WL 4200610, at *1 (S.D. Ill. Sept. 9, 2008) (noting that failure to link arguments to cited facts under Local Rule 56.1 improperly shifts to the court the task of organizing the record); *Leber v. Universal*

*Music & Video Distrib., Inc.*, 225 F. Supp. 2d 928, 931 (S.D. Ill. 2002), *aff'd*, 332 F.3d 452 (7th Cir. 2003) (holding that, because "the parties have not directed the Court to specific evidence or explained the significance of that evidence, the Court [did] not consider[] the inadequately cited or explained 'facts' in determining whether a genuine issue of material fact exists for trial"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Local Civil Rule 56.1(h) expressly permits the Court to "strike any motion . . . that does not comply with [Rule 56.1]." SDIL-56.1(h); *see also Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011) ("This court has routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions.'") (internal citations omitted); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (holding that strict compliance with local summary judgment rules is required and that failure to comply may be fatal). Such relief would be appropriate here, given Plaintiffs' failure to tether their arguments to their Statement of Facts or support their assertions with admissible evidence. Many of Plaintiffs' cited materials either fail to support the propositions for which they are offered, lack relevance and authentication, or selectively excerpt the record while omitting context that undermines their position. Regardless, Apple has endeavored to respond in good faith and to assist the Court's review by addressing the asserted facts in this Statement, omitting Plaintiffs' headings, to which no response is required. Where appropriate, Apple has raised objections under the Federal Rules of Evidence 401 and 402 (relevance), 403 (unfair prejudice, confusion, or waste of time), 701-702 (improper lay or expert opinion), and 901(a) (failure to authenticate).

1. Apple Inc. ("Apple") is a publicly traded stock corporation incorporated in the State of California.[1]

**<u>Apple's Response</u>: Admitted**.

2. The Apple Photos Application ("Photos app") comes preloaded on Apple devices.[2]

**<u>Apple's Response</u>: Admitted** that the Photos app is preloaded on Apple devices, such as Macs, iPhones, iPads, and Apple TVs. Apple **objects** to Plaintiffs' citation to Exhibit 3 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The testimony in Exhibit 3 states that the People album feature is part of the Photos app, not that the Photos app is preloaded on Apple devices. (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 65:19–-66:6.)

3. The Photos app cannot be removed by users.[3]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the Photos app cannot be completely uninstalled from Apple's operating systems. **Disputed** as to the meaning of "cannot be removed." For example, users can remove the Photos app from the Home Screen of their iPhone by touching and holding the app and tapping "Remove from Home Screen." (Declaration of Della Huff in Support of Apple Inc.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Huff Opp. Decl.") ¶ 3; Declaration of Katie Viggiani in Support of Apple Inc.'s Oppositions to Plaintiffs' Motions for Partial Summary Judgment and to Exclude the

[1] Ex. 1, Federighi Dep. 69:25–70:4; Ex. 2, Spevak Dep. 27:19–28:18.
[2] Ex. 3, Thomson 2023 Dep. 65:19–66:6; Ex. 4, Zhou Dep. 33:1–3; Ex. 5, Subramaniam Dep. 32:10–12; Ex. 6, Keating Dep. 21:23–22:7.
[3] Ex. 5, Subramaniam Dep. 32:13–15; Ex. 1, Federighi Dep. 78:3–8.

Opinions of Brasher and Jones (Partial) ("Viggiani Decl.") Ex. 1 (https://support.apple.com/guide/iphone/remove-or-delete-apps-iph248b543ca/ios).)

4. When users take photographs on their devices, those photos are added to the Photos app.[4]

**<u>Apple's Response:</u> Admitted in part and disputed in part. Admitted** that when users take photographs using the Camera app, those photos are added to the Photos app. **Disputed** because photos may not be stored on the Photos app if a user uses a third-party app instead of the Camera app to take photos. (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:12-177:13); Patel Decl. Ex. 3 (Jones Report ¶ 98).)

5. "The Photos app recognizes the faces of people in your photos and groups them together."[5]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00012138. **Disputed** to the extent Plaintiffs imply that "recognizes the faces of people" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know

[4] Ex. 6, Keating Dep. 22:17–20.
[5] Ex. 7, APL-HAZLI_00012138; Ex. 8, Circlaeys Dep. 53:12–24; Ex. 1, Federighi Dep. 82:16–21; Ex. 9, Ryan Dep. 31:16–23, 123:22–25, 132:23–25.

the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

6. The Photos app does this via "face recognition."[6]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00004392. **Disputed** to the extent Plaintiffs imply that "face recognition" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49,

[6] Ex. 10, APL-HAZLI_00004392 at 4398; Ex. 3, Thomson 2023 Dep. 50:22–51:02; Ex. 11, Jones Dep. 272:15–16.

64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibit 11 because the citation does not support the proffered fact and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony states only that the witness agrees that other testimony states that the People album clustering process can be characterized as face recognition, and states that he "disagrees [] with" that testimony. (Braitberg Decl. Ex. 11 (Jones Dep. 272:15-24.)

7. The Photos app recognizes people, dogs, and cats in photos and sorts them in the "People & Pets album" (or the People album if no dogs or cats are identified).[7]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that this language appears verbatim in APL-PLTF_0013224. **Disputed** to the extent Plaintiffs imply that "recognizes people, dogs, and cats" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

[7] Ex. 12, APL_PLTF_0013224.

[redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

8. The Photos app recognizes faces in a user's photos and sorts them in the People album.[8]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part. Admitted** that the cited testimony reflects agreement with the statement that "[t]he Photos app recognizes faces in [user's] photos and sorts them in the People album." (Braitberg Decl. Ex. 13 (Burnette Dep. 25:2-4); Braitberg Decl. Ex. 14 (Huff Dep. 68:18-69:11).) **Disputed** to the extent Plaintiffs imply that "recognizes faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process [redacted]

At no point in this three-step process is the [redacted] or any other data used to

[8] Ex. 13, Burnette Dep. 25:2–4; Ex. 14, Huff Dep. 68:18–69:11; Ex. 15, APL-HAZLI_00004356.

perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibit 15 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 15 provides instructions to users on how to label People albums and mark People albums as "Favorites," and is irrelevant to Plaintiffs' fact. (Braitberg Decl. Ex. 15 (APL-HAZLI_00004356).)

9. Plaintiffs' expert Dr. Atif Hashmi traveled to Apple's attorneys' offices to securely review relevant source code produced by Apple in this litigation.[9]

**Apple's Response**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 9 has no bearing on the issues raised in Plaintiffs' motion.

10. Dr. Hashmi wrote four reports describing how the relevant software works.[10]

[9] Braitberg Decl. ¶ 2.

[10] Ex. 16, Hashmi Report (April 5, 2024); Ex. 17, Hashmi Rebuttal (July 19, 2024); Ex. 18, Hashmi Supp. Report (July 31, 2025); Ex. 19, Hashmi Supp. Rebuttal Report (Sept. 12, 2025).

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that Dr. Hashmi wrote four reports purportedly "analyz[ing] and opin[ing] on the operations of the image processing technology employed by the [People album feature] that analyzes faces present in photos added by a user to an Apple device." **Disputed** that Dr. Hashmi accurately describes how the People album feature works. Apple's source code expert Dr. Jones disagreed with Dr. Hashmi's "conclusions about how the source code works," and "do[es] not endorse Dr. Hashmi's source code analysis as a whole." Dr. Jones enumerates a non-exhaustive list of his disagreements with Dr. Hashmi's source code analysis at ¶¶ 128-133 of his June 21, 2024, Expert Report and ¶¶ 14-26 of his August 22, 2025 Expert Report. (Patel Decl. Ex. 3 (Jones Report ¶¶ 128-133); Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 14-26).)

11. Defendant's expert Dr. Creed Jones wrote three reports in rebuttal to Dr. Hashmi's reports.[11]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that Dr. Jones wrote three reports in this matter. **Disputed** that Dr. Jones' reports were solely in rebuttal to Dr. Hashmi's reports. Dr. Jones independently analyzed source code to affirmatively opine on the clustering technology used by the Photos app (Patel Decl. Ex. 3 (Jones Report ¶¶ 38-106, 107-137)) as well as to rebut the expert reports of Plaintiffs' experts Dr. Hashmi, Dr. Brahnam, Mr. Dunn, and Dr. Sinnreich. (Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 12-27); Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 11-66).)

---

[11] Ex. 20, Jones Report (June 21, 2024); Ex. 21, Jones Rebuttal Report (July 31, 2024); Ex. 22, Jones Supp. Rebuttal (Aug 22, 2025).

12. Dr. Jones did not dispute Dr. Hashmi's conclusions about how the source code works, disagreeing only with regard to the factual or legal implications of that functioning.[12]

**Apple's Response: Disputed**. Dr. Jones disputes several of Dr. Hashmi's conclusions about how the source code works, explicitly stating that he "do[es] not endorse Dr. Hashmi's source code analysis as a whole." (Patel Decl. Ex. 3 (Jones Report ¶ 128).) Dr. Jones enumerates a non-exhaustive list of his disagreements with Dr. Hashmi's source code analysis ¶¶ 128-133 of his June 21, 2024 Expert Report and ¶¶ 14-26 of his August 22, 2025 Expert Report. (Patel Decl. Ex. 3 (Jones Report ¶¶ 128-133); Patel Decl. Ex. 55 (Jones Suppl. Report ¶¶ 14-26).) Apple further **disputes** that Dr. Jones' opinions only "disagree[] [with] the legal implications" of Dr. Hashmi's report because Dr. Jones' rebuttal did not "offer legal opinions." (Patel Ex. 5 (Jones Rebuttal ¶ 2).)

13. Defendant offered no other proposed expert on source code.

**Apple's Response**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 13 has no bearing on the issues raised in Plaintiffs' motion. Apple further states that it offered cybersecurity expert J. Marc Brasher to opine "regarding Apple's data-security practices compared to industry standards and best practices." (Patel Decl. Ex. 38 (Brasher Report ¶ 1).)

14. For any photo added to a user's Apple device, the Photos app automatically uses [redacted]

---

[12] *See* Ex. 22, Jones Supp. Rebuttal (Aug 22, 2025) at ¶ 10 (summarizing Dr. Jones' opinions regarding Dr. Hashmi's Supp. Report); see also Ex. 17, Hashmi Rebuttal at ¶¶ 79–80 (discussing the sole issue raised by Dr. Jones regarding Dr. Hashmi's opening report); and Ex. 19, Hashmi Supp. Rebuttal ¶ 29 (discussing the two minor issues raised by Dr. Jones regarding Dr. Hashmi's Supp. Report).

[redacted].[13]

**<u>Apple's Response</u>**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 14 because none of the cited testimony or documents describes a process through which the People album feature "generates faceprints which it uses to identify matches between the faces in the photo and existing known persons." Instead, they describe [redacted] (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 50:3-51:9)); (2) an irrelevant overview of Dr. Hashmi's purported qualifications (Braitberg Decl. Ex. 16 (Hashmi Report ¶ 7)); (3) an overview of the [redacted] (Braitberg Decl. Ex. 23 (APL-HAZLI_00013192)); (4) a document describing how [redacted] (Braitberg Decl. Ex. 24 (APL-HAZLI_00014440 at 5)); (5) testimony stating that [redacted] (Braitberg Decl. Ex. 13 (Burnette Dep. 165:20-166:9); Ex. 5 (Subramaniam Dep. 235:13-23)); and (6) the entirety of a 187-page academic article that only addresses convolutional neural networks ("CNNs") generally, without any mention of the technology at issue (Braitberg Decl. Ex. 143 (APL-PLTF_0000906).)

[13] Ex. 3, Thomson 2023 Dep. 50:3–51:9; Ex. 16, Hashmi Report ¶ 7; Ex. 23, APL-HAZLI_00013192; Ex. 24, APL-HAZLI_00014440 at 14444; Ex. 13, Burnette Dep. 165:20–166:9; Ex. 5, Subramaniam Dep. 235:13–23.; Ex. 143, APL–PLTF_0000906.

15. As of iOS 17.6.4, for certain users, these faceprints are stored in Apple's iCloud server system, along with other identifying information linked using faceprints.[14]

**Apple's Response**: **Admitted in part and disputed in part**. **Admitted** that after July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) [redacted] **Disputed** that the [redacted] are "stored […] along with other identifying information linked using faceprints." [redacted] are stored with other end-to-end encrypted information [redacted] Apple cannot view or access [redacted] and stored in iCloud Photos because they are end-to-end encrypted, and Apple does not have access to the encryption key. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6, 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000764, APL-HZLT-SC_000797,APL-HZLT-SC_000830, APL-HZLT-SC_000858-0860).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibits 14 and 26 because the citations do not

[14] Ex. 25, Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024); Ex. 26, Thomson 2025 Dep. 351:17–352:25, 353:21–354:5, 363:25-364:7.

support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. Neither Exhibit discusses "other identifying information linked using faceprints" that is "stored in Apple's iCloud server system" as of iOS 17.6.4. The Interrogatory responses describe how, for a certain subset of users following iOS 17.6.4, [redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)).) The cited testimony similarly describes the process by which [redacted] (Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).)

16. Specifically, as both Dr. Hashmi and Dr. Jones agree, faceprints are stored in Apple's iCloud server system when a user has enabled iCloud Photos, has at least 10 gigabytes of storage, has more than 5,000 images, and the current faceprint is not already on the server.[15]

**Apple's Response**: **Admitted**, but disputed to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

[15] Ex. 22, Jones Supp. Rebuttal ¶ 27.

17. These processes occur in the background[16]; users are not notified faceprints are collected[17]; users are shown no prompt to provide consent[18]; users are not notified of faceprint collection via any public or in-software disclosure[19]; users cannot opt out of faceprint collection except by discontinuing the use of the Photos app to take photographs of people;[20] users (if they somehow knew it was occurring) cannot opt out of faceprint collection on Apple's servers except by discontinuing use of iCloud Photo Library.[21]

**Apple's Response:** "Fact" No. 17 bundles six separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part. Admitted** that Apple does not notify or prompt users about the People album feature machine learning algorithm process, though Apple disputes that it is legally required to make any disclosure about the process through which faceprints are generated by the People album because the faceprints are not biometric identifiers or information under the Illinois Biometric Information Privacy Act (BIPA). Further **admitted** that users can opt out of faceprint generation by discontinuing the use of the Photos app to take photographs of people and can opt out of syncing faceprints to Apple's servers by discontinuing use of iCloud Photo Library. **Disputed** that the People album machine learning algorithms "collect" faceprints. Instead, they generate a "face crop," "upper-body crop," and [redacted]

---

[16] Ex. 28, Brasher Dep. 58:6–10.
[17] Ex. 26, Thomson 2025 Dep. 412:4–413:21, 417:11–420:17, 485:4–15.
[18] Ex. 29, Freudiger Dep. 155:23–156:20, 167:2–10, 171:23–172:5.
[19] Ex. 3, Thomson 2023 Dep. 282:20–283:3; Ex. 14, Huff Dep. 42:21–44:8, 65:5–14, 66:23–67:9, 89:12–90:25; Ex. 29, Freudiger Dep. 156:21–158:15.
[20] Ex. 3, Thomson 2023 Dep. 173:7–14; Ex. 14, Huff Dep. 135:5–11; Ex. 30, Jackson Dep. 136:4–20; Ex. 26, Thomson 2025 Dep. 514:4–10.
[21] Ex. 26, Thomson 2025 Dep. 487:7–12.

[redacted], none of which can uniquely identify an individual. (Patel Decl. Ex. 3 (Jones Report ¶ 75); Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12-13).)

18. Artificial neural networks are computational models inspired by the network structure of the human brain's neurons.[22]

<u>**Apple's Response:**</u> **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 18 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibit 75 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

19. These computational models consist of interconnected layers of "nodes" or "neurons," each of which is essentially a mathematical function.[23]

<u>**Apple's Response**</u>: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 19 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibit 75 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

20. A convolutional neural network ("CNN") is a neutral network that contains layers which perform "convolutions."[24]

---

[22] Ex. 75, Brahnam Rep. ¶ 21.
[23] *Id.*
[24] Ex. 4, Zhou Dep. 48:15–17; Ex. 31, Sharma Dep. 35:5–9, 37:7–38:3; Ex. 32, Zuliani Dep. 50:10–22.

**<u>Apple's Response</u>**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 20 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibits 4, 31, and 32 because the citations stand for a general proposition untethered to the specific facts of this case, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

> 21. "Convolutions" means transforming an image by passing it through a filter, also known as a kernel. Convolutional layers employ filters or kernels that slide across the input image, scanning different regions and extracting geometric information.[25]

**<u>Apple's Response</u>**: "Fact" No. 21 bundles two separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part. Admitted** that a convolution refers to using a kernel to process an image. **Disputed** because a "convolution" refers to a mathematical operation that involves assigning values to each pixel of an image based on a weighted sum of the values of its neighboring pixels, and therefore does not "extract[] geometric information." [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 22-24).) Apple **objects** to Plaintiffs' citation to Exhibit 75 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to

[25] Ex. 75, Brahnam Rep. ¶ 66.

make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

22. [redacted][26]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part**. **Admitted** that the cited document and testimony describe Apple's use of [redacted] **Disputed** to the extent Plaintiffs imply that "recognize faces" is equivalent to identification. The People album feature uses [redacted] to try to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

[26] Ex. 33, APL-HAZLI_00000002; Ex. 11, Jones Dep. 144:6–12, 144:16–17.

23. [redacted][27]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_000014440. **Disputed** because the meaning of "[redacted] representing them" does not fully describe the relevant process. The [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).)

24. Modern face recognition deep neural networks are trained in a way that finds similar characteristics in identifying faces, including but not limited to recognizing facial landmarks.[28]

**<u>Apple's Response</u>**: **Not supported by record citation, and not material**. The cited testimony does not support the proffered fact. The testimony states [redacted] (Braitberg Decl. Ex. 1 (Federighi Dep. 40:8-13).) Moreover, under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 24 has no bearing on the issues raised in Plaintiffs' motion.

25. The internal behavior of neural networks are determined by how the network was trained.[29]

---

[27] Ex. 24, APL-HAZLI_00014440 at 14442.
[28] Ex. 1, Federighi Dep. 40:2–15.
[29] Ex. 32, Zuliani Dep. 187:5–8.

**<u>Apple's Response</u>**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 25 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibit 32 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

26. Supervised learning is a standard training process where assets are coupled with labels, and based on the asset and the label, a loss function is defined that modifies the parameters of the network to reduce error.[30]

**<u>Apple's Response</u>**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 26 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibit 32 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

27. [redacted][31]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that [redacted]

---

[30] *Id.* at 249:20–250:4.
[31] *Id.* at 249:10–19; Ex. 87, APL-HAZLI_00004369 at 4372.

**Disputed** because [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 136); Braitberg Decl. Ex. 24 (APL-HAZLI_00014440 at 42); Patel Decl. Ex. 52 (Keating Dep. Ex. 20, "Recognizing People in Photos Through Private On-Device Machine Learning" at 3-4).)

28. [redacted].[32]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** [redacted]

**Disputed** because [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 136); Braitberg Decl. Ex. 24 (APL-HAZLI_00014440 at 42); Patel Decl. Ex. 52 (Keating Dep. Ex. 20, "Recognizing People in Photos Through Private On-Device Machine Learning" at 3-4).)

29. Apple trained its algorithms on the faces of children.[33]

**Apple's Response**: **Admitted** that the People album algorithms were trained to cluster photos of the same person together, regardless of age**, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 29 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to "Fact" No. 29 because it is irrelevant to the claims in the case and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

[32] Ex. 6, Keating Dep. 173:25–174:2; Ex. 31, Sharma Dep. 210:21–211:14.
[33] Ex. 32, Zuliani Dep. 253:4–6; Ex. 8, Circlaeys Dep. 236:14–12; Ex. 1, Federighi Dep. 120:20–121:3; Ex. 31, Sharma Dep. 213:22–216:11.

30. [redacted][34]

**Apple's Response**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 30 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to "Fact" No. 30 because it is irrelevant to the claims in the case and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

31. [redacted][35]

**Apple's Response**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 31 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to "Fact" No. 31 because it is irrelevant to the claims in the case and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

32. [redacted][36]

**Apple's Response**: **Not supported by record citation**. The cited testimony does not support the proffered fact. The testimony refers [redacted]

[34] Ex. 31, Sharma Dep. 196:3–16, 197:12–23.
[35] *Id.* at 196:17–197:11.
[36] Id. at 204:6–19.

[redacted]

(Braitberg Decl. Ex. 31 (Sharma Dep. Tr. 204:6-19).)

33. The Photos app scans photos.[37]

**Apple's Response**: **Disputed**. The Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibit 34 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 34 is an Apple public webpage using "scan" as it is understood "colloquial[ly]." The webpage does not establish that the [redacted] to the extent Plaintiffs intend to imply as much. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).)

34. Photos taken with Apple devices "live" in Apple Photos. [38]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** assuming that "live" means "are stored in," when users take photographs using the Camera app. **Disputed** because photos may not be stored on the Photos app if a user uses a third-party app instead of the

[37] Ex. 34, APL-HAZLI_00000001; Ex. 13, Burnette Dep. 19:19–25, 20:13–15, 20:1–12; Ex. 35, Exhibit 2 to Burnette Dep (https://support.apple.com/guide/iphone/find–people–in–photos–iph9c7ee918c/12.0/ios/12.0 [archived at https://perma.cc/QTR9-WX2J]); Ex. 3, Thomson 2023 Dep. 29:24–31:12; Ex. 11, Jones Dep. 269:21–270:6.
[38] Ex. 10, APL-HAZLI_00004392.

Camera app to take photos. (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:12-177:13); Patel Decl. Ex. 3 (Jones Report ¶ 98).)

35. Apple Photos "scans your library to identify people in your photos."[39]

**<u>Apple's Response</u>: Admitted in part and disputed in part**. **Admitted** that the quoted language appears in APL-HAZLI_00004361. **Disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17.) [redacted] (Patel Decl. Ex. 3 (Jones Expert Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibits 37, 38, 39, and 3 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 37 is an Apple public webpage using "scan" as it is understood colloquially. (Braitberg Decl. Ex. 37 (APL-HAZLI_00004361).) The webpage does not establish that the [redacted], to the extent Plaintiffs intend to imply as much. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) Exhibit 38 is a slightly modified version of the webpage represented at Exhibit 37. (Braitberg Decl. Ex. 38 (APL-HAZLI_00004364).) Use of the word "scan" in this document does not establish that the technology at issue "scans" photographs to

[39] Ex. 37, APL-HAZLI_00004361; see also Ex. 38, APL-HAZLI_00004364 ("The Photos app scans your photo library for faces and adds the most frequently found faces to the People album."); Ex. 39, APL- HAZLI_00016451 at 13 (component of architecture is "People Identity"); Ex. 3, Thomson 2023 Dep. 31:23–33:11.

produce a geometric representation of an individual's face. (Patel Decl. Ex. 3 (Jones Report ¶¶ 12-17).) The cited slide in Exhibit 39 is a bulleted list of tactical and strategic goals for the Photos app in 2017 and does not describe any "scan[ning]" or "identify[ing] people" in photos." (Braitberg Decl. Ex. 39 (APL- HAZLI_00016451 at 13).) The cited testimony in Exhibit 3 states that the Photos app is "not identifying people." (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 31:23-33:11).)

36. Once the "scan is done, you can open the People album, view photos organized by the faces in them, and assign names to the people Photos found."[40]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00004361. **Disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17.) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibit 37 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 37 is an Apple public webpage using "scan" as it is understood colloquially. (Braitberg Decl. Ex. 37 (APL-HAZLI_00004361).) The webpage does not establish that the [redacted], to the extent Plaintiffs intend to imply as much. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).)

[40] Ex. 37, APL-HAZLI_00004361

37. Chelsea Burnette, director of the Photos app, said the Photos app scans the photo library.[41]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part**. **Admitted** that Ms. Burnette agreed with the statement that "the Photos app scans your photo library." **Disputed** because Ms. Burnette clarified that she understood "scan" as used in that context to refer to its "colloquial" meaning. (Braitberg Decl. Ex. 13 (Burnette Dep. 21: 4-5).) Further **disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

38. According to Apple's website, the "Photos app uses advanced computer vision to scan all of your photos and recognize the people, scenes, and objects in them. Then you can see the best photos, videos, and Live Photos of each person in your collection. Depending on the number of photos you have, you can watch a Memory movie of them too. And when you have iCloud Photos turned on, the people you favorite or name stay up to date on all of your devices running iOS 11 or later and macOS High Sierra or later."[42]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00004356. **Disputed** because the Photos app and People album

---

[41] *See* Ex. 35, Exhibit 2 to Burnette Dep. (https://support.apple.com/guide/iphone/find–people–in–photos– iph9c7ee918c/12.0/ios/12.0 [archived at https://perma.cc/QTR9-WX2J]); Ex. 13, Burnette Dep. 21:9–14, 22:13–16.

[42] Ex. 15, APL-HAZLI_00004356.

feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** to the extent Plaintiffs imply that "recognize the people" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

39. Apple's privacy statement states that "the Memories and Sharing Suggestions features in the Photos app use on-device intelligence to scan your photos and organize them by faces and places."[43]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00005771, but "Sharing Suggestions" feature reference not material. **Disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to "Fact" No. 39 because it relates to the "Sharing Suggestions" feature, which is irrelevant to the claims in this case and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

40. Apple internal documents discussing the Photos app and People album use terminology like "photos scanned" and "scanning faces."[44]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00012589 and APL-HAZLI_00013390. **Disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted]

[43] Ex. 40, APL-HAZLI_00005771.
[44] Ex. 41, APL-HAZLI_00012589; Ex. 42, APL-HAZLI_00013390.

[redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

41. All CNNs perform "scans."[45]

**Apple's Response**: **Disputed, and not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 41 has no bearing on the issues raised in Plaintiffs' motion. The Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibit 43 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

42. Face (or facial) detection relates to determining whether images represent one or more human faces.[46]

**Apple's Response**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 42 has no bearing on

[45] Ex. 43, Brahnam Dep. 133:7–9.
[46] Ex. 27, APL_PLTF_0011391; Ex. 45, Langoulant Dep. 78:16–21.

the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citation to Exhibits 27 and 45 because the citations stand for a general proposition untethered to the specific facts of this case, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

43. Face detection is a technology within the fields of computer vision and image processing that focuses on identifying and locating human faces within digital images.[47]

**<u>Apple's Response</u>**: **Disputed, and not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." Apple **objects** to Plaintiffs' citation to Exhibit 29 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple **objects** to Plaintiffs' citation to Exhibit 29 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The testimony states that [redacted] (Braitberg Decl. Ex. 29 (Freudiger Dep. 58:4-5); (Patel Decl. Ex. 3 (Jones Report ¶¶ 49-50).)

44. Face detection is a part of the face analysis process performed by the Photos app.[48]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. **Disputed** to the extent Plaintiffs imply that "face

---

[47] Ex. 29, Freudiger Dep. 57:23–58:5.
[48] Ex. 32, Zuliani Dep. 33:24–34:3.

detection" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

45. The Photos app uses facial detection to detect faces in images.[49]

__Apple's Response__: **Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. **Disputed** to the extent Plaintiffs imply that "facial detection" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process:

[49] Ex. 46, APL-HAZLI_00004463.

[redacted]

At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

46. The Photos app runs all images imported to the photo library through a face detection process.[50]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that APL-HAZLI_00052402 describes the Photos app face detection framework, and the cited document also defines "face" to exclude a person or identity. **Disputed** to the extent Plaintiffs imply that "face detection" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step

[50] Ex. 47, APL-HAZLI_00052402; Ex. 13, Burnette Dep. 150:23–25, 151:16–21; Ex. 3, Thomson 2023 Dep. 65:6–12160:13–161:7; Ex. 32, Zuliani Dep. 32:21–25; Ex. 11, Jones Dep. 146:2–6, 146:34–44.

process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Exhibit 47 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The Exhibit describes contemplated functionality under development and does not reflect the final functionality of the People album feature and associated machine learning algorithms. It is dated April 30, 2014, and the People album feature was not released until September 13, 2016. (Huff Opp. Decl. ¶ 4; Viggiani Decl. Ex. 3 (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10).)

47. The Photos app's face processing pipeline analyzes all detected faces in the Photos app, including the faces of children and babies.[51]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 47 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the People album algorithms were trained to cluster photos of the same person together, regardless of age. **Disputed** to the extent Plaintiffs imply that "detected faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to

[51] Ex. 8, Circlaeys Dep. 236:14-237:13; Ex. 31, Sharma Dep. 213:22–214:3.

"Fact" No. 47 because it is irrelevant to the claims in the case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

48. [redacted][52]

**Apple's Response**: **Disputed**. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302-).) **Disputed** that [redacted] Further **disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** to the extent Plaintiffs imply that "detects faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

[52] Ex. 32, Zuliani Dep. 50:6–9, 68:7–11, 187:17–23, 231:24–232:11; Ex. 3, Thomson 2023 Dep. 160:13–161:7; Ex. 45, Langoulant Dep. 89:8–20.

[redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

49. [redacted][53]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that [redacted]. **Disputed** that Apple uses a [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000302, APL-HZLT-SC_000264-0265).) Further **disputed** to the extent Plaintiffs imply that "detect faces" is equivalent to identification. The People album feature

[53] Ex. 32, Zuliani Dep. 50:6–9; Ex. 48, APL-HAZLI_00006305; Ex. 33, APL-HAZLI_00000002; Ex. 11,Jones Dep. 147:8–10.

technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

50. The face detection process aims at finding if there are faces in a photograph.[54]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. **Disputed** to the extent Plaintiffs imply that "face detection" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

[54] Ex. 32, Zuliani Dep. 158:13–14.

[redacted]

At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

51. [redacted].[55]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. **Disputed** that Apple uses a [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302-).) Further **disputed** to the extent Plaintiffs imply

[55] Ex. 31, Sharma Dep. 62:17–63:2; Ex. 32, Zuliani Dep. 249–250:11; Ex. 33, APL-HAZLI_00000002.

that "recognize faces" is equivalent to identification. At no point does the Photos app or People album feature identify individuals. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

52. [redacted][56]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49-50).) Further **admitted** that the [redacted]. **Disputed** that Apple uses a [redacted]. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).)

53. [redacted][58]

---

[56] Ex. 31, Sharma Dep. 194:25–195:24; Ex. 49, Neuenschwander Dep. 207:14–208:2; Ex. 33, APL- HAZLI_00000002.
[57] Ex. 32, Zuliani Dep. 250:5–11; Ex. 24, APL-HAZLI_00014440 at 14442.
[58] Ex. 32, Zuliani Dep. 50:14–22.

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that [redacted]. Further **admitted** that [redacted]. **Disputed** that Apple uses a [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).) Further **disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

54. [redacted][59]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that [redacted]. **Disputed** that Apple uses a [redacted] (Patel Decl. Ex. 3 (Jones Report

[59] Ex. 31, Sharma Dep. 70:6–18.

¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302).) Apple **objects** to Plaintiffs' citation to Exhibit 31 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony states that the [redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 70:6-18).)

55. When a user imports photos and videos into Apple Photos, the [redacted][60]

**<u>Apple's Response</u>**: **Disputed** that Apple uses [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302).) Further **disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 Jones

[60] Ex. 3, Thomson 2023 Dep. 30:7–32:13; Ex. 8, Circlaeys Dep. 56:2–12.

Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibits 3 and 8 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimonies do not reference "[redacted] (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 30:7-32:13); Braitberg Decl. Ex. 8 (Circlaeys Dep. 56:2-12).)

56. [redacted][61]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that [redacted]. **Disputed** that [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).)

57. Once a face is found, [redacted][62]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that [redacted]. **Disputed** [redacted]

[61] Ex. 32, Zuliani Dep. 68:2–11, 182:25–183:2, 187:9–23, 198:11–18; Ex. 5, Subramaniam Dep. 53:10–21; Ex. 24, APL-HAZLI_00014440 at 14440-14443; Ex. 33, APL-HAZLI_00000002; Ex. 50, APL-HAZLI_00004454; Ex. 11, Jones Dep. 147:15–21.

[62] Ex. 32, Zuliani Dep. 68:2–11, 182:25–183:2, 187:9–23, 198:11–18; Ex. 3, Thomson 2023 Dep. 161:4–13; Ex. 5, Subramaniam Dep. 53:10–21, 114:20–25; Ex. 8, Circlaeys Dep. 60:10–13; Ex. 48, APL- HAZLI_00006305; Ex. 33, APL-HAZLI_00000002.

[redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).) Apple **objects** to Plaintiffs' citation to Exhibits 32, 3, 5, 8, 48, and 33 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. None of the documents or testimony mention a [redacted] They only discuss facial detection using [redacted] (Braitberg Decl. Ex. 32 (Zuliani Dep. 68:2-11, 182:25-183:2, 187:9-23, 198:11-18); Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 161:4-13); Braitberg Decl. Ex. 5 (Subramaniam Dep. 53:10-21, 114:20-25); Braitberg Decl. Ex. 8 (Circlaeys Dep. 60:10-13); Braitberg Decl. Ex. 48 (APL-HAZLI_00006305); Braitberg Decl. Ex. 33 (APL-HAZLI_00000002).)

58. The outputs of the Photo's app's face detection process include [redacted][63]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that [redacted]. **Disputed** to the extent Plaintiffs imply that "face detection" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a

[63] Ex. 32, Zuliani Dep. 68:2–11, 182:25–183:2, 187:9–23, 198:11–18; Ex. 5, Subramaniam Dep. 53:10–21;Ex. 48, APL-HAZLI_00006305; Ex. 33, APL-HAZLI_00000002.

three-step process: [redacted]. At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, 000103, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibits 32, 5, 48, and 33 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. None of the documents or testimony mention [redacted] They only discuss facial detection using [redacted] (Braitberg Decl. Ex. 32 (Zuliani Dep. 68:2-11, 182:25-183:2, 187:9-23, 198:11-18); Braitberg Decl. Ex. 5 (Subramaniam Dep. 53:10-21, 114:20-25); Braitberg Decl. Ex. 48 (APL-HAZLI_00006305); Braitberg Decl. Ex. 33 (APL-HAZLI_00000002).)

59. [redacted][64]

**<u>Apple's Response</u>**: **Disputed.** The Photos app uses [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40-42); Thomson Decl. Ex. A (APL-HZLT-SC_000485-0490, APL-HZLT-SC_000290-0293).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 112); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:6-14, 44:23-45:14); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40-42).)

60. The Photos app uses landmark detection to estimate facial shape and pose.[65]

**<u>Apple's Response</u>**: **Disputed.** The Photos app uses [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40-42); Thomson Decl. Ex. A (APL-HZLT-SC_000485-0490, APL-HZLT-SC_000290-0293).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 112); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:6-

[64] Ex. 17, Hashmi Rebuttal ¶¶ 48–50; Ex. 51, APL-HAZLI_00004442.
[65] Ex. 32, Zuliani Dep. 137:11–16; Ex. 52, APL-HAZLI_00022283; Ex. 53, APL-HAZLI_00030489; Ex. 54, APL-HAZLI_00037099; Ex. 55, APL-HAZLI_00004439.

14, 44:23-45:14); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40-42).)

61. Any point or pixel in the image that has a face is an example of a landmark.[66]

**Apple's Response**: **Disputed.** A pixel in an image is not a landmark. In the field of biometrics, the term "face landmarks" or "landmarks" is typically used to refer to the physical attributes of a face, such as the locations and dimensions of eyes, ears, noses, mouths, and their relationships to one another. [redacted] generated by the People album do not represent measurements of a person's face or facial geometry and are not based on face landmarks. (Patel Decl. Ex. 3 (Jones Report ¶¶ 25 n.3, 75).)

62. [redacted][67]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that [redacted] **Disputed** that [redacted] (Patel Decl. Ex. 3 (Jones Expert Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).) Apple **objects** to Plaintiffs' citation to Exhibits 56, 45, 5, and 8 because the citations

[66] Ex. 4, Zhou Dep. 110:4–10.
[67] Ex. 56, APL-HAZLI_00028095; Ex. 45, Langoulant Dep. 143:15–144:12; Ex. 5, Subramaniam Dep. 26:16–21; Ex. 8, Circlaeys Dep. 168:9–14.

do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited document and testimony do not refer to any [redacted] (Braitberg Decl. Ex. 56 (APL-HAZLI_00028095), Braitberg Decl. Ex. 45 (Langoulant Dep. 143:15-144:12); Braitberg Decl. Ex. 5 (Subramaniam Dep. 26:16-21); Braitberg Decl. Ex. 8 (Circlaeys Dep. 168:9-14).)

63. Detecting faces is a necessary step in collecting the faceprints that are used by the Photos app to group faces based on similarity.[68]

**<u>Apple's Response</u>: Not supported by record citation, and otherwise disputed.** The cited deposition testimony does not support "Fact" No. 63. The testimony states that "[t]he People album feature depends on face detection and grouping faces," it does not make any statements about "faceprints" or "collecting the faceprints." (Braitberg Ex. 5 (Subramanian Dep. 47:9-48:4).) Apple **disputes** "Fact" No. 63 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

64. Face (or facial) identification (or recognition) in photographs refer to understanding the identity of individual persons depicted in photographs.[69]

**<u>Apple's Response</u>: Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 64 has no bearing on the issues raised in Plaintiffs' motion. **Disputed** to the extent Plaintiffs imply that "[f]ace (or facial)

[68] Ex. 5, Subramaniam Dep. 47:9–48:4.
[69] Ex. 36, Exhibit 5 to Brahnam Dep. – IBIA Glossary at 146; Ex. 44, Exhibit 6 to Brahnam Dep. – ISO IEC 2382; Ex. 61, APL_PLTF_0008316; Ex. 63, APL_PLTF_0008431; Ex. 27, APL_PLTF_0011391; Ex. 45, Langoulant Dep. 82:20-83:5; Ex. 1, Federighi Dep. 43:22-44:11.

recognition" is equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibit 1 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony states that "[f]acial recognition itself does not identify a person, or many uses of facial recognition technology do not involve identifying a person." (Braitberg Decl. Ex. 1 (Federighi Dep. 43:22-44:11).) Apple **objects** to Plaintiffs' citation to Exhibits 36, 44, 61, 63, 27, and 45 because the citations stand for a general proposition untethered to the specific facts of this case, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

65. Face recognition or identification is a one-to-many matching process.[70]

**<u>Apple's Response</u>: Not supported by record citation, and otherwise disputed.** The cited deposition testimony does not support "Fact" No. 65. The testimony states that a "biometric identification process" is a "one-to-many matching process." The testimony does not state that

[70] Ex. 11, Jones Dep. 176:3–5.

"[f]ace recognition or identification" is a "biometric identification process," and therefore does not establish that "[f]ace recognition or identification" is a "one-to-many matching process." (Braitberg Decl. Ex. 11 (Jones Dep. 176:3-5).) Apple **disputes** "Fact" No. 65 to the extent Plaintiffs imply that "[f]ace recognition" is equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

66. The Photos app conducts "face and body detection and recognition."[71]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00010963. **Disputed** to the extent Plaintiffs imply that "face. . . detection and recognition" is equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-

[71] Ex. 59, APL-HAZLI_00010963 at 10999; Ex. 60, APL-HAZLI_00004467.

SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibit 60 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 60 is a slide deck pertaining to face recognition in FaceID, not the People album feature or the Photos app.

67. The Photos app uses "machine learning algorithms" to "recogniz[e] people from their visual appearance."[72]

<u>**Apple's Response**</u>**: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00014440. **Disputed** to the extent Plaintiffs imply that "recogniz[ing] people from their visual appearance" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel

[72] Ex. 24, APL-HAZLI_00014440.

Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

68. Apple patents describe processes by which Apple devices perform facial recognition to identify people appearing in the Photos app.[73]

**Apple's Response: Not supported by record citation, and otherwise disputed.** None of the proffered evidence supports "Fact" No. 68. None of the cited patents pertain to technology employed by the Photos app or People album feature. In addition, the cited documents and testimony describes detection of faces and facial features, not identification of people. Apple **disputes** "Fact" No. 68 to the extent Plaintiffs imply that "facial recognition" is equivalent to identification. At no point does the Photos app or People album feature identify individuals in photos. The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221,

[73] Ex. 62, APL_PLTF_0000213; Ex. 64, US Patent 10997763; Ex. 65, US 2019/0332850 A1 patent application; Ex. 66, US 8,755,610 B2 patent; Ex. 67, US 2023/0019065 A1 patent application; Ex. 68, US 2025/0037510 A1 patent application; Ex. 26, Thomson 2025 Dep. 375:8-376:2.

APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

69. According to one of Apple's patents, "[f]acial recognition (or recognition) relates to identifying a person represented in an image. Recognition can be accomplished by comparing selected facial features from a graphical face to a facial database. Facial recognition algorithms can identify faces by extracting landmarks corresponding to facial features from the image. For example, an algorithm may analyze the relative position, size, and shape of the eyes, nose, cheekbones, and jaw."[74]

**Apple's Response: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_0000213. **Disputed** to the extent Plaintiffs imply that "facial recognition" is equivalent to identification or that "identifying a person represented in an image" means confirming a person's actual identity in the context of the Photos app or People album feature. At no point does the Photos app or People album feature identify individuals in photos. The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-

[74] Ex. 62, APL_PLTF_0000213; Ex. 64, US Patent 10997763; Ex. 65, US 2019/0332850 A1 patent application; Ex. 66, US 8,755,610 B2 patent; Ex. 67, US 2023/0019065 A1 patent application; Ex. 68, US 2025/0037510 A1 patent application; Ex. 26, Thomson 2025 Dep. 375:8-376:2.

SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple also **objects** to Exhibits 64, 67, and 68 because they are irrelevant. The referenced patent does not specify that it pertains to technology employed by the Photos app or People album feature, and therefore the Exhibits do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

70. [redacted][75]

**Apple's Response: Admitted in part and disputed in part. Admitted** that [redacted] **Disputed** that Apple [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 45, 75, 134); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-ZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).)

71. [redacted][76]

**Apple's Response: Admitted in part and disputed in part. Admitted** that the Photos app [redacted]

---

[75] Ex. 11, Jones Dep. 149:13–17.
[76] Ex. 8, Circlaeys Dep. 169:22–170:2.

[redacted]

[redacted] **Disputed** that Apple [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 45, 75, 134); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).)

72. The size of the face crop and its bounding box is related to the subject's face size.[77]

**<u>Apple's Response</u>: Admitted** that the cited testimony states that "[t]here is a relation" between the size of a face and the size of a bounding box.

73. [redacted][78]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the [redacted] **Disputed** that Apple uses [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 45, 75, 134); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-ZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).)

74. [redacted][79]

[77] Ex. 32, Zuliani Dep. 182:7–19.
[78] Ex. 11, Jones Dep. 149:18–23.
[79] Ex. 3, Thomson 2023 Dep. 200:11–24.

**<u>Apple's Response</u>: Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 74 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited testimony states that [redacted]

75. [redacted].[81]

**<u>Apple's Response</u>: Not supported by record citation.** The testimony states that the Photos app [redacted] (Braitberg Decl. Ex. 11 (Jones Dep. 147:18-21).)

76. The Photos app collects "faceprints."[82]

**<u>Apple's Response</u>: Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] of floating decimal point numbers that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** that the People album machine learning algorithms "collect" faceprints. Instead, they generate a [redacted], none of which can uniquely identify an individual. (Patel Decl. Ex. 5 (Jones Rebuttal¶¶ 22-24).)

---

[80] Ex. 11, Jones Dep. 147:18–24.

[81] *Id.*

[82] Ex. 69, APL-HAZLI_00010951; Ex. 70, APL-HAZLI_00010818; Ex. 71, APL-HAZLI_00045668; Ex. 72, APL-HAZLI_00011192; Ex. 31, Sharma Dep. 39:10–12; Ex. 19, Hashmi Supp. Rebuttal Expert Report ¶¶ 12–16.

77. Apple Photos uses a [redacted][83]

**<u>Apple's Response</u>: Admitted.**

78. The Photos app's face recognition process involves comparing embeddings (i.e., faceprints) mathematically.[84]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the Photos app [redacted] **Disputed** to the extent Plaintiffs imply that "face recognition" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36

[83] Ex. 31, Sharma Dep. 50:15–20, 54:23–54:1, 147:9–12; Ex. 8, Circlaeys Dep. 34:22–35:3; Ex. 48, APL-HAZLI_00006305; Ex. 56, APL-HAZLI_00028095 at 5; Ex. 24, APL-HAZLI_00014440; Ex. 73, APL-HAZLI_00006425 at 5; Ex. 26, Thomson 2025 Dep. 445:22–446:5, 458:4–14; 495:15–17; Ex. 28, Brasher Dep.39:17–40:17, 48:14–20, 49:23–50:1.

[84] Ex. 11, Jones Dep. 174:11-12; see also Ex. 8, Circlaeys Dep. 100:22–101:4 ("faceprints are used to differentiate one person's face from another person's face").

(Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

79. Apple Photos accomplishes photos sorting through a [redacted] This is called a "faceprint."[86]

**<u>Apple's Response</u>:** "Fact" No. 79 bundles two separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part. Admitted** that the Photos app [redacted] used to cluster photos. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

80. A "faceprint" is "[redacted] extracted for a particular detected face in an image."[87]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00052402 and the cited document also defines "face" to exclude a person or identity. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything

---

[85] Ex. 74, APL-HAZLI_00006691.
[86] Ex. 24, APL-HAZLI_00014440.
[87] Ex. 47, APL-HAZLI_00052402; Ex. 26, Thomson 2025 Dep. 353:1–6.

other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' citation to Exhibit 47 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The Exhibit describes contemplated functionality under development and does not reflect the final functionality of the People album feature and associated machine learning algorithms. It is dated April 30, 2014, and the People album feature was not released until September 13, 2016. (Huff Opp. Decl. ¶ 4; Viggiani Decl. Ex. 3 (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10/).)

81. A faceprint is a [redacted] that uniquely identifies a face.[88]

**<u>Apple's Response</u>: Not supported by record citation.** None of the proffered evidence supports "Fact" No. 81. Exhibit 47 states that the definition of "face" as used in the document "[d]oes not mean Person/identity." (Braitberg Decl. Ex. 47 (APL-HAZLI_00052402).) The cited testimony in Exhibit 29 only verifies that the witness agrees that [redacted]" (Braitberg Decl. Ex. 29 (Freudiger Dep. 173:12-17).) Plaintiffs did not file the cited testimony in Ex. 76. None of the Exhibits mention a "[redacted]," and either do not mention or expressly contradict that the faceprint can "uniquely identif[y] a face." Moreover, the Exhibit describes contemplated functionality under development and does not reflect the final functionality of the People album feature and associated machine learning algorithms. It is dated April 30, 2014, and the People

[88] Ex. 47, APL-HAZLI_00052402; Ex. 29, Freudiger Dep. 173:12–17; Ex. 76, Revelo Dep. 42:10–18.

album feature was not released until September 13, 2016. (Huff Opp. Decl. ¶ 4; Viggiani Decl. Ex. 3 (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10/).)

82. The Photos app uses faceprints to sync People albums across devices.[89]

**Apple's Response: Disputed.** People albums are only synced across devices if users choose to enable iCloud Photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).) When iCloud Photos is enabled, photos-related data that is sent to iCloud Photos includes a user's photos and certain associated data, [redacted]. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Users control whether to enable iCloud Photos. When a user enables iCloud Photos [redacted] can be synced to iCloud. Apple **objects** to Plaintiffs' citation to Exhibits 77, 78, and 11 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. None of the cited documents or testimony state that Apple "uses" the [redacted] to sync People albums across devices, or clarify what Plaintiffs mean by the phrase.

83. A faceprint is a set of numbers that has been calculated using the photos as input and can be used by comparing the faceprint numbers created from a different photo.[90]

---

[89] Ex. 77, APL-HAZLI_00020231; Ex. 78, APL-HAZLI_00051347; Ex. 11, Jones Dep. 148:14–17.

[90] Ex. 4, Zhou Dep. 46:14–18.

**Apple's Response: Admitted in part and disputed in part. Admitted** that the Photos app [redacted]. **Disputed** to the extent Plaintiffs intend for "faceprint" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

84. The Photos app stores faceprints in a database.[91]

**Apple's Response: Not supported by record citation.** The cited document does not support "Fact" No. 84. It states that the "face embeddings" are "contain[ed]" in [redacted] "on the iPhone device." (Patel Decl. Ex. 3 (Jones Report ¶ 95).)

85. [redacted][92]

**Apple's Response: Admitted** that the cited testimony states that a face crop is the input to the Photos app [redacted].

86. [redacted][93]

**Apple's Response: Admitted in part and disputed in part. Admitted** that [redacted] **Disputed** because the cited testimonies do not refer to any [redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 39:13-23, 210:12-211:14), Braitberg Decl. Ex. 32 (Zuliani Dep. 180:19-21); Braitberg Decl. Ex. 8 (Circlaeys Dep. 38:17-39:6); Braitberg Decl. Ex.

---

[91] Ex. 20, Jones Report ¶ 95.

[92] Ex. 31, Sharma Dep. 39:13–23, 210:12–211:14; Ex. 32, Zuliani Dep. 180:19–21; Ex. 8, Circlaeys Dep. 38:17–39:6; Ex. 11, Jones Dep. 149:9–18.

[93] Ex. 31, Sharma Dep. 39:10–23, 211:1–14; Ex. 32, Zuliani Dep. 180:19–20; Ex. 11, Jones Dep. 149:19–23.

11 (Jones Dep. 149:9-18).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302).) Apple **objects** to Plaintiffs' citation to Exhibits 31, 32, and 11 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. None of the exhibits reference [redacted].

87. [redacted][94]

**__Apple's Response__: Admitted** that the cited testimony states that, to his "recollection," the expert witness believed that the [redacted].

88. [redacted][95]

**__Apple's Response__: Admitted in part and disputed in part. Admitted** that the Photos app [redacted] **Disputed** because the cited testimonies do not refer to the [redacted] They refer to the [redacted]

---

[94] Ex. 11, Jones Dep. 152:3-5.
[95] Ex. 6, Keating Dep. 127:25–128:11; Ex. 31, Sharma Dep. 75:19–76:13.

[redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 75:19-76:13)) and that [redacted] (Braitberg Decl. Ex. 6 (Keating Dep. 127:25-128:11).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265,APL-HZLT-SC_000288, APL-HZLT-SC_000302).) Apple **objects** to Plaintiffs' citation to Exhibits 6 and 31 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. Neither of the Exhibits reference [redacted]

89. [redacted][96]

**Apple's Response: Disputed**. Although the Photos app's detection [redacted], that process does not record or store facial landmarks or measure facial geometry. [redacted], not to capture or use data about the location or shape of facial features. The algorithm does not output or retain landmark coordinates, and no information derived from this step can identify any person. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49-52, 75, 79-80, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 41-42, 49).)

[96] Ex. 32, Zuliani Dep. 199:15–201:8, 251:4–10; Ex. 31, Sharma Dep. 104:8–23.

90. Faceprints encode essential information about an individual's facial geometry to facilitate efficient comparison and recognition.[97]

**<u>Apple's Response</u>: Disputed.** The [redacted] generated by the People album do not represent measurements of a person's face or facial geometry and are not based on face landmarks. (Patel Decl. Ex. 3 (Jones Report ¶ 75).) Further **disputed** to the extent Plaintiffs imply that "comparison and recognition" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted]

[97] Ex. 75, Brahnam Rep. ¶ 92.

[redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

91. [redacted].[98]

**<u>Apple's Response</u>: Disputed.** The Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) The [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

92. Because the Photos app is designed to identify individuals across different images and environments, it must capture the unique characteristics defining each person's face.[99]

**<u>Apple's Response</u>: Disputed.** The Photos app does not attempt to uniquely identify individuals or perform any geometric analysis of faces; its algorithms process only two-dimensional image data on the user's device to group visually similar photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 132); Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12, 21-23, 25, 49); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 77:21-78:1); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17, 136:8-137:1); Patel Decl. Ex. 52 (Keating Dep.

[98] Id. at ¶ 98.
[99] Id. at ¶ 99.

Ex. 20 at 3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

93. Uniquely identifying individuals based on their faces is fundamentally a geometric exercise.[100]

**Apple's Response: Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 93 has no bearing on the issues raised in Plaintiffs' motion. The Photos app does not attempt to uniquely identify individuals or perform any geometric analysis of faces; its algorithms process only two-dimensional image data on the user's device to group visually similar photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 132); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12, 21-23, 25, 49); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 77:21-78:1); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17, 136:8-137:1); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476)). Apple **objects** to Plaintiffs' citation to Exhibit 75 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

94. Geometry plays a fundamental role in the human perception of faces.[101]

---

[100] Id. at ¶ 102.
[101] *Id.* at ¶ 105.

**<u>Apple's Response</u>: Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 94 has no bearing on the issues raised in Plaintiffs' motion. **Disputed** because the Photos app does not attempt to uniquely identify individuals or perform any geometric analysis of faces; its algorithms process only two-dimensional image data on the user's device to group visually similar photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 132); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12, 21-23, 25, 49); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 77:21-78:1); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17, 136:8-137:1); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple **objects** to Plaintiffs' citation to Exhibit 75 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

95. CNNs mimic human vision by employing multiple convolutional layers that detect and interpret geometric patterns in visual data.[102]

**<u>Apple's Response</u>: Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 95 has no bearing on the issues raised in Plaintiffs' motion. **Disputed** because the Photos app's [redacted]—values that do not represent facial landmarks, measurements, or geometry. (Patel Decl. Ex. 3 (Jones Report ¶¶ 45-48, 51-52, 75-77, 79, 112, 132-33); Patel Decl. Ex. 5 (Jones

[102] Id. at ¶ 106.

Rebuttal ¶¶ 9(d), 21-22); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:6-14, 44:23-25); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22); Thomson Decl. Ex. A (APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12).) These embeddings are not scans of face geometry and the Photos app does not perform identification or know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 79-80, 112).) The embeddings are used only to group visually similar photos on the user's device and contain no geometric or identifying information. (Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 79-80, 112).)

96. [redacted][103]

**<u>Apple's Response</u>: Disputed.** The [redacted] generated by the People album do not represent measurements of a person's face or facial geometry and are not based on face landmarks. (Patel Decl. Ex. 3 (Jones Report ¶ 75).) Further **disputed** to the extent Plaintiffs imply that "detect[ing] faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

[103] Ex. 17, Hashmi Rebuttal ¶ 43.

[redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

97. The Photo app's method of collecting faceprints relies on first detecting faces in images. [104]

__Apple's Response__**: Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. **Disputed** to the extent Plaintiffs imply that "detecting faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted]

[104] Ex. 24, APL-HAZLI_00014440; Ex. 5, Subramaniam Dep. 47:9–48:4, 98:13–19; Ex. 8, Circlaeys Dep. 167:5–9; Ex. 6, Keating Dep. 90:15–22; Ex. 17, Hashmi Rebuttal ¶ 55.

[redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** that the People album machine learning algorithms "collect" faceprints. Instead, they generate a [redacted], none of which can uniquely identify an individual. (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 22-24).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

98. The Photos app uses [redacted].[107]

[105] Ex. 5, Subramaniam Dep. 17:24–18:11, 53:10–21; Ex. 32, Zuliani Dep. 80:17–19.
[106] Ex. 5, Subramaniam Dep. 53:13–25.
[107] *Id.* at 37:8–38:9, 48:9–49:9.

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the Photos app uses a face detection process to locate faces in images or video frames, without regard to what the faces look like or the identity of the person. Further **admitted** that an [redacted] **Disputed** to the extent Plaintiffs imply that "detect faces" is equivalent to identification. The People album feature technology tries to cluster photos of a person or pet with other photos of the same person or pet through a three-step process: [redacted] At no point in this three-step process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to

Plaintiffs' citation to Exhibit 32 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony states that the [redacted] (Braitberg Decl. Ex. 32 (Zuliani Dep. 80:17-19).)

99. Vision is a software module included in Apple's operating systems.[108]

**<u>Apple's Response</u>: Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 99 has no bearing on the issues raised in Plaintiffs' motion. Apple **objects** to Plaintiffs' citations to Exhibits 5 and 6 because the citations stand for a general proposition untethered to the specific facts of this case, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

100. [redacted][109]

**<u>Apple's Response:</u> Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 100 has no bearing on the issues raised in Plaintiffs' motion. Apple also **objects** to "Fact" No. 100 and the cited archived website link because the referenced link does not specify that [redacted], and therefore the citation does not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402.

---

[108] Ex. 6, Keating Dep. 14:7–16; Ex. 5, Subramaniam Dep. 17:24–18:7.

[109] https://developer.apple.com/documentation/vision/ [archived at https://perma.cc/G2H5 RXZM].

101. Apple has made some functionality in Vision public-facing for developers.[110]

**<u>Apple's Response</u>**: **Admitted, but not material**. Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 101 has no bearing on the issues raised in Plaintiffs' motion.

102. Apple takes photographs captured by the user and creates biometric templates from them.[111]

**<u>Apple's Response</u>**: **Disputed.** [redacted], not measurements or geometric data about the face. These [redacted] cannot identify a person and are used only to group visually similar photos within the user's device. The Photos app cannot identity any person from this process. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49-52, 75, 79-80, 112).)

103. Apple takes photographs captured by the user and creates biometric templates from them.[112]

**<u>Apple's Response</u>**: **Disputed**. [redacted], not measurements or geometric data about the face. These [redacted] cannot identify a person and are used only to group visually similar photos within the user's device. The Photos app cannot identity any person from this process. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49-52, 75, 79-80, 112).) "Fact" No. 103 is identical to and duplicative of "Fact" No. 102.

---

[110] Ex. 6, Keating Dep. 14:7–16.
[111] Ex. 79, Cava Dep. 224:12–13.
[112] *Id.* at 224:12–13.

104. Apple concedes that "faceprints" are biometric in nature.[113]

**<u>Apple's Response</u>**: **Not supported by record citation.** The proffered evidence does not support "Fact" No. 104. The cited testimony relates to whether hypothetical faceprints could be considered biometric in nature, in certain contexts.

105. The Photos app's process of collecting faceprints relies on feature maps.[114]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the Photos app [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Expert Report ¶ 25).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

106. Both the Face [redacted] use feature maps.[115]

**<u>Apple's Response</u>**: **Disputed.** The Photos app [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-

---

[113] Ex. 80, Shah Dep. 88:17–20 ("A faceprint can be used to uniquely identify a person, so it could be used as biometric data."); *see also* Ex. 1, Federighi Dep. 114:5–13; 118:21–120:5 (admitting that a faceprint is a biometric in certain contexts).
[114] Ex. 31, Sharma Dep. 69:22–24, 71:16–19; Ex. 11, Jones Dep. 153:6–8, 153:20–25.
[115] Ex. 75, Brahnam Rep. ¶ 96.

HZLT-SC_000264-0265).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Expert Report ¶ 25).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

107. [redacted][116]

**Apple's Response**: **Disputed.** [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302-).) The "feature maps" [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).) Apple also **objects** to "Fact" No. 107 to the extent it relies on Exhibit 90, an academic article that has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

108. Feature maps are representations of detected features[117] within an image, obtained through the process of convolution and pooling layers.[118]

**Apple's Response**: **Admitted** that the cited testimony describes features maps generally. The "feature maps" [redacted]

[116] Ex. 32, Zuliani Dep. 173:7–10; Ex. 90, APL_PLTF_0000906.
[117] Ex. 32, Zuliani Dep. 173:3–16.
[118] Ex. 31, Sharma Dep. 42:18–21.

[redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).) Apple **objects** to Plaintiffs' citation to Exhibit 31 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

109. In the Photos app, [redacted][119]

**<u>Apple's Response</u>**: **Not supported by record citation.** The cited testimony does not state that feature maps "play a central role in identifying and differentiating between various visual elements in the input photo." Instead, Mr. Sharma describes what [redacted] (Braitberg Decl. Ex. 31, Sharma Dep. at 43:24-46:2, 71:7-19, 148:6-149:1.) Mr. Zuliani's cited testimony describes what a convolution generally is in a [redacted] (Braitberg Decl. Ex. 32, Zuliani Dep. 50:14-22, 217:2-20.) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶ 25).)

[119] Id. at 43:24–46:2, 71:7–19, 148:6–149:1; Ex. 32, Zuliani Dep. 50:14–22, 217:2–20.

110. [redacted][120]

**<u>Apple's Response</u>**: **Admitted** that the cited testimony describes feature maps generally. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).) Apple **objects** to Plaintiffs' citation to Exhibit 31 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

111. Utilizing feature maps to generate faceprints enables Apple's Photos to process and interpret images, ultimately enabling its ability to organize photos by the people in them.[121]

**<u>Apple's Response</u>**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 111 because none of the citations pertain to the "feature maps'" ability to "interpret images" or use to "organize photos by the people in them."

112. Through the process of convolution, CNNs scan input images, detecting and encoding various facial attributes into feature maps.[122]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes the process of convolution and CNNs. **Disputed** to the extent Plaintiffs imply that the cited testimony is specific to the Photos app and People album feature. The Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of

---

[120] Ex. 31, Sharma Dep. 41:7–16.

[121] Ex. 32, Zuliani Dep. 71:16–19; Ex. 31, Sharma Dep. 80:9–20; Ex. 8, Circlaeys Dep. 52:2–52:24; Ex. 24, APL-HAZLI_00014440.

[122] Ex. 31, Sharma Dep. 35:14–21, 43:21–44:18; Ex. 32, Zuliani Dep. 173:8–16.

that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12-17).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).) Apple **objects** to Plaintiffs' citation to Exhibit 31 because the citation does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. [redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 35:14-21, 43:21-44:18).) Apple **objects** to Plaintiffs' citation to Exhibit 32 because the citation stands for a general proposition untethered to the specific facts of this case, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

113. [redacted][123]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the cited testimony describes [redacted] generally. **Disputed** to the extent Plaintiffs imply that the cited

[123] Ex. 81, APL-HAZLI_00021131.

testimony is specific to the Photos app and People album feature. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 46-47); (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40-42); Thomson Decl. Ex. A (APL-HZLT-SC_000485-0490, APL-HZLT-SC_000290-0293). [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 25).)

114. [redacted].[124]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 114, given that the cited testimony relates to hypothetical [redacted], not the People album technology at issue. Apple also **objects** to "Fact" No. 114 to the extent it relies on the cited testimony from Mr. Sharma, which lacks foundation. Fed. R. Evid. 602.

115. The Photos app uses a clustering process in which it uses faceprints to generate one or more clusters of photographs based on similarity of the faces appearing in them.[125]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes the Photos app's clustering process as in "Fact" No. 115. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

116. This clustering process is a facial recognition process.[126]

---

[124] Ex. 31, Sharma Dep. 71:7–19; Ex. 32, Zuliani Dep. 50:14–22.
[125] Ex. 11, Jones Dep. 154:19–24.
[126] Ex. 3, Thomson 2023 Dep. 50:22–51:2.

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the clustering process in the Photos app is a facial recognition process. **Disputed** to the extent Plaintiffs imply that the "facial recognition process" is equivalent to identification. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

117. [redacted] are effective in clustering to identify objects and individuals by comparing the similarities between embeddings.[127]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 117, given that the cited testimony only refers to the clustering process generally and its ability to group faces together using embeddings, not to any purported "effective[ness]" in "comparing the similarities between embeddings." (Patel Decl. Ex. 8 (Circlaeys Dep. 51:24-52:4); Braitberg Decl. Ex. 24 (APL-HAZLI_00014440); Patel Decl. Ex. 58 (Jones Dep. 154:19-24).)

118. To accomplish clustering, the Photos app compares faceprints for photos with the faceprints for the key media assets of all the clusters using a suitable distance metric.[128]

---

[127] Ex, 8, Circlaeys Dep. 51:24–52:4; Ex. 24, APL-HAZLI_00014440; Ex. 11, Jones Dep. 154:19–24.

[128] Ex. 8, Circlaeys Dep. 48:23–50:18; Ex. 82, Circlaeys Dep. Exhibit 2.

**<u>Apple's Response</u>**: **Disputed.** In the Photos app, "clustering" measures the similarity between each possible pair of samples [redacted] Clustering does not depend on any tag or identity being assigned to any or all of the sample; [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 64).) Apple further **disputes** "Fact" No. 118 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

119. The Photos app also extracts a person's torso, if visible, from an image and fusing the faceprint with an auxiliary [redacted][129]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes the Photos app's clustering process as in "Fact" No. 119. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

120. [redacted][130]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 120 has no bearing on the issues raised in Plaintiffs' motion.

---

[129] Ex. 31, Sharma Dep. 190:8–192:1; Ex. 24, APL–HAZLI_00014440.
[130] Ex. 31, Sharma Dep. 188:18–189:3; Ex. 24, APL–HAZLI_00014440.

121. Because [redacted][131]

**Apple's Response**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 121 has no bearing on the issues raised in Plaintiffs' motion.

122. [redacted] increases the precision in clustering faces belonging to individuals and the inclusion rate of recognized individuals in the People Album.[132]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited documents and testimony describe the process as in "Fact" No. 122. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

123. [redacted], they are clustered.[133]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited documents and testimony describe the process as in "Fact" No. 123. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

---

[131] Ex. 31, Sharma Dep. 190:17–191:11; Ex. 24, APL-HAZLI_00014440.
[132] Ex. 31, Sharma Dep. 188:18–190:15; Ex. 5, Subramaniam Dep. 124:10–21; Ex. 6, Keating Dep. 101:15–18; Ex. 8, Circlaeys Dep. 51:24–52:4; Ex. 24, APL-HAZLI_00014440.
[133] Ex. 31, Sharma Dep. 188:18–189:16; Ex. 8, Circlaeys Dep. 65:6–9; Ex. 24, APL–HAZLI_00014440.

124. The input of the face clustering algorithm includes faceprints.[134]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the cited documents and testimony describe the process as in "Fact" No. 124. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

125. Clustering is performed in two passes on the faceprints. In the first pass, greedy clustering is performed with [redacted] if available, or faceprints and [redacted] alone if only one or the other is available.[135]

**<u>Apple's Response</u>: Admitted in part and disputed in part. Admitted** that the cited document describes the clustering process as set forth in "Fact" No. 125. **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

126. Apple [redacted][136]

**<u>Apple's Response</u>: Admitted** that the quoted language in "Fact" No. 126 appears in APL-HAZLI_00013932.

127. Embeddings are fed into the clustering algorithm to form the gallery of frequently occurring people.[137]

---

[134] Ex. 8, Circlaeys Dep. 68:16–21.
[135] Ex. 24, APL-HAZLI_00014440.
[136] Ex. 83, APL-HAZLI_00013932.
[137] Ex. 11, Jones Dep. 155:3–16.

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited document describes the clustering process as set forth in "Fact" No. 127. **Disputed** to the extent Plaintiffs imply that the Photos app or People album feature can determine the identity of "frequently occurring people" in a user's photos. At no point does the Photos app or People album feature "identify individuals." [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, -APL-HZLT-SC_000288, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).

128. The Photos app uses faceprints to identify individuals.[138]

**<u>Apple's Response</u>**: **Disputed**. At no point does the Photos app or People album feature "identify individuals." [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, -APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-

[138] Ex. 145, Keating Dep. Ex. 20; Ex. 146, Keating Dep. Ex. 21; Ex. 6, Keating Dep. 148:3–149:18; Ex. 31, Sharma Dep. 150:15–151:1; Ex. 3, Thomson 2023 Dep. 35:6–23, 48:14–18.

SC_000473-0476).) The cited testimony also contradicts that "identity" means to verify an actual identity in the context of People album. (Braitberg Decl. Ex. 3, Thomson Dep., 35:15-23 (stating that "identify" is an "overloaded term" and it would be more accurate "to represent [the process] as finding common faces than [] it is to say that it's identifying people.").) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

129. One purpose of the People album is to "[r]ecognize the people in [Apple's] customers' lives and understand their interactions with each other and the environment."[139]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 129 appears in APL-HAZLI_00013932. **Disputed** to the extent Plaintiffs imply that "[r]ecogniz[ing] the people" is equivalent to identification. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

[139] Ex. 84, APL-HAZLI_00007012 at 2.

130. According to Apple, "identity" means "[a]ll the known faces in a photo library, for a particular real-world person."[140]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 130 appears in APL-HAZLI_00052402. **Disputed** to the extent Plaintiffs imply that Apple associates "faces in a photo library" with a person's actual identity. The cited document states that a "face" is not representative of a person or identity. (Braitberg Decl. Ex. 47 (APL-HAZLI_00052402).) In addition, at no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple also **objects** to Exhibit 47 because the Exhibit does not support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The Exhibit describes contemplated functionality under development and does not reflect the final functionality of the People album feature and associated machine learning algorithms. It is dated April 30, 2014, and the People album feature

[140] Ex. 47, APL-HAZLI_00052402.

was not released until September 13, 2016. (Braitberg Decl. Ex. 47 (APL-HAZLI_00052402)); (Huff Opp. Decl. ¶ 4; Viggiani Decl. Ex. 3 (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10).)

131. According to Apple's Senior Vice President of Software Engineering, Craig Federighi, one purpose of the facial recognition in the Photos app is used to determine if images "represent the same person."[141]

**<u>Apple's Response</u>**: **Not supported by record citation.** The proffered evidence does not support "Fact" No. 131. Mr. Federighi testified that, in contrast to the FaceID feature used to unlock an iPhone, the Photos app "cluster[s] [] similar faces" to "try [] to see [if] these photos appear to be similar and therefore, might represent the same person. Though it's not recognizing in the sense of knowing who that person is, it is drawing a similarity, kind of clustering of those people that a might, then, use to, themselves, decide if they want to look at groups that seem to be the same." (Patel Decl. Ex. 1 (Federighi Dep. 33:10-34:9).)

132. The Photos app attempts to understand the people that are in a user's Photos library as people and to represent those people in the user interface.[142]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes the Photos app algorithm as trying "to understand the people that are in your Photo library and represent those to you in the user interface." (Braitberg Decl. Ex. 8 123:13-17.) **Disputed** to the extent Plaintiffs imply that this process is equivalent to identification. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does

[141] Ex. 1, Federighi Dep. 33:22–34:9, 38:8–21.
[142] Ex. 8, Circlaeys Dep. 123:11–17, 137:14–138:7, 139:4–7.

not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

133. If a user labels a folder of photos of a given individual, the Photos app algorithm will associate that label with all other photos of that same individual.[143]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part. Admitted** that when a user chooses to label a People album, the photos in that album are associated with the user's chosen label. **Disputed** to the extent Plaintiffs imply that the Photos app algorithm verifies the actual identity of anyone in a People album photo. At no point does the Photos app or People album feature identify individuals. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-

[143] Ex. 13, Burnette Dep. 30:12–16, 33:3–24.

HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

134. The Photos app uses on-device clustering to group together photos of the same people.[144]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the Photos app uses on-device technology to try to cluster photos of a person or pet with other photos of the same person or pet. **Disputed** to the extent Plaintiffs imply that the Photos app algorithm verifies the actual identity of anyone in a People album photo to confirm whether photos actually depict "the same people." At no point does the Photos app or People album feature identify individuals. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

[144] Apple Inc. "Use the People & Pets album in Photos on your iPhone, iPad, or iPod touch." https://support.apple.com/en–us/108795 [archived at https://perma.cc/WF5F-PWD3]; Ex. 8, Circlaeys Dep. 53:12– 24; Ex. 80, Shah Dep. 29:9–30:16.

135. The Photos app uses on-device clustering to group together photos of the device's user.[145]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the Photos app uses on-device technology to try to cluster photos of a person or pet with other photos of the same person or pet. **Disputed** to the extent Plaintiffs imply that the Photos app algorithm knows who the device user is or their identity. At no point does the Photos app or People album feature identify individuals[redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).

136. [redacted][146]

**Apple's Response**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 136 has no bearing on the issues raised in Plaintiffs' motion.

---

[145] Ex. 8, Circlaeys Dep. 143:21–144:24, 148:17–151:8; Ex. 24, APL-HAZLI_00014440.
[146] Ex. 11, Jones Dep. 159:3–16, 159:17–25.

137. [redacted][147]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 137 has no bearing on the issues raised in Plaintiffs' motion.

138. The photo sorting functions of Apple Photos rely on faceprinting.[148]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited documents describe the Photos app's sorting functions, which include "faceprinting." **Disputed** to the extent Plaintiffs intend for "faceprinting" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Expert Report ¶¶ 22, 73-83).)

139. Apple Photos "uses face recognition to identify and suggest sharing photos with the people in them." [149]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 139 appears in APL-HAZLI_00004392. **Disputed** to the extent Plaintiffs imply that "face recognition" is equivalent to identification. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49,

[147] Ex. 88, APL-HAZLI_00005705.
[148] Ex. 69, APL-HAZLI_00010951 at 4; Ex. 59, APL-HAZLI_00010963 at 24; Ex. 89, APLHAZLI_0031169 at 32.
[149] Ex. 10, APL-HAZLI_00004392 at 4400.

51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

140. "Photos intelligently suggests names from [users'] Contacts."[150]

__Apple's Response__: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 140 appears in APL-HAZLI_00004356. **Disputed** to the extent Plaintiffs imply that "intelligently suggest[ing] names" is equivalent to verifying a person's identity. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

---

[150] Ex. 15, APL-HAZLI_00004356.

141. Various features of Apple Photos are dependent on face scanning, including "Memories" and "Sharing Suggestions."[151]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the cited documents and testimony describes functionality of the "Memories" and "Sharing Suggestions" of the Photos app. **Disputed** to the extent Plaintiffs imply that "scanning" is equivalent to a "scan of face geometry" as those terms are understood in the biometric community. (Patel Decl. Ex. 3 (Jones Report ¶¶ 12-17.) The Photos app algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) Apple **objects** to "Fact" No. 141 because it relates to the "Sharing Suggestions" feature, which is irrelevant to the claims in this case and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

142. "Photos uses the information of who is who in a picture to inform a . . . knowledge graph that identifies interesting patterns in a user's life, like important groups of people, frequent places, past trips, events, the last time a user took a picture of a certain person, and more."[152]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 142 appears in APL-HAZLI_00014440. **Disputed** to the extent Plaintiffs imply that "information of who is who in a picture" is equivalent to identification. At no point does the Photos app or People album feature identify "who is who in a picture." [redacted]

---

[151] Ex. 91, APL-HAZLI_00004366; Ex. 39, APL-HAZLI_00016451; Ex. 148, APL-HAZLI_00005495; Ex. 1, Federighi Dep. 152:23–153:7; Ex, 29, Freudiger Dep 175:23–177:10; Ex. 3, Thomson 2023 Dep. 255:5–23.

[152] Ex. 24, APL-HAZLI_00014440.

[redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

143. "Photos analyzes your library on device [redacted][153]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 143 appears in APL-HAZLI_00025206. **Disputed** to the extent Plaintiffs imply that the Photos app or People album feature uses the [redacted] to verify the identity of anyone in a photo. At no point does the Photos app or People album feature identify individuals. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A

[153] Ex. 85, APL-HAZLI_00025206; *see also* Ex. 86, APL-HAZLI_00033645.

(APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

144. Apple's Photograph (i.e., the [redacted]) helps identify the people that are important to the user.[154]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes Apple's [redacted] technology as helping "identify on device the people that are important to you." **Disputed** to the extent Plaintiffs imply that the Photos app or People album feature uses the [redacted] to verify the identity of anyone in a photo. At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple also **objects** to "Fact" No. 144 to the extent it relies on the cited testimony from Ms. Shah, which lacks foundation. Fed. R. Evid. 602.

[154] Ex. 80, Shah Dep. 42:10-23.

145. Apple's software [redacted]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 145 appears in APL-HAZLI_00004369. **Disputed** to the extent Plaintiffs suggest in "Fact" No. 145 that the Photos app verifies a person's identity. At no point does the Photos app or People album feature "identify" anyone in a photo. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

[redacted]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 146 appears in APL-HAZLI_00073608. **Disputed** to the extent Plaintiffs imply that the Photos app verifies the identities of a "device owner" and "the people in their photo

[155] Ex. 87, APL-HAZLI_00004369.
[156] Ex. 92, APL-HAZLI_00073608.

library." At no point does the Photos app or People album feature identify individuals in photos. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

147. The Photos app uses the identity information collected by the knowledge graph through the faceprinting process to infer the identity of the user.[157]

**<u>Apple's Response</u>: Disputed**. At no point does the Photos app or People album feature use "identity information" to verify or "infer the identify the user." [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-

[157] Ex. 8, Circlaeys Dep. 149:3–22; Ex. 85, APL-HAZLI_00025206; Ex. 24, APL-HAZLI_00014440; Ex. 129, APL-HAZLI_00012710.

SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple also **disputes** "Fact" No. 147 to the extent Plaintiffs intend for "faceprinting" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).

148. Upon clustering photos to identify the user, Photos displays a prompt to the user to confirm "is this a photo of you?"[158]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited testimony describes Photos app functionality that includes a prompt, "is this a photo of you?". **Disputed** to the extent "Fact" No. 148 states that photos are clustered to "identify the user" or Plaintiffs imply that the Photos app verifies the identify of the user**.** The cited testimony states that the People album algorithms are "solely trying to cluster [] faces through faceprints" and [t]here is no association necessary of any name of any sort." (Patel Decl. Ex. 8 (Circlaeys Dep. 144:18-24).) At no point does the Photos app or People album feature "identify" anyone in a photo. The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-

[158] Ex. 8, Circlaeys Dep. 142:22–143:4, 143:21–144:24, 148:17–152:12.

0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

149. [redacted].[159]

**<u>Apple's Response</u>**: **Disputed**. At no point does the Photos app or People album feature infer or verify "the identify the user." The Photos app uses non-facial recognition on-device information, such as whether the photos are selfies, to infer whether photos are photos of the user. (Patel Decl. Ex. 8 (Circlaeys Dep. 149: 10-22).) But Apple does not know the identity of the user. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

[redacted]

[159] Ex. 16, Hashmi Report ¶¶ 111–12.
[160] Ex. 8, Circlaeys Dep. 149:24–152:12.

**<u>Apple's Response</u>: Disputed**. Information provided in the knowledge graph is not "for user identification." The Photos app uses non-facial recognition on-device information, [redacted], to infer whether photos are photos of the user. (Patel Decl. Ex. 8 (Circlaeys Dep. 149: 10-22).) But Apple does not know the identity of the user. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000288, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

151. When Apple Photos presents curated "memories" to users, [redacted][161]

**<u>Apple's Response</u>: Not supported by record citation**. "Fact" No. 151 stiches together two separate statements from different pages of the cited document concerning different topics—one on page 1, which explains that the Memories feature includes various themes, many centered around important people in a user's life, and another on page 2, which introduces a distinct discussion of face-clustering algorithms. These two passages address different topics and, when combined, create a statement not otherwise supported by the document. (Braitberg Decl. Ex. 24 (APL-HAZLI_00014440).)

[161] Ex. 24, APL-HAZLI_00014440.

152. Apple formulated its plan to use faceprints to group photos of similar faces as early [redacted].[162]

**<u>Apple's Response</u>: Not supported by record citation, and otherwise disputed.** The proffered evidence does not support "Fact" No. 152. The cited document describes various contemplated functionality under development, not a "plan to use faceprints to group photos of similar faces." In addition, the document, [redacted], does not refer to People album and does not reflect the final functionality of the People album feature, which was not released until September 13, 2016. (Huff Opp. Decl. Ex. B (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10/).) Apple **disputes** "Fact" No. 152 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

153. By combining user input with automatic clustering based on faceprints, Apple Photos "treats collections of faces as individual persons."[163]

**<u>Apple's Response:</u> Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00013932. **Disputed** because the cited document does not support the proffered fact. The cited document and quoted text describes the "Photos Person data model"—a model related to the machine learning algorithm for clustering—which seeks to "reconcile[] face clusters automatically produced by the clustering algorithm with the needs of the user interface to treat collections of faces as individual persons, e.g. to name and merge them." (Braitberg Decl. Ex. 83 (APL-HAZLI_00013932.) In other words, the document describes a user

[162] Ex. 93, APL-HAZLI_00058813.
[163] Ex. 83, APL-HAZLI_00013932.

interface that allows users to assign a name to group of photos or merge collections of photos. It does not reference "faceprints" or describe any combination of user input with clustering in performing that reconciliation. Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

154. iCloud Photos automatically keeps every photo and video users take in iCloud synchronizing "changes you make to your collection on one device [to] other devices too" such that "Memories and People are updated everywhere."[164]

__**Apple's Response:**__ **Admitted in part and disputed in part. Admitted** that the quoted language in "Fact" No. 154 appears in APL-HAZLI_00004354. **Disputed** that for every user iCloud Photos automatically keeps every photo and video users take. Apple further responds that synchronization across a user's device happens when a user enables iCloud Photos. The document further notes that photos and videos deleted on one device are deleted across all devices using iCloud Photos, and that users can disable synchronization by disabling iCloud. (APL-HAZLI_00004354).)

155. The Photos app attempts to represent identities of persons in photographs through what Apple calls the [redacted]

__**Apple's Response:**__ **Admitted in part and disputed in part. Admitted** that the language in "Fact" No. 155 appears in APL-HAZLI-00013932. **Disputed** because the cited document does not support that the "Photos app attempts to represent identities of persons in photographs." Instead, the document describes how "[a]ssets are analyzed to detect faces" which

[164] Ex. 94, APL-HAZLI_00004354.
[165] Ex. 83, APL-HAZLI_00013932.

[redacted] and acknowledges the need for "user actions, e.g. naming and merging." Further, **disputed** to the extent Plaintiffs imply that "represent identities of persons in photographs" is meant to be equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

156. [redacted][166]

<u>**Apple's Response**</u>: **Disputed.** [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 128); [redacted]

[166] Ex. 17, Hashmi Rebuttal ¶ 52.

[redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).)

157. The Photos app "algorithmically relate[s] newly clustered [f]aces to the appropriate [p]erson."[167]

**Apple's Response:** **Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI-00016854. **Disputed** to the extent the statement implies that the identity of a person is known to the Photos app. Neither the clustering algorithm nor Apple knows the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 79-80); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16, 94:16-98:6); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23).)

158. A faceprint is a compact and standardized representation of the unique facial features of a face extracted from a photo.[168]

**Apple's Response:**. **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. The testimony does not refer to "unique facial features of a face." Instead, the witness agreed with a description of a faceprint from a patent as being a "[redacted] that uniquely identifies a face image but does not associate a

[167] Ex. 95, APL-HAZLI_00016854.
[168] Ex. 5, Subramaniam Dep. 88:15–89:8.

name with the face." (Braitberg Decl. Ex. 5 (Subramaniam Dep. 88:15-24).) Apple **disputes** "Fact" No. 158 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

159. The objective of the [redacted][169]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that [redacted] **Disputed** to the extent the statement implies that the identity of the individual is known. Neither the clustering algorithm nor Apple knows the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 79-80); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16, 94:16-98:6); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23).) Apple further **disputes** that the clustering process is based on any identified individual, but instead on "a group of similar faces," with the possibility that "multiple clusters" may represent the same person. (Patel Decl. Ex. 8 (Circlaeys Dep. 52:2-52:24).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

160. Faceprints encode essential information about an individual's facial geometry to facilitate efficient comparison and recognition.[170]

---

[169] Ex. 6, Keating Dep. 105:24–106:7; Ex. 56, APL-HAZLI_00028095; Ex. 24, APL-HAZLI_00014440.
[170] Ex. 31, Sharma Dep. 80:9–20.

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed**. The cited testimony does not support the proffered fact. The testimony refers to "[redacted]" [redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 80:9-20).) At no point does the witness refer to facial geometry or define essential information. In the biometrics field, "face geometry" refers to a three-dimensional representation of a face, not a representation of a two-dimensional photograph. (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 9(a)-(b).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 9(a)-(b); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶ 29).) Apple **disputes** "Fact" No. 160 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

161. Faceprints are used to sort photos and identify persons by their faces.[171]

**<u>Apple's Response:</u>** **Not supported by record citation, and otherwise disputed**. The cited testimony and documents do not support the proffered fact. The cited testimony from Mr. Circlaeys states that clustering is not based on any identified individual, but instead on "a group of similar faces," with the possibility that "multiple clusters" may represent the same person. (Patel Decl. Ex. 8 (Circlaeys Dep. 52:2-52:24).) The cited testimony from Mr. Sharma defines [redacted]

---

[171] *Id.* at 80:9–20; Ex. 8, Circlaeys Dep. 52:2–52:24; Ex. 24, APL-HAZLI_00014440; Ex. 96, APLHAZLI_00005366.

[redacted] (Braitberg Decl. Ex. 31 (Sharma Dep. 80:9-20).) The documents cited also do not support the conclusion that the People album feature is capable of uniquely identifying individuals and describe only the technical process through which the feature clusters photos based on [redacted]. (Braitberg Ex. 96 (APL-HAZLI_00005366 [redacted] (Braitberg Ex. Ex. 24, APL-HAZLI_00014440 at 14441-42 (discussing generation of embeddings or [redacted] and clustering).) Apple **disputes** "Fact" No. 161 to the extent Plaintiffs imply that "identify persons by their faces" is equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

[redacted]

**<u>Apple's Response:</u> Not supported by record citation, and otherwise disputed.** The cited testimony and documents do not support the proffered fact. The cited testimony confirms [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 56:8-58:15).) (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83, 120-22).) Apple **disputes** "Fact" No. 162 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple further **disputes** that the described face attributes are part of the alleged "faceprint" or the process used to cluster photographs in the Photos app. (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 29-30).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 29-30); Thomson Decl. Ex. A (APL-HZLT-SC_000764, APL-HZLT-SC_000797, APL-HZLT-SC_000830, APL-HZLT-SC_000858, APL-HZLT-SC_000859).)

163. [redacted][174]

**<u>Apple's Response</u>**: **Admitted**. What Plaintiffs refer to as "faceprints" are the [redacted] that the People album technology generates. [redacted]

[172] Ex. 31, Sharma Dep. 56:8–13.
[173] *Id.* at 58:7–13.
[174] Ex. 75, Brahnam Rep. ¶ 94; Ex. 24, APL-HAZLI_00014440; Ex. 48, APL-HAZLI_00006305; Ex. 31, Sharma Dep. 138:13–139:10; Ex. 8, Circlaeys Dep. 38:4–9.

[redacted] (*See* Braitberg Decl. Ex. 20 (Jones Report ¶ 75).)

164. [redacted][76]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on legal issue raised in the motion." "Fact" No. 164 has no bearing on the issues raised in Plaintiffs' motion.

165. [redacted][177]

**<u>Apple's Response</u>**: **Admitted**.

166. This approach allows the network to learn and concentrate on relevant areas of the receptive field. [redacted][178]

**<u>Apple's Response</u>**: **Admitted.** The cited exhibit, Exhibit 24, is the entirety of a document entitled "Person Recognition in Photos." The document describes how face and torso crops "are fed to a pair of separate [redacted], or embeddings" to cluster together photos of people. Apple further states recognition is not equivalent to identification. While the algorithm creates a gallery of individuals, it does not identify them, by assigning a name or other personally identifying information, and nothing in the

---

[175] Ex. 75, Brahnam Rep. ¶ 94; Ex. 24, APL-HAZLI_00014440.
[176] Ex. 75, Brahnam Rep. ¶ 94; Ex. 24, APL-HAZLI_00014440.
[177] Ex. 75, Brahnam Rep. ¶ 94; Ex. 24, APL-HAZLI_00014440.
[178] Ex. 75, Brahnam Rep. ¶ 94; Ex. 24, APL-HAZLI_00014440.

cited document is to the contrary. (Braitberg Decl. Ex. 24 (APL-HAZLI_00014440).) What Plaintiffs refer to as "faceprints" are the [redacted] that the People album technology generates. These faceprints are created by a [redacted] These embeddings do not represent measurements of a person's face or facial geometry and are not based on face landmarks. (*See* Braitberg Decl. Ex. 20 (Jones Report ¶ 75).)

167. [redacted].[179]

**<u>Apple's Response</u>**: "Fact" No. 167 bundles two separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **disputed.** While this language appears in Dr. Brahnam's report, there is no support for the proffered fact that [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 56:8-57:1, 57:24-58:15).) In a process "distinct from the task of producing a faceprint," there are other tasks, such as knowing if a person has their eyes open, that produce semantically meaningful outputs. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 29-30).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

---

[179] Ex. 75, Brahnam Rep. ¶ 94; Ex. 31, Sharma Dep. 56:8–57:1, 57:24–58:15.

168. [redacted][181]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the witness testified that [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 54:9-20, 56:8-57:1, 57:24-58:15).) The cited testimony also explains that [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 207:3-18).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 29-30).) **Disputed** that the described [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 29-30).) Apple further **disputes** Apple further "Fact" No. 168 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

169. [redacted]

[180] Ex. 75, Brahnam Rep. ¶ 94; Ex. 31, Sharma Dep. 55:25–56:3.
[181] Ex. 75, Brahnam Rep. ¶ 94; Ex. 31, Sharma Dep. 55:13–57:1.

[redacted][182]

**<u>Apple's Response</u>**: **Disputed.** While this language appears in Dr. Brahnam's report, there is no support for the proffered fact that the "faceprint" is used to "identify individuals" (Braitberg Decl. Ex. 75 (Brahnam Rep ¶ 106).) At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

170. More precise bounding boxes produce better [redacted].[183]

**<u>Apple's Response</u>**: "Fact" No. 170 bundles two separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part. Admitted** that

[182] Ex. 75, Brahnam Rep ¶ 106.
[183] *Id.* at ¶ 117; Ex. 31, Sharma Dep. 104:8–105:15; Ex. 32, Zuliani Dep. 269:15–19.

Mr. Sharma testified that "[b]etter face box alignment results in a better face crop . . . [that] results in a better quality embedding" and Mr. Zuliani testified that refining "the position of the face bounding box . . . helps improve the subsequent process of faceprinting." (Braitberg Decl. Ex. 31 (Sharma Dep. 105:12-15); Braitberg Decl. Ex. 32 (Zuliani Dep. 269:17-19).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

171. [redacted][187]

**<u>Apple's Response</u>**: "Fact" No. 171 bundles at least three separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part. Admitted** that Dr. Brahnam makes these statements in her cited report. **Disputed** because the cited testimony does not support the proffered fact. Mr. Sharma testified only that he read the words in an exhibit stating [redacted] but these were "just threads or research directions" (Braitberg Decl. Ex. 31 (Sharma Dep. 104:8-105:15).) [redacted] (Braitberg Decl. Ex. 31(Sharma Dep. 74:16-

[184] Ex. 75, Brahnam Rep. ¶ 117; Ex, 31, Sharma Dep. 104:8–105:24; Ex. 32, Zuli[redacted] Dep. 269:15–19; Ex. 97, APL-HAZLI_00004438.
[185] Ex. 75, Brahnam Rep. ¶ 122; Ex. 31, Sharma Dep. 74:16–75:18, 76:23–77:17.
[186] Ex. 75, Brahnam Rep. ¶ 122; Ex. 6, Keating Dep. 125:6–22.
[187] Ex. 75, Brahnam Rep. ¶ 122; Ex. 5, Subramaniam Dep. 179:8–180:9, 243:9–23; Ex. 3, Thomson 2023 Dep. 199:19–22; Ex. 6, Keating Dep. 127:5–11.

75:18, 76:23-77:17).) Mr. Zuliani simply explained that bounding box alignment is a "refinement step on the position of the face bounding box that helps improve the subsequent process of faceprinting." (Braitberg Decl. Ex. 32 (Zuliani Dep. 269:15-19).) Neither Mr. Subramaniamn, Mr. Thomson, nor Mr. Keating testified that a [redacted] (Braitberg Decl. Ex. 31(Subramaniam Dep. 179:8-180:9, 243:9-23); Ex. 3 (Thomson 2023 Dep. 199:19-22); Ex. 6 (Keating Dep. 127:5-11).) Further, Dr. Brahnam's suggestion that it is preferable to use face landmarks to generate better aligned bounding boxes and thus generate better face embeddings (Patel Decl. Ex. 61 (Brahnam Report ¶¶ 116-122)) is refuted by the Photos app's source code itself, which Dr. Brahnam did not analyze. (Patel Decl. Ex. 3 (Jones Report ¶ 43).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 43-44).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 44).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶ 44).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

172. Apple's Photos uses faceprints to cluster and group photos.[188]

[188] Ex. 75, Brahnam Rep. ¶ 123; Ex. 29, Freudiger Dep. 60:21 – 61:6 ;Ex. 45, Langoulant Dep. 86:15–87:9, 107:11 – 108:19; Ex. 6, Keating Dep. 27:12–17; Ex. 24, APL-HAZLI_00014440; Ex. 5, Subramaniam Dep. 35:7–13, 245:20–246:25, 248:25–249:16; Ex. 8, Circlaeys Dep. 65:6–9.

**<u>Apple's Response</u>**: **Admitted** to the extent that "faceprint" refers to the [redacted] that the People album technology generates. Apple further states that the Photos app uses the [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).)

173. [redacted][189]

**<u>Apple's Response</u>**: **Disputed.** The cited testimony does not support the proffered fact. In her report, Dr. Brahnam points to [redacted] (Patel Decl. Ex. 61 (Brahnam Report ¶¶ 120, 125).) Dr. Brahnam, however, has not demonstrated that facial landmarks or other physical attributes of faces found in digital photographs are used by Apple in the clustering algorithm. (Patel Decl. Ex. 61 (Brahnam Report ¶¶ 108-125, 131).) Dr. Brahnam's argument conflates two separate processes: [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 38).) The cited testimony spoke to a benefit of "better face box alignment" and otherwise explained that [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 105:16-24, 205:4-206:4).)

[189] Ex. 75, Brahnam Rep. ¶ 124; Ex. 31, Sharma Dep. 105:16–24, 205:4–206:4.

174. A biometric identifier includes an iris scan, fingerprint, voiceprint, or scan of hand or face geometry.[190]

**__Apple's Response__**: **Admitted** that language appears in 740 ILCS 14/10. Apple does not concede any legal characterizations that may be drawn from that statutory language. Apple **objects** to Plaintiffs' citation to Exhibit 99 and Exhibit 147 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony confirms only that the witnesses, in their individual capacities, believe a fingerprint, voiceprint, or "3D model of someone's face" could be "biometric data." (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 271:20-272-3); Braitberg Decl. Ex. 98 (Fornallaz Dep. 26:24-27:21).) The documents discuss the technical process through which FaceID identifies individuals (Braitberg Decl. Ex. 99 (APL-HAZLI_00004446); Braitberg Decl. Ex. 147 (APL-HAZLI_00004453)), without any discussion of "faceprints" or "biometric data" relevant to the People album feature.

175. The term "biometric" relates to the biology of a human and includes characteristics unique to each person that are a reflection of an individual's DNA.[191]

**__Apple's Response__**: **Not supported by record citation.** The cited testimony does not support "Fact" No. 175. The witness was not defining the term "biometric," but rather offering his personal understanding of the term and offering a *fingerprint* as an example of something biometric and what makes a *fingerprint* unique. (Braitberg Decl. Ex. 29 (Freudiger Dep. 35:2-25).) Apple also **objects** to "Fact" No. 175 to the extent it relies expert testimony from a lay witness.

[190] Ex. 3, Thomson 2023 Dep. 271:20 – 272:3; Ex. 98, Fornallaz Dep. 26:24 – 27:21; Ex. 99, APLHAZLI_00004446; Ex. 147, APL-HAZLI_00004453.
[191] Ex. 29, Freudiger Dep. 35:2–25.

Fed. R. Evid. 701-702. Mr. Freudiger offered his testimony as a layperson, expressly prefacing his response by stating, "I'm a computer engineer, so don't quote me." He then stated, "I believe the fingerprint is unique to you and a reflection of your DNA and who you are as a person." The testimony therefore reflects only the witness's lay understanding of "biometric" and fingerprints—and his knowledge "as a Latin speaker"—not a technical or authoritative definition of "biometric." (Viggiani Decl. Ex. 5 (Freudiger Dep. 35:2-25).)

176. Apple's Touch ID and Face ID device features scan the user's fingerprint and face, respectively, to authenticate the user.[192]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 176 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited testimony states that with [redacted] (Braitberg Decl. Ex. 29, Freudiger Dep. 37:13-23.) **Disputed** because the cited testimony does not use the term "scan." Apple **objects** to "Fact" No. 176 because Touch ID and Face ID are not relevant to the People album technology at issue, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

177. Apple's Touch ID and Face ID features are biometric authentication features.[193]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion."

[192] *Id.* at 37:13–23.
[193] *Id.* at 36:17–37:23.

"Fact" No. 177 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited testimony identified "Touch ID and Face ID" as examples of when the witness' "role touched or concerned the concept of biometrics" and that the witness stated "I don't know if I would call them biometric technologies, but I would say they're something that authenticates the user." (Braitberg Decl. Ex. 29, Freudiger Dep. 36:17-37:23.) **Disputed** because the cited testimony does not use the term "biometric authentication features." Apple **objects** to "Fact" No. 177 because Touch ID and Face ID are not relevant to the People album technology at issue, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402.

178. A "faceprint" is commonly considered a product of facial recognition technology.[194]

**<u>Apple's Response</u>**: **Not supported by record citation, and immaterial.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 178 has no bearing on the issues raised in Plaintiffs' motion. None of the proffered evidence supports "Fact" No. 178. These documents are three patents and none state that "faceprint" "is commonly considered a product of facial recognition." (Braitberg Decl. Ex. 100 (APL_PLTF_0000015); Ex. 101 (APL_PLTF_0000073); Ex. 102 (APL_PLTF_0000445).)

179. Facial recognition works by first scanning an image for characteristics that indicate a human face such eyes, noses, ears, mouth, etc.[195]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 179 has no bearing on

[194] Ex. 100, APL_PLTF_0000015; Ex. 101, APL_PLTF_0000073; Ex. 102, APL_PLTF_0000445.

[195] Ex. 103, APL_PLTF_0008334.

the issues raised in Plaintiffs' motion. **Admitted** that a step in the People album technology includes processing a photo to detect faces and upper bodies and [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000302, APL-HZLT-SC_000264-0265).) Apple **objects** to Exhibit 103 because it refers generally to "facial detection software" and not to the People album technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple further **objects** to Exhibit 103 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

180. Then, facial recognition tools convert faces in the image into a string of digital numbers of points, which can be called a "faceprint."[196]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 180 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that a step in the People album technology is to [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-78); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 21-22, 25); Thomson Decl. Ex. A ((APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344).) Apple **objects** to Exhibit 103 because it refers generally to "facial detection software" and not to the People album technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be

[196] *Id.*

without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple further **objects** to Exhibit 103 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

181. Algorithms compare the generated faceprint with other faceprints in a database to determine their similarity.[197]

**<u>Apple's Response</u>**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 181 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that a step in the People album technology is to compare [redacted] and score their level of similarity or difference. (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1).). Apple **objects** to Exhibit 103 because it refers generally to "facial detection software" and not to the People album technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple further **objects** to Exhibit 103 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

182. A general definition of the term "biometric data" includes data that can uniquely represent or identify a specific individual.[198]

**<u>Apple's Response</u>**: **Disputed.** The cited testimony does not support the proffered fact. The witness provided his own "understanding of what the term" "biometrics" means, not a general definition of "biometric data." (Braitberg Decl. Ex. 80, Shah Dep. 87:19-88:7.) Apple further **disputes** that the [redacted] at issue are used to

---

[197] *Id.*
[198] Ex. 80, Shah Dep. 87:19–88:7.

identify anyone. Each [redacted] is input into a clustering algorithm that creates the albums of photos users see in the People albums on their Apple devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 66, 75); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).) Neither the clustering algorithm nor Apple knows the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 79-80); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16, 94:16-98:6); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23).) The [redacted] are not linked to any information that would establish an individual's identity (i.e., information obtained through an "enrollment" process, which does not occur in connection with the Photos app). (Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶ 29).)

183. The faceprints collected by the Photos app can be used to uniquely identify a person.[199]

**Apple's Response**: **Disputed.** The cited testimony does not support the proffered fact. The testimony from Mr. Shah only states that a faceprint "could be used as biometric data," not that the People album faceprints (i.e., [redacted]) are biometric data or can be used to uniquely identify a person. (Viggiani Decl. Ex. 6 (Shah Dep. 88:17-20).) In Mr. Sharma's cited testimony, he states only that "[redacted]" while qualifying that the "definition of biometrics is ultimately vague." (Viggiani Decl. Ex. 4 (Sharma Dep. 225:2-7).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) At no point does the Photos app or People album feature "identify a person." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums.

[199] Ex. 80, Shah Dep. 88:9–20; Ex. 31, Sharma Dep. 225:2–7.

(Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

184. Apple's corporate representative on topics related to artificial intelligence and machine learning, Vinay Sharma, testified that a faceprint that has not been generated by a neural network "looks like the exact same thing" as one generated by a neural network.[200]

**Apple's Response**: **Disputed.** The cited testimony does not support the proffered fact. Mr. Sharma testified only that, hypothetically, it would be possible to produce a "faceprint" for clustering without using a neural network. He did not testify that the resulting output would be identical to, or function in the same way as, a neural network-generated "faceprint," nor did he testify that such data constitutes biometric information. The testimony does not describe Apple's People album technology, and the undisputed source code evidence confirms that the "[redacted]" at issue are not scans of face geometry or biometric identifiers. (Braitberg Decl. Ex. 31, Sharma Dep. 133:3-16.) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

185. In 2010, Facebook, began automatically signing up its users in a program called Tag Suggestions.[201]

[200] Ex. 31, Sharma Dep. 133:3–16.
[201] Ex. 104, APL_PLTF_0010381.

**<u>Apple's Response:</u> Not supported by record citation, and immaterial.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 185 has no bearing on the issues raised in Plaintiffs' motion. The cited document does not support the proffered fact. It does not state that Facebook "began automatically signing up its users in a program called Tag Suggestions." (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) This document is an article titled "What is Facial Recognition - Definition and Explanation" and only mentions Facebook as an example of a company that has used facial recognition technology without any detailed discussion of Facebook's feature. (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) Apple **objects** to Exhibit 104 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

186. The Tag Suggestions feature allowed users to tag close friends in photos by suggesting names based on faceprints.[202]

**<u>Apple's Response:</u> Not supported by record citation, and immaterial.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 186 has no bearing on the issues raised in Plaintiffs' motion. The cited document does not support the proffered fact. There is no mention of "tag[ging] close friends in photos by suggesting names based on faceprints." (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) This document is an article titled "What is Facial Recognition – Definition and Explanation" and only mentions Facebook as an example of a company that has used facial recognition technology without any detailed discussion of Facebook's feature. (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) Apple **objects** to Exhibit 104 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

---

[202] *Id.*

187. Facebook created this feature by creating a unique faceprint of every individual in a user's photos.[203]

**<u>Apple's Response</u>: Not supported by record citation, and immaterial.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 187 has no bearing on the issues raised in Plaintiffs' motion. The cited document does not support the proffered fact. There is no mention of Facebook creating the Tag Suggestions feature "by creating a unique faceprint of every individual in a use's photos." (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) This document is an article titled "What is Facial Recognition – Definition and Explanation" and only mentions Facebook as an example of a company that has used facial recognition technology without any detailed discussion of Facebook's feature. (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) Apple **objects** to Exhibit 104 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

188. Google incorporates facial recognition technology into Google Photos and uses it to sort pictures and automatically tag them based on the people recognized.[204]

**<u>Apple's Response</u>: Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 188 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited document includes the language in this proferred fact. This document is an article titled "What is Facial Recognition – Definition and Explanation" and only mentions Google as an example of a company that has used facial recognition technology without any detailed discussion of Google's feature. (Braitberg Decl. Ex. 104, APL_PLTF_0010381.) Apple **objects** to "Fact" No. 188 because Google's technology is

[203] *Id.*
[204] *Id.*

irrelevant to the technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple **objects** to Exhibit 104 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

189. ID.me collects what they refer to as facial biometrics, which involves users uploading images of themselves which are used to generate a facial geometry, otherwise known as faceprints, for identity verification.[205]

**Apple's Response: Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 189 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited document includes the language in this proffered fact. Apple **objects** to "Fact" No. 189 because ID.me's technology is irrelevant to the technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple **objects** to Exhibit 105 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

190. Other companies such as British Airways, Cigna, Coca-Cola, and Snapchat have also integrated facial recognition technology into their services, including the generation and use of faceprints.[206]

**Apple's Response: Admitted in part and disputed in part, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 190 has no bearing on the issues raised in Plaintiffs' motion. **Admitted** that the cited

[205] Ex. 105, APL_PLTF_0009085.
[206] Ex. 104, APL_PLTF_0010381.

document lists British Airways, Cigna, Coca-Cola, and Snapchat as companies that integrate facial recognition, but **disputed** because the cited document does not support the proffered fact that any of the listed companies generate or use faceprints. (Braitberg Decl. Ex. 104 (APL_PLTF_0010381 at -0386).) Apple **objects** to "Fact" No. 190 because other companies' integration of facial recognition technology into their services is irrelevant to the technology at issue and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. Apple **objects** to Exhibit 104 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

191. Apple writes its own software and decides what the software does.[207]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that this statement reflects a general proposition that Apple typically writes its own software for its desired use cases. **Disputed** because the cited testimony does not support the proffered fact. Mr. Thomson testified regarding whether users can alter the automatic aspect of clustering, whether users or Apple control what source code is written, and encryption of data on user devices. (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 65:13-17, 85:10-90:2, 91:8-92:4).) Mr. Brasher only testified yes to the questions whether "Apple controls the software on Apple devices" and whether "Apple controls the contents of source code," which do not speak to writing source code. (Braitberg Decl. Ex. 28 (Brasher Dep. 15:15-17, 208:17-19).) In addition to his cited testimony, Mr. Zuliani testified that, [redacted]

[207] Ex. 8, Circlaeys Dep. 193:15–22; Ex. 3, Thomson 2023 Dep. 65:13–17, 85:10–90:2, 91:892:4; Ex. 28, Brasher Dep. 15:15–17, 208:17–19.

[redacted] (Braitberg Decl. Ex. 8 (Circlaeys Dep. 193:4-9).)

192. Apple decides what features and functions are available on its software.[208]

**<u>Apple's Response</u>**: **Admitted** that this statement reflects a general proposition that Apple designs the features and functions of its products, including the software it develops.

193. Apple decides how the features function.[209]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that this statement reflects a general proposition that Apple designs and determines how its software features are intended to function. **Disputed** as to any implication that all aspects of feature functionality are determined exclusively by Apple or that no third-party components, user settings, third-party applications, or system variables influence how such features operate. Apple further notes that "third-party software" "can be loaded on the phone that individuals outside of Apple control," that Apple's software functionality is "a combination of the user's actions and the software," and that a "user can control what the software—how the software behaves." (Viggiani Decl. Ex. 8 (Thomson Dep. 83:3-85:3).)

194. Apple decides the means by which facial recognition is performed on its devices.[210]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that this statement reflects a general proposition that Apple decides what features are offered on its products. **Disputed** to the extent Plaintiffs imply that "face recognition" is performed on all devices and is equivalent to identification. At no point does the Photos app or People album feature "identify individuals." The [redacted] is never linked to any information that could

[208] Ex. 8, Circlaeys Dep. 268:24–269:9; Ex. 13, Burnette Dep. 157:14–17.
[209] Ex. 13, Burnette Dep. 157:18–24.
[210] Ex. 32, Zuliani Dep. 231:17–22.

uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

195. Apple controls whether a user can opt out of the [redacted] and faceprints stored within users' libraries.[211]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** as a general proposition that Apple, as the developer of its products and software, determines the policies governing whether users may opt out of certain features, including the creation of [redacted] or faceprints stored within users' libraries. **Disputed** because users control whether to use the Camera and Photos apps, when to delete photos [redacted] whether and how to label People albums, and whether to delete People albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 92-93); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-202:9); Patel Decl. Ex. 42 (Zuliani Dep. 293:19-23).) Further **disputed** because the cited testimony does not support the proffered fact. Mr. Zuliani responded yes only to the question whether "Apple determines whether users can decide to opt out of the creation of [redacted] and faceprints stored within users' libraries; there is no mention of control. (Braitberg Decl. Ex. 32 (Zuliani Dep. at 247:7-13).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the

[211] *Id.* at 247:7–13.

People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

196. Apple controls what photos are scanned on a user's device. [212]

**__Apple's Response__**: **Admitted in part and disputed in part. Admitted** that Mr. Shah testified that "Apple doesn't dictate which photo should scan or not. It's pretty much all of them that were added by the user [...] it was a feature that was enabled by Apple." (Viggiani Decl. Ex. 6 (Shah Dep. 125:4-8, 125:18-22).) **Disputed** because users control whether to use the Camera and Photos apps or to use other third-party camera and photos applications, and if a user does not use the Photos app, the processes for generating [redacted] and clusters will not run. (Patel Decl. Ex. 3 (Jones Report ¶ 74).) Users alone control whether to take photos. (Patel Decl. Ex. 3 (Jones Report ¶ 92); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-20).) Further **disputed** because the Photos app and People album feature algorithms at issue "scan" images under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3-7).) [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 12-17.) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist.

[212] Ex. 80, Shah Dep. 125:1–22.

LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

197. Apple controls what photos are processed for facial recognition.[213]

**<u>Apple's Response</u>**: **Not supported by record citation.** The cited testimony does not support the proffered fact, which is about metadata associated with images. (Braitberg Decl. Ex. 32 (Zuliani Dep. 232:5-11).) Users control whether to use the Camera and Photos apps or to use other third-party camera and photos applications, and if a user does not use the Photos app, the processes for generating [redacted] and clusters will not run. (Patel Decl. Ex. 3 (Jones Report ¶ 74).) Users alone control whether to take photos. (Patel Decl. Ex. 3 (Jones Report ¶ 92); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-20).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

198. Apple controls whether faceprints and face crops are made from a user's photos.[214]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. None of the witnesses testified that "Apple *controls* whether faceprints and [redacted] are made from a user's photos." Ms. Shah responded yes to the question whether Apple made "the *decision* to make faceprints [redacted] from photos in a user's photo library." (Braitberg Decl. Ex. 80 (Shah Dep. 145:16-22) (emphasis added).) Mr. Zuliani testified that "[w]hatever is the behavior of the algorithm is *decided* by the engineers, the managers. . .the other people that are working on building a certain feature."

---

[213] Ex. 32, Zuliani Dep. 232:5–11.

[214] Ex. 80, Shah Dep. 145:16–22; Ex. 13, Burnette Dep. 159:15–21, 161:8–12; Ex. 32, Zuliani Dep. 229:16–230:14.

(Braitberg Decl. Ex. 32 (Zuliani Dep. 229:16-230:14).) Ms. Burnette's testimony similarly speaks to the *decision* to create [redacted] as part of the face sync process and to use the "faceprints" for clustering. (Braitberg Decl. Ex. 13 (Burnette Dep. 159:15-21, 161:8-12) (emphasis added).) Users, however, control whether to use the Camera and Photos apps or to use other third-party camera and photos applications, and if a user does not use the Photos app, the processes for [redacted] and clusters will not run. (Patel Decl. Ex. 3 (Jones Report ¶ 74).) Users, not Apple, also control whether to take photos and what they take photos of. (Patel Decl. Ex. 3 (Jones Report ¶ 92); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-20).) Apple **disputes** "Fact" No. 198 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

199. Apple controls what metadata is associated with [redacted] and faceprints. [215]

**<u>Apple's Response</u>**: **Admitted**, but disputed to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist.

[215] Ex. 80, Shah Dep. 145:24–146:2.

LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

200. Apple controls whether faceprints and other data are stored on an Apple device.[216]

**<u>Apple's Response</u>**: **Admitted in part, disputed in part.** None of the witnesses testified that "Apple controls whether faceprints and other data are stored on an Apple device." **Admitted** that Ms. Burnette testified regarding whether "Apple decides whether those faceprints are saved on the local device," to which she stated "the engineers who write the code . . .encode the behavior to keep them local on device." (Braitberg Decl. Ex. 13 (Burnette Dep. 168:13-22).) Mr. Zuliani similarly testified regarding whether "Apple decides whether [redacted], and faceprints are stored locally," to which he said "No. There is no alternative" and "Apple obeys to the highest standards of privacy, and those suggest that we keep the stuff locally." (Braitberg Decl. Ex. 32 (Zuliani Dep. 233:17-234:23).) **Disputed** because users control whether to take photos, whether to use the Camera and Photos apps, whether to delete photos (and therefore any related faceprints) and whether to enable or disable iCloud Photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66, 72, 91, 101, 112); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2, 137:11-18, 167:13-22); Patel Decl. Ex. 7 (Burnette Dep. 201:21-202:9); Patel Decl. Ex. 8 (Circlaeys Dep. 70:3-16); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22,

[216] Ex. 13, Burnette Dep. 168:13–22; Ex. 32, Zuliani Dep. 233:17–234:23.

73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

201. Apple controls whether [redacted] and faceprints are stored locally on user's devices.[217]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** Mr. Zuliani testified "I don't think that the user has control on the path of the location" and that "[i]t's a decision made by the engineers/managers that build the algorithms." (Braitberg Decl. Ex. 32 (Zuliani Dep. 234:25-235:25).) Ms. Shah's testimony, however, pertains to whether Apple controls *where* [redacted] and faceprints are stored locally on user's devices. [redacted] or what Plaintiffs refer to as "faceprints" are generated and stored on the device as part of the Photos app's on-device processing. **Disputed** because users control whether to take photos, whether to use the Camera and Photos apps, whether to delete photos (and therefore any related "faceprints") and whether to enable or disable iCloud Photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66, 72, 91, 101, 112); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2, 137:11-18, 167:13-22); Patel Decl. Ex. 7 (Burnette Dep. 201:21-202:9); Patel Decl. Ex. 8 (Circlaeys Dep. 70:3-16); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted]

[217] Ex. 80, Shah Dep. 146:4–8; Ex. 32, Zuliani Dep. 234:25–236:4.

[redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

202. Apple controls whether [redacted] and faceprints are uploaded to Apple's servers.[218]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. Mr. Zuliani testified that "[t]he algorithms are defined by Apple engineers." (Braitberg Decl. Ex. 32 (Zuliani Dep. 237:5-20).) Apple does not control whether [redacted], or what Plaintiffs refer to as "faceprints" are uploaded to Apple's servers. Users control whether to enable iCloud Photos. When a user enables iCloud Photos, [redacted] can be synced to iCloud. After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6, 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson

[218] Ex. 32, Zuliani Dep. 237:5–20.

Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Decl. Ex. A (APL-HZLT-SC_000858-860).) Apple **disputes** "Fact" No. 202 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

203. Apple controls which faceprints, [redacted] are stored in the cloud.[219]

<u>**Apple's Response**</u>: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. Neither witness testified that "Apple controls which faceprints, [redacted] are stored in the cloud." Ms. Shah testified regarding "what servers [redacted] are stored upon in the cloud" and "the retention period for [redacted], and faceprints that are stored locally on user devices." (Braitberg Decl. Ex. 80 (Shah Dep. 149:2-16).) Ms. Burnette responded to a question regarding whether "Apple decides what data is stored on Apple's servers" and responded "it is the Apple engineering team that created the technology that allows [redacted] to be stored in the iCloud photo library for sync purposes." (Braitberg Decl. Ex. 13 (Burnette Dep. 161:13-162:6).) Apple does not control whether [redacted], or what Plaintiffs refer to as "faceprints" are stored in iCloud Photos. Users control whether to enable iCloud Photos. When a user enables iCloud Photos, [redacted] can be synced to iCloud. After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted]

---

[219] Ex. 80, Shah Dep. 149:2–16; Ex. 13, Burnette Dep. 161:13–162:6.

[redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6, 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Decl. Ex. A (APL-HZLT-SC_000858-859).) Apple **disputes** "Fact" No. 204 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

204. Apple controls the retention period for [redacted] and faceprints that are stored locally on user devices. [220]

**__Apple's Response__**: **Admitted in part and disputed in part. Admitted** that Ms. Shah responded yes to the question whether Apple "controls the retention period for [redacted] and faceprints that are stored locally on user devices." **Disputed** because users control whether to retain or delete photos, and therefore retain or delete the related data. (Patel Decl. Ex.

[220] Ex. 80, Shah Dep. 146:10–19, 149:12–16.

3 (Jones Report ¶ 93); Patel Decl. Ex. 42 (Zuliani Dep. 293:19-23); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:21-202-9).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

205. Apple controls the security measures for [redacted] and faceprints.[221]

__Apple's Response__: **Not supported by record citation, and otherwise disputed**. The cited testimony does not support the proffered fact. The witness did not testify that "Apple *controls* the security measures for [redacted] and faceprints." Mr. Zuliani responded correct to the question whether Apple "*decides* the security measures for [redacted] and faceprints[.]" (Braitberg Decl. Ex. 32, Zuliani Dep. 236:5-9 (emphasis added).) Apple **disputes** "Fact" No. 205 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83); (Braitberg Decl. Ex. 32, Zuliani Dep. 236:5-9).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

[221] Ex. 32, Zuliani Dep. 236:5–9.

206. Users are likely unaware of whatever security measures Apple has in place, which Apple remotely alters from time to time.[222]

**<u>Apple's Response</u>**: **Not supported by record citation.** The cited testimony does not support the proffered fact. Mr. Brasher's testimony pertains to "key hierarchy and encryption processes taking place behind the scenes," not "whatever security measures Apple has in place" as Plaintiffs contend. (Braitberg Decl. Ex. 28, Brasher Dep. 66:8-67:23, 177:8-24.) Apple **objects** to Fact" No. 206 to the extent it relies on the cited testimony from Mr. Brasher, which is speculative. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 403.

207. Apple maintains updates to its [redacted].[223]

**<u>Apple's Response</u>**: **Not supported by record citation not material, and otherwise disputed.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 207 has no bearing on the issues raised in Plaintiffs' motion. The proffered evidence does not support "Fact" No. 207. The cited document states only that "[redacted] (Braitberg Decl. Ex. 106 (APL-HAZLI_00004437).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

208. Apple controls whether any application programming interface (API) can access the [redacted] and faceprints. [224]

[222] Ex. 28, Brasher Dep. 66:16–67:23; 177:8–24.
[223] Ex. 106, APL-HAZLI_00004437.
[224] Ex. 80, Shah Dep. 150:1–5; Ex. 32, Zuliani Dep. 246:25–247:5.

**Apple's Response**: **Admitted in part and disputed in part. Admitted** as a general proposition that Apple, as the developer of its products and software, creates the policies and procedures governing access to application programming interfaces (APIs). **Disputed** because Plaintiffs' questioning in the cited portion of the deposition testimony confirmed that the witness was "not in any way representing that Apple is doing that [permitting access to [redacted] or faceprints through an API]." (Viggiani Decl. Ex. 7 (Zuliani Dep. 246:5-23).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple **objects** to Plaintiffs' legal conclusion as to "control" as improper under Local Civil Rule 56.1. *See Phx. Ins. Co. v. Ackercamps.Com LLC*, No. 3:23-cv-3303-DWD, 2024 U.S. Dist. LEXIS 213478, at *6 (S.D. Ill. Nov. 22, 2024) (legal argument improper in statement of material facts).

209. Apple could create a program that deletes all faceprints, [redacted] collected by the Photos app.[225]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 209. The cited testimony states only that a hypothetical update to delete this material is technically possible. (Braitberg Decl. Ex. 80 (Shah Dep. 150:18-151:19).) The witness testified that "it's software. You could write any software that is enabled on iOS and could do what you are asking to be done." (Braitberg Decl. Ex. 80, Shah Dep. 150:18-151:19.) Apple **objects** to Fact" No. 209 to the extent it relies on the cited testimony from Ms. Shah, which is speculative. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 403.

[225] Ex. 80, Shah Dep.150:18–151:19.

210. Apple forbids users from altering Photos app software.[226]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that this statement reflects that Apple designs and determines the parameters of its Photos app software and that users cannot modify the source code. **Disputed** as to any implication that users lack control over the operation of the Photos app or its functionality, or that Apple controls how a user utilizes the Photos app. Apple states that Apple's software functionality is "a combination of the user's actions and the software," and that a "user can control what the software—how the software behaves." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 83:4-85:3).)

211. The user has no knowledge of the collection of faceprints and feature maps.[227]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** None of the proffered evidence supports "Fact" No. 211. Mr. Brasher did not testify regarding the "collection of faceprints and feature maps," but instead testified that users may be "unaware" that "behind the scenes the system is generating all of these cryptographic keying materials and keybags and everything else that's going on." (Braitberg Decl. Ex. 28 (Brasher Dep. 66:33-67:1, 67:4-6, 209:22-210:6).) Mr. Thomson testified regarding users' ability to disable clustering and that the clustering feature doesn't have its own consent process. (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 180:14-181:21).) **Disputed** because Apple publicly discloses information regarding the People album technology. (Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at

---

[226] Ex. 3, Thomson 2023 Dep. 80:10-23; Apple software license agreements (Ex. 107, APLHAZLI_00000011; Ex. 108, APL-HAZLI_00000432; Ex. 109, APL-HAZLI_00000881; Ex. 110, APLHAZLI_00001332; Ex. 111, APL-HAZLI_00001738; Ex. 112, APL-HAZLI_00002273; Ex. 113, APLHAZLI_00002862; Ex. 114, APL-HAZLI_00003452; Ex. 115, APL-HAZLI_00003920; Ex. 116, APLHAZLI_00004127); Ex. 28, Brasher Dep. 209:11–20.
[227] Ex. 3, Thomson 2023 Dep. 180:14–181:21; Ex. 28, Brasher Dep. 66:33–67:1, 67:4–6, 209:22–210:6.

3).) Apple **objects** to "Fact" No. 211 to the extent it relies on the cited testimony from Mr. Brasher, which is speculative. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 403.

212. Collection happens automatically.[228]

__Apple's Response__: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact because the testimony relates only to the clustering process and face detection. (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 164:10-165:1, 180:10-13.) **Disputed** because this is not a clear or complete statement of fact. It fails to identify or reference what "collection" it is referring to or the context in which the "collection" occurs.

213. The software that's on Apple devices is owned by Apple, and the contents of its source code is dictated by Apple.[229]

__Apple's Response__: **Admitted in part and disputed in part. Admitted** as a general proposition that the software installed on Apple devices is owned by Apple, and that Apple determines the contents of its source code. **Disputed** as to any implication regarding how such software operates, how source code is developed or maintained, or how ownership or control relates to any issue in this case.

214. Users are unable to separately delete faceprints from Apple devices.[230]

__Apple's Response__: **Admitted in part and disputed in part. Admitted** that users cannot "separately" delete faceprints, but **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** because, consistent with the cited testimony of the witness, "users are able to delete the

[228] Ex. 3, Thomson 2023 Dep. 164:24–165:1; 180:10–13.
[229] *Id.* at 77:23–78:10.
[230] *Id.* at 288: 17–25.

asset associated with the faceprint [, [t]hen the faceprint will be deleted." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 288:17-25).)

215. The user has no way to disable the functionality of faceprint creation.[231]

**Apple's Response**: **Not supported by record citation, and otherwise disputed**. The cited testimony does not support the proffered fact. The testimony establishes that "users are able to delete the asset associated with the faceprint[, t]hen the faceprint will be deleted." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 288:17-25).) Apple further **disputes** "Fact" No. 215 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

216. Apple can push software updates to Apple devices.[232]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that this statement reflects that Apple generally has the capability to make software available for download and installation on Apple devices. **Disputed** to the extent the statement implies that such updates are automatically pushed or installed without any user consent or input. Mr. Thomson testified that "the user can allow Apple to make updates to the software." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 81:25-82:1).) He further testified that "[g]enerally, the approach is that we prompt the user to ask them if they'd like to update the device." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 82:8-1).)

217. Apple can remotely disable features.[233]

[231] *Id.* at 173:7–1744:2.
[232] *Id.* at 82:3 – 83:13.
[233] Ex. 117, APL_PLTF_0011668; Ex. 80, Shah Dep. 150:7-151:19; Ex. 3, Thomson 2023 Dep. 81:22-84:9, 206:2-10; Ex. 1, Federighi Dep. 101:9-25; Ex. 28, Brasher Dep. 66:16-67:23.

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that Apple has the capability to remotely disable features. **Disputed** to the extent this statement implies that Apple disables or modifies features remotely without user consent or input, or that such actions occur automatically. Mr. Thomson testified that "the user can allow Apple to make updates to the software." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 81:25-82:5.) Apple **objects** to Plaintiffs' citation to Exhibits 3, 28, 80, and 117 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." Fed. R. Evid. 401, 402. The cited testimony from Mr. Thomson and Mr. Brasher discusses Apple's process for software updates, not, as Plaintiffs contend, Apple's ability to remotely disable features. (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 81:22-84:9, 206:2-10); Ex. 28 (Brasher Dep. 66:16-67:23).) The cited testimony from Ms. Shah discusses a hypothetical about whether Apple would be able to delete all of a user's faceprints, [redacted] not whether Apple can remotely disable any particular feature. (Braitberg Decl. Ex. 80 (Shah Dep. 150:7-151:19).) Exhibit 117 is the Apple Platform Security document, which describes Apple's process for escrowing encryption keys and is irrelevant to "Fact" No 217. (Braitberg Decl. Ex. 117 (APL_PLTF_0011668).) Apple **objects** to Exhibit 117 because it has not been properly authenticated. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 901(a).

218. Apple collects diagnostic and usage data from devices.[234]

**Apple's Response**: **Admitted, but not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 218 has no bearing on

[234] Ex. 118, APL-HAZLI_00014628.

the issues raised in Plaintiffs' motion. **Admitted** that Apple collects diagnostic and usage data from devices consistent with its publicly-disclosed policies and user settings.

219. Apple possesses encryption keys held in escrow and has the ability to access iCloud photo libraries.[235]

**Apple's Response**: **Disputed.** Under the default Standard Data Protection setting, Apple retains escrowed encryption keys. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 26, 66-69); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Platform Security Guide) at 151); Patel Decl. Ex. 3 (Jones Report ¶ 86); Patel Decl. Ex. 1 (Federighi Dep. 148:12-23) Apple uses the encryption key only if a user requests or upon receipt of a valid lawful subpoena. (Patel Decl. Ex. 3 (Jones Report ¶ 88); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Platform Security Guide) at 151); Patel Decl. Ex. 38 (Brasher Report ¶¶ 26, 69); Huff Decl. ¶ 10; Patel Decl. Ex. 47 (Law Enforcement Guidelines) at 12-13. Apple further states that since December 2022, users can enable Advanced Data Protection. (Huff Decl. ¶ 9; Patel Decl. Ex. 46 (https://www.apple.com/newsroom/2022/12/apple-advances-user-security-with-powerful-new-data-protections/ (last accessed Sept. 29, 2025)); Patel Decl. Ex. 38 (Brasher Report ¶ 42).) When a user enables Advanced Data Protection, the vast majority of their iCloud data is end-to-end encrypted and the encryption keys are stored only on the user's devices. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 153.) Where data is end-to-end encrypted with the encryption keys stored only on a user's devices, neither Apple nor any third party can access the data without the user's knowledge or consent and the data remains secure even in the case of a data breach in the cloud. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 153; Huff Decl. ¶ 8; Patel Decl. Ex. 48 (iCloud data security overview) at 151.)

[235] Ex. 3, Thomson 2023 Dep. 97:10–98:2, 103:1–16; Ex. 1, Federighi Dep. 148:1–150:18.

220. Even if the faceprints are encrypted, they are still faceprints.[236]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. The witness stated that an encrypted faceprint is still a faceprint "only [] to somebody who has the ability to decrypt it back from an encrypted ciphertext to a clear text." (Viggiani Decl. Ex. 9 (Brasher Dep. 142:12-15).) Apple **disputes** "Fact" No. 220 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

221. Encryption does not fundamentally change the nature of the data.[237]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part**. **Admitted** that the witness testified that encryption is a "lossless process." **Disputed** because when encrypted, data "appears to the computer as completely random binary data." Apple further states "[e]ncryption is a technology that . . . disguise[s] the content" to "protect and secure information." (Patel Decl. Ex. 38 (Brasher Report ¶ 30).)

222. Apple concedes encrypted faceprints are now stored on its servers.[238]

**<u>Apple's Response</u>**: **Not supported by record citation**. The cited testimony does not support the proffered fact. The testimony concerns whether the compute sync is now "part of the iCloud Photo Library" for certain users, but does not discuss where the compute sync data is stored. (Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 393:4-19, 396:8-25).) After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted]

[236] Ex. 28, Brasher Dep. 142:1–15, 144:16–145:4.
[237] Ex. 11, Jones Dep. 290:6-16.
[238] Ex. 26, Thomson 2025 Dep. 393:4-19, 396:8-25.

[redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) The algorithms that generate the [redacted] and use it to try to cluster photos of the same individual together continue to run locally on each device. Apple further states that [redacted]. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Decl. Ex. A (APL-HZLT-SC_000858-0859).)

223. Apple is unable to state the location or locations of the servers where the faceprints of Illinois citizens are physically stored.[239]

__Apple's Response__: **Not supported by record citation, not material, and otherwise disputed.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 222 has no bearing on the issues raised in Plaintiffs' motion. The cited document does not support the proffered fact. The document states only that it was not possible to definitively identify which server stores the alleged "faceprints" for Illinois residents specifically, because Plaintiffs' question incorrectly assumed that all "faceprints" would be stored on a single

[239] *See* Apple Inc.'s Supp. Resp. to Pls.' RFP No. 87, *Hazlitt v. Apple Inc.*, No. 3:20-cv-00421-NJR (S.D. Ill. Mar. 28, 2025) (stating Apple "has located no documents … sufficient to show the location of servers that store the data blobs" and that "there is no [single/common] answer regarding the location of servers" because assets "may be moved among servers").

server. [redacted]. (Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 32-41.) Apple **disputes** "Fact" No. 223 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

224. Apple can access metadata associated with photos stored on the iCloud Photos Library.[240]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited testimony responded "yes" to the question whether "it's technically possible for Apple to access metadata associated with photos stored on the iCloud Photos Library." **Disputed** because the witness also explained that Apple "does not" actually access iCloud Photos' data without the user's consent. (Braitberg Decl. Ex. 29, Freudiger Dep. 204:10-20.)

225. Various features and functions of Apple software are limited by, or depend on, the user's geographical location.[241] Apple makes available "frameworks" that can be used to create other software on Apple Devices, including "Core Location," a framework that can provide location services.[242] Apple Photos does not disable automatic photo sorting in Illinois[243] and does not allow the user to disable automatic photo sorting.[244]

**Apple's Response**: "Fact" No. 225 bundles at least three separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to

[240] Ex. 29, Freudiger Dep. 103:18–104:1.
[241] Ex. 119, APL_PLTF_0007698; Ex. 29, Freudiger Dep. 188:17–20, 195:4–12.
[242] Ex. 121, Steele Dep. 16:14–22.
[243] Ex. 3, Thomson 2023 Dep. 74:17–20.
[244] Ex. 29, Freudiger Dep. 66:4–19.

assess the purported material "fact." This fact is **not supported by record citation.** None of the proffered evidence supports "Fact" No. 225. Taking each of the statements in turn, Plaintiffs' contention that Apple is able to limit software based on a user's geographical location mischaracterizes the testimony, which states only that the witness was aware of one instance unrelated to the People album feature where software was limited based on geographic region. The witness stated, "configuration was technically feasible but not practical" and went on to describe the countrywide implementation and reconfiguration efforts that occurred in order to implement that software limitation. (Braitberg Decl. Ex. 29, Freudiger Dep. 188:17-20, 195:4-12.) Plaintiffs' cited testimony regarding the core location framework explicitly relates to Wallet and Wallet code, neither of which are relevant to any issues or defenses in this case. (Braitberg Decl. Ex. 121, Steele Dep. 16:14-22.) Plaintiffs' cited testimony related to whether Apple "does not disable automatic photo sorting in Illinois" cites to a question about whether the witness had asked anybody at Apple if disabling sorting functionality was possible, and the witness answered only "I have not, no." (Braitberg Ex. 3, Thomson 2023 Dep. 74:17-20.) The cited testimony related to whether Apple allows users to "disable automatic photo sorting" relates only to whether a user can disable the People Album feature. (Braitberg Decl. Ex. 29, Freudiger Dep. 66:4-19.) Apple further states users control whether to take photos, whether to use the Camera and Photos apps, and whether to enable or disable iCloud Photos. (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66, 72, 91, 101, 112); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2, 137:11-18, 167:13-22); Patel Decl. Ex. 7 (Burnette Dep. 201:21-202:9); Patel Decl. Ex. 8 (Circlaeys Dep. 70:3-16); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1); Patel Decl. Ex. 42 (Zuliani Dep.

293:8-9); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104).)

226. Apple collects information regarding the geographical location of photos stored in the iCloud photo library.[245]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that Apple gathers information regarding geographical locations from devices consistent with its publicly-disclosed policies and user settings. **Disputed** as this fact implies that such data is collected automatically, without user consent or input, or for any purpose relevant to the claims or defenses in this case. Users "must enable Location Services on your iPhone and give your permission to each app or website before it can receive location data from Location Services" (Huff Opp. Decl. Ex. C (https://www.apple.com/legal/privacy/data/en/location-services/).)

227. Faceprints collected and stored locally are not encrypted.[246]

**Apple's Response**: **Disputed.** People album data, including the [redacted] and People album labels, stored on a user's device are encrypted. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 60-61); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 104-06, 136).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

228. The user cannot disable faceprint syncing.[247]

**Apple's Response**: **Disputed.** Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section

---

[245] Ex. 120, APL-HAZLI_00005743 at 5744.
[246] Ex. 80, Shah Dep. 82:25–83:13, 146:25–147:2; Ex. 29, Freudiger Dep. 198:9–18, 212:17–20.
[247] Ex. 26, Thomson 2025 Dep. 487:7–12.

of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).) Every user has the option to sync photos and related data to iCloud Photos and can disable syncing at any time. (Patel Decl. Ex. 14 (Robinson Dep. 194:24-195:14); (Patel Decl. Ex. 3 (Jones Report ¶ 91); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:3-10).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Users control whether to use the Camera and Photos apps or to use other third-party camera and photos applications, and if a user does not use the Photos app, the processes for generating [redacted] and clusters will not run. (Patel Decl. Ex. 3 (Jones Report ¶ 74).) Users alone control whether to take photos. (Patel Decl. Ex. 3 (Jones Report ¶ 92); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1-8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-20).)

229. [redacted][248]

**<u>Apple's Response</u>**: **Admitted** [redacted] After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) Apple cannot view or access [redacted]

[248] Ex. 29, Freudiger Dep. 198:13–21, 212:17–20; Ex. 28, Brasher Dep. 59:25–60:3.

stored in iCloud Photos because they are end-to-end encrypted and Apple does not have access to the encryption key. Encryption keys associated with encrypted [redacted] (Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 19); Huff Decl. ¶ 13; Patel Decl. Ex. 72 (Secure Enclave Apple Support Webpage).) [redacted] (Patel Decl. Ex. 57 (Brasher Rebuttal ¶¶ 21-23); Huff Decl. ¶¶ 5, 9; Patel Decl. Ex. 40 (Apple Platform Security Guide at 99, 103-113); Patel Decl. Ex. 46 ("Apple advances user security with powerful new data protections" at 4-5); Patel Decl. Ex. 39 (Neuenschwander Dep. 34:15-35:12, 126:6-19).)

230. Apple conceded through its corporate representatives that Apple never obtained written consent for the collection of biometric data in the Photos app.[249]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 230. The cited testimony does not support the contention that Apple conceded it never obtained written consent for the collection of biometric data in the Photos app. The witnesses stated only that they were not aware of any disclosures, or "fine print" addressing biometric data and further explained that such language would not be relevant because the People album does not collect biometric information. (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 283:4-15; Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21); Viggiani Decl. Ex. 16 (Fornallaz Dep. 149:14-150:19, 153:8-154:22); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 509:21-510:18,

[249] Ex. 3, Thomson 2023 Dep. 283:4–15; Ex. 14, Huff Dep. 66:13–21; Ex. 98, Fornallaz Dep. 149:14–150:19, 153:8–154:22; Ex. 26, Thomson 2025 Dep. 509:21–510:18, 512:24–513:17.

512:24-513:17).) Apple further states users have to consent to using iCloud and iCloud Photos. (Viggiani Decl. Ex. 5 (Freudiger Dep. 155:23-156:20).)

231. Apple software has never prompted users to consent in connection with collection of faceprints or other biometric data in the Photos app.[250]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 231. The cited testimony does not support the contention that the Photos app collects "faceprints" or other "biometric data," or that consent would be required for generation and use of [redacted] The witnesses stated only that they were not aware of any prompts regarding consent related to the Photos app and explained that such prompts would not be relevant because the People album does not collect biometric or identifying information. (Viggiani Decl. Ex. 5 (Freudiger Dep. 155:23-156:20, 167:2-10, 171:23-172:5); Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 133-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:3-18, 44:23-47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 63:24-64:16, 137:11-18, 167:13-22); Patel Decl. Ex. 52 (Keating Dep. Ex. 20); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17).) Apple further states users have to consent to using iCloud and iCloud Photos. (Viggiani Decl. Ex. 5 (Freudiger Dep, 155:23-156:20).)

232. Apple's terms of use and privacy policies do not mention the terms "faceprint" or biometric" with respect to the Photos app.[251]

[250] Ex. 3, Thomson 2023 Dep. 63:24–64:16; Ex. 29, Freudiger Dep. 155:23–156:20, 167:2–10, 171:23–172:5.
[251] Ex. 29, Freudiger Dep. 112:18–22, 156:21–158:15.

**<u>Apple's Response</u>**: **Not supported by record citation and otherwise disputed.** The cited testimony does not support the proffered fact. Mr. Freudiger testified that he did not know or recall whether such terms were used in Apple's "Nutrition Label for the Photos app." (Braitberg Decl. Ex. 29 (Freudiger Dep. 112:18-22, 156:21-158:15).) **Disputed** to the extent this implies that such terms are required to be mentioned in those documents or that the Photos app collects biometric or identifying information that would necessitate those disclosures. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 133-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 9(a)-(b), 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:3-18, 44:23-47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22); Patel Decl. Ex. 52 (Keating Dep. Ex. 20); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

233. Apple currently maintains as confidential the fact that it collects faceprints in iCloud.[252]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed.** None of the proffered evidence supports "Fact" No. 233. The cited materials are interrogatory responses regarding algorithms related to the "photo sorting software," material changes to the Photos app since 2016, and the locations where information regarding the photo-sorting features are stored. Neither the questions nor the responses affirm that Apple maintains the syncing of faceprints as part of an encrypted datablob as confidential. The only mention of the

[252] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024).

word "confidential" appears in the document's designation, which states "Confidential - Attorneys' Eyes Only," given the detailed discussion of the software. (Braitberg Decl. Ex. 25 (Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024)).) Additionally, the fact that after July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are transmitted and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled), is discussed publicly in Plaintiffs' Fourth Amended Complaint. (ECF No. 239 ¶¶ 211-218.). Apple **disputes** "Fact" No. 233 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

234. Apple has never publicly disclosed in any statement or document that its software causes faceprints from the Photos app to be stored in iCloud.[253]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** None of the proffered evidence supports "Fact" No. 234. The cited interrogatory responses discuss algorithms related to the "photo sorting software," material changes to the Photos app since 2016, and the locations where information regarding the photo-sorting features are stored. Neither the questions nor the responses pertain to Apple's public disclosures. Mr. Thomson stated only that he was not aware of public statements Apple made regarding faceprints in "Apple Photos" and that he did not see the word "faceprint" in the documents showed to him by Plaintiffs' counsel. (Braitberg Decl, Thomson 2025 Dep. 420:10-17.) The cited testimony from Ms. Oatman relates only to when she updated her operating system. None of this testimony support Plaintiffs' assertion. **Disputed** as this fact implies that such terms are required to be mentioned in

[253] *Id.*; Ex. 26, Thomson 2025 Dep. 412:20–413:5, 417:11–25, 419:10–420:24; Ex. 122, Oatman Dep. 101:9–22.

those documents or that the Photos app collects biometric or identifying information that would necessitate those disclosures. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 133-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 9(a)-(b), 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:3-18, 44:23-47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22); Patel Decl. Ex. 52 (Keating Dep. Ex. 20); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Thomson Decl. Ex. A (APL-HZLT-SC_000150-157); Thomson Decl. Ex. A (APL-HZLT-SC_000230-232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344); Thomson Decl. Ex. A (APL-HZLT-SC_000101-104).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Additionally, the fact that after July 2024, for a certain subset of users who meet certain threshold criteria, the [redacted] are transmitted and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled), is discussed publicly in Plaintiffs' Fourth Amended Complaint. (ECF No. 239 ¶¶ 211-218.)

235. It would be practicable to include a prompt in its software to obtain consent.[254]

**Apple's Response**: **Not supported by record citation.** The cited testimony does not support the proffered fact. The witness testified only that it was technically possible to have a prompt related to People album technology, but did not provide any testimony about practicability. (Viggiani Decl. Ex. 5 (Freudiger Dep. 167:2-10, 170:14-17).)

[254] Ex. 29, Freudiger Dep. 167:2–10; 170:14–17.

236. Faceprint collection happens automatically without first asking users if they wish to authorize it.[255]

**Apple's Response**: **Disputed**. The Photos app does not collect "faceprints" or any biometrics. The [redacted] are generated locally on the user's device as part of the on-device clustering process. This process occurs only when users choose to take photos and use the Photos app. Users also control whether to enable or disable iCloud Photos, which determines whether any photos and data are synced to iCloud or across a user's devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 64-66, 72, 75-79, 91, 101, 112, 128-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 21-23, 25, 30, 65); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:3-18, 44:23-47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2, 137:11-18, 167:13-22); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 77:21-78:1); Patel Decl. Ex. 36 (Sharma Dep. 136:8-137:1); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3-5); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9, 293:19-23); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8); Patel Decl. Ex. 7 (Burnette Dep. 201:1-20); Patel Decl. Ex. 43 (Thomson Dep. 486:2-9); Thomson Decl. Ex. A (APL-HZLT-SC_000150-157); Thomson Decl. Ex. A (APL-HZLT-SC_000230-232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344); Thomson Decl. Ex. A (APL-HZLT-SC_000101-104).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Apple further states users have to consent to using iCloud and iCloud Photos. (Viggiani Decl. Ex. 5 (Freudiger Dep. 155:23-156:20).)

---

[255] Ex. 5, Subramaniam Dep. 235:25–238:14; Ex. 45, Langoulant Dep. 76:19–77:6; Ex. 76, Revelo Dep. 110:20–23.

237. Apple concedes that it would be practicable for Apple to provide users with a software toggle allowing users to disable the software.[256]

**<u>Apple's Response</u>**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 237. To the extent this fact is referring to People album technology, Apple states that the witnesses testified only that it was technically possible to build a feature that turns off the People album technology, but did not provide any testimony about practicability. (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 56:19-58:2, 62:6-16); Viggiani Decl. Ex. 5 (Freudiger Dep. 167:2-10, 170:14-17); Viggiani Decl. Ex. 12 (Langoulant Dep. 74:8-76:3).)

238. [redacted][257]

**<u>Apple's Response</u>: Disputed** as it is unclear what "software toggle" means in this statement and the cited documents do not use this terminology. [redacted]

239. Apple concedes that it has never provided users with a software toggle allowing users to disable the software.[258]

**<u>Apple's Response</u>**: **Not supported by record citation**. None of the proffered evidence supports "Fact" No. 239. In Exhibit 3, Mr. Thomson testified only that "users have the choice not to use the Photos features, but if they're ingesting assets with people, then they have no way to disable the functionality." (Braitberg Decl. Ex. 3, Thomson 2023 Dep. 173:7-14.) In Exhibit 14, Ms. Huff testified that to her knowledge there has not been a toggle to disable facial recognition

[256] Ex. 3, Thomson 2023 Dep. 56:19–58:2, 62:6–16; Ex. 29, Freudiger Dep. 167:2–10, 170:14–17; Ex. 45, Langoulant Dep. 74:8–76:3.
[257] Ex. 123, APL-HAZLI_00073543; Ex. 124, APL-HAZLI_00073535.
[258] Ex. 3, Thomson 2023 Dep. 173:7–14; Ex. 14, Huff Dep. 135:5–11; Ex. 30, Jackson Dep. 136:4–20; Ex. 26, Thomson 2025 Dep. 514:4–10.

in Faces and People album. (Braitberg Decl. Ex. 14, Huff Dep. 135:5-11.) In Ex. 26, Mr. Thomson testified that "[t]here is no control to turn off compute sync if iCloud Photo Library is available." (Braitberg Decl. Ex. 26, Thomson 2025 Dep. 514:4-10.) The cited Plaintiff testimony merely states that the user could not "toggle off" a purported biometric "faceprint" feature; that testimony is inaccurate because the feature at issue does not involve any biometric information. Finally, the expert testimony referenced concerns the inability to disable "Compute Sync" independent of iCloud Photo Library. (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 173:7-14; Ex. 14), Viggiani Decl. Ex. 11 (Huff Dep. 135:5-136:21); Patel Decl. Ex. 30 (Jackson Dep. 136:4-20); Patel Decl. Ex. 57 (4/18/2025 Thomson Dep. 514:4-10).)

240. Apart from the data at issue in this case, including faceprints, feature maps and identity information derived from them, Apple possesses other biometric identifiers and information.[259]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. The witness does not testify that Apple possesses any of this information. Apple **disputes** "Fact" No. 240 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

241. Biometric identifiers collected and used by Apple include authentication data that supports Apple's Face ID and Touch ID features.[260]

[259] Ex. 98, Fornallaz Dep. 28:5–7, 42:10–17, 149:5–12.
[260] *Id.* at 28:5–7, 42:10–17.

**<u>Apple's Response</u>**: **Not supported by record citation, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 241 has no bearing on the issues raised in Plaintiffs' motion. None of the proffered evidence supports "Fact" No. 241. The cited testimony does not state that "authentication data that supports" Face ID and Touch ID are "biometric information." Instead, the witness stated that they "think the Face ID authentication definition is closer to how [they] define biometric," and they "would consider Face ID to be a biometric authentication mechanism" and Touch ID to be a "biometric authentication system." (Braitberg Decl. Ex. 98, Fornallaz Dep. 28:5-7, 42:10-17.)

242. The Secure Enclave is an Apple on-device processor that secures sensitive data.[261]

**<u>Apple's Response</u>**: **Admitted.**

243. Apple's Face ID and Touch ID biometric data are stored and secured in the Secure Enclave.[262]

**<u>Apple's Response</u>**: **Not supported by record citation, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 243 has no bearing on the issues raised in Plaintiffs' motion. None of the proffered evidence supports "Fact" No. 243. Neither witness testifies that "Face ID and Touch ID biometric data are stored and secured in the Secure Enclave." One witness states that the Secure Enclave is "an on-device process that's extremely secure so it can *process* sensitivities or data" and that it would include "Touch ID and Face ID data." (Braitberg Decl. Ex. 29, Freudiger Dep. 39:1-3.) The other witness testified that "some material for Face ID and Touch ID is stored in the secure

---

[261] *Id.* at 38:15–39:7; Freudiger Dep. 38:22–25.
[262] Ex. 98, Fornallaz Dep. 43:8–25; Ex. 29, Freudiger Dep. 39:1–3.

enclave," not that biometric data are stored there. (Braitberg Decl. Ex. 98, Fornallaz Dep. 43:8-25.)

244. Apple collected and used unique identifiers to train different machine learning models.[263]

**Apple's Response**: **Not supported by record citation.** The cited testimony does not support the proffered fact. The witness did not testify regarding the "collection" of "unique identifiers." Rather the witness described what possibly took place in 2018 with regarding to machine learning stating "[redacted]" (Braitberg Decl. Ex. 31, Sharma Dep. 203:6-204:2.)

245. When iCloud is enabled, People albums and photos sync across all of a user's devices.[264]

**Apple's Response**: **Admitted.** iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Apple further states users have to consent to using iCloud and iCloud Photos. (Braitberg Decl. Ex. 29, Freudiger Dep, 155:23-156:20.)

[263] Ex. 31, Sharma Dep. 203:6–204:2.
[264] Ex. 29, Freudiger Dep. 48:9–25; Ex. 14, Huff Dep. 71:17–72:8; Ex. 3, Thomson 2023 Dep. 18:23–19:6; Ex. 5, Subramaniam Dep. 148:5–149:9; Ex. 49, Neuenschwander Dep. 105:10–106:10; Ex. 149, APLHAZLI_00042639; Ex. 150, APL-HAZLI_00072220.

246. This synchronization process involves transmitting various data, including the photos themselves as well as associated metadata, between the user's devices and Apple's iCloud servers.[265]

**Apple's Response**: **Admitted** that certain photo data is synced between a user's devices and iCloud servers for users who have iCloud Photos enabled. Apple further states that certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22 2025 ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).)

247. When a user captures or imports a photo on one device, such as an iPhone, and the user's iCloud Photos Library is enabled, Apple Photos automatically uploads the photo to iCloud.[266]

**Apple's Response**: **Admitted** that, when a user has enabled iCloud Photos, newly captured or imported photo data are automatically uploaded from the user's device to the user's iCloud Photos library. The synchronization process occurs only after the user elects to enable iCloud Photos, and certain photo data, such as user-applied labels for People albums, transmitted to iCloud are encrypted on the device before upload and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 72, 84-89; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) Apple further states users have to consent to using iCloud and iCloud Photos. (Braitberg Decl. Ex. 29, Freudiger Dep. 155:23-156:20.)

---

[265] Ex. 29, Freudiger Dep. 48:4–25; Ex. 5, Subramaniam Dep. 170:3–10; 171:10–20; Ex. 3, Thomson 2023 Dep. 19:8–24:5; Ex .49, Neuenschwander Dep. 107:2–108:24; Ex. 45, Langoulant Dep. 127:8–128:3.
[266] Ex. 3, Thomson 2023 Dep. 25:25–26:19; Ex. 29, Freudiger Dep. 48:10–25.

248. Once uploaded, the photo becomes accessible from any other device linked to the same iCloud account.[267]

**Apple's Response**: **Admitted** that, when a user has enabled iCloud Photos, photos uploaded from one device to iCloud Photos are synchronized through the user's iCloud Photos library and can be downloaded and viewed on that same user's other devices signed into the same authenticated iCloud account. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶ 72; Apple LR 56.1(a) Stmt. ¶¶ 83-84, 113-114.) Apple further states that the synchronization process occurs only after the user elects to enable iCloud Photos, and certain photo data, such as user-applied labels for People albums, transmitted to iCloud are encrypted on the device before upload and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20 (Jones Expert Report ¶¶ 72, 84-89); Patel Decl. Ex. 38 (Brasher Expert Report ¶¶ 63-64).)

249. Data synced in iCloud includes identifying information derived from faceprints.[268]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** None of the proffered evidence supports "Fact" No. 249. "Fact" No. 249 implies that identifying information derived from faceprints is synced to iCloud and that Apple can identify individuals based on this data. Any label that a user applies to a People album, and certain metadata associated with photos are encrypted on the user's device and remain encrypted in iCloud Photos if sent to iCloud Photos. (Patel Decl. Ex. 1 (Federighi Dep. 51:7-9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 1 (Jones Report ¶¶ 85-86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18-148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).) Encrypted People album labels and

[267] Ex. 3, Thomson 2023 Dep. 197:2–13; Ex. 29, Freudiger Dep. 48:10–25; Ex. 5, Subramaniam Dep.173:22–174:16.
[268] Ex. 29, Freudiger Dep. 51:18–52:15, 142:11–143:13, 187:15–25, 211:16–212:10; Ex. 125, APLHAZLI_00011722; Ex. 126, APL-HAZLI_00017135; Ex. 127, APL-HAZLI_00057597; Ex. 128, APLHAZLI_00073599.

metadata are "not used by Apple in any way" when stored on iCloud Photos, including to identify users. (Patel Decl. Ex. 1 (Federighi Dep. 51:7-9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 3 (Jones Report ¶¶ 85-86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18-148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11). "Faceprints" are generated and used solely on the user's device, and when those [redacted] are included in a datablob synced to iCloud, they are encrypted end-to-end and cannot be decrypted or read by Apple. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24-352:7, 364:21-365:3,377:1-21, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 13-16, 22-24, 45, 47); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 26); Thomson Decl. Ex. A (APL-HZLT-SC_000150-157000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000859).) Apple **disputes** "Fact" No. 249 as at no point does the Photos app or People album feature identify individuals. [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple further **disputes** "Fact" No. 249 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

250. iCloud is enabled by default.[269]

**Apple's Response**: **Not supported by record citation.** None of the proffered evidence supports "Fact" No. 250. The cited testimony states that iCloud is enabled once a user "choose[s] to sign in to iCloud" and further clarifies that the witness does not "describe [choosing to sign into iCloud] as being by default." (Viggiani Decl. Ex. 13 (Neuenschwander Dep. 201:18-202:3.) Users must affirmatively choose to enable iCloud Photos through the device setup process or the Photos tab in Settings, and they may disable the feature at any time. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2, 176:3-10); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8); Patel Decl. Ex. 14 (Robinson Dep. 194:24-195:14); Viggiani Decl. Ex. 5 (Freudiger Dep. 155:23-156:20).)

251. Apple devices transmit portions of the face data to Apple's servers by determining the local changes that need to be uploaded to Apple's servers.[270]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that photo data is synced between a user's devices and iCloud for users who have iCloud Photos enabled. The data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22 2025 ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3,

---

[269] Ex. 49, Neuenschwander Dep. 201:18–203:5.

[270] Ex. 16, Hashmi Report ¶¶ 69, 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶¶ 11–15.

145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) **Disputed** that this fact applies to all Apple devices.

252. Apple's Photo Sorting Software uploads the entire face data instead of only the changes to Apple's servers.[271]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** The cited evidence does not support Plaintiffs' assertion that the entire face data is uploaded as a general matter. Instead, Dr. Hashmi asserts that the [redacted] (Braitberg Decl. Ex. 16 (Hashmi Report ¶ 114).) Apple **disputes** "Fact" No. 252 because Photo data is synced between a user's devices and Apple's iCloud servers only for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-

[271] Ex. 16, Hashmi Report ¶ 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶ 11.

89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22 2025 ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Expert Report ¶¶ 63-64).)

253. Face detection data is transferred to each client's devices.[272]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22, 2025, ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) **Disputed** because when a user does not have iCloud Photos enabled, data will not be synced between the user's device or to the iCloud Photos Library. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel

[272] Ex. 16, Hashmi Report ¶¶ 69, 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶¶ 11–15.

Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).)

254. The Photos app uploads changes to face data to Apple's servers.[273]

<u>Apple's Response</u>: **Not supported by record citation, and otherwise admitted in part and disputed in part.** The cited evidence does not support Plaintiffs' assertion that "changes to face data" are uploaded to Apple servers. Instead, Dr. Hashmi asserts that a [redacted] (Braitberg Decl. Ex. 16 (Hashmi Report ¶ 69); Ex. 17, (Hashmi Rebuttal Report ¶ 74)) and that "Apple's Updated Photo Sorting Software filters out face data where the [redacted] (Braitberg Decl. Ex. 18 (Hashmi Supp. Report ¶ 11).) None of the cited paragraphs discuss "changes to face data." Apple **admits** that photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024, ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22 2025 ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).)

[273] Ex. 16, Hashmi Report ¶¶ 69, 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶¶ 11–15.

**Disputed Disputed** because when a user does not have iCloud Photos enabled, data will not be synced between the user's device or to the iCloud Photos Library. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).)

> 255. The face data that Apple's Photo Sorting Software transmits to Apple's servers include data corresponding to persons associated with faces (for example, the display name, person full name, and the [redacted][274] data corresponding to faces detected in the photos (for example, the image of the face crop and the [redacted],[275] and data associated with the photo (for example, the coordinates and size for the face bounding box and a person reference that includes the [redacted]).[276]

**<u>Apple's Response</u>**: "Fact" No. 255 bundles three separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted in part and disputed in part.** Photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data,

[274] Ex. 16, Hashmi Report ¶¶ 69, 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶¶ 11–15.
[275] Ex. 16, Hashmi Report ¶¶ 69, 114; Ex. 17, Hashmi Rebuttal Report ¶¶ 60, 74, 77; Ex. 18, Hashmi Supp. Report ¶¶ 11–15.
[276] Ex. 16, Hashmi Report ¶ 114; Ex. 17, Hashmi Rebuttal Report ¶ 60; Ex. 18, Hashmi Supp. Report ¶ 16.

including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22 2025 ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 117-18).) As Dr. Hashmi described, users can choose to label their albums, which means the technology would associate the [redacted] with the user's applied label. (Viggiani Decl. Ex. 14 (Hashmi Dep. 119:7-120:11).)

256. Apple's Photo Sorting Software transmits this face data to Apple's servers.[277]

__Apple's Response__: **Admitted in part and disputed in part. Admitted** that photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-

[277] Ex. 16, Hashmi Report ¶ 114; Ex. 17, Hashmi Rebuttal Report ¶ 60; Ex. 18, Hashmi Supp. Report ¶ 16; Ex. 19, Hashmi Supp. Rebuttal Report ¶30.

photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22, 2025, ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) **Disputed** because when a user does not have iCloud Photos enabled, data will not be synced between the user's device or to the iCloud Photos Library. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).)

257. Apple's servers receive and store the data transmitted by the Photos app.[278]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24-50:3, 145:10-16)); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photosmm8b32f3ae27/ 1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12

[278] Ex. 16, Hashmi Report ¶ 114; Ex. 17, Hashmi Rebuttal Report ¶ 60; Ex. 18, Hashmi Supp. Report ¶ 16; Ex. 19, Hashmi Supp. Rebuttal Report ¶ 30.

(9/19/2025 Sinnreich Dep. 115:4-116:5).) Certain data transmitted through iCloud Photos are encrypted on-device before leaving the user's device and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 84-89; Braitberg Decl. Ex. 22, Jones Supp. Report, Aug 22, 2025, ¶¶ 13-16, 23-24; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) **Disputed** because when a user does not have iCloud Photos enabled, data will not be synced between the user's device or to the iCloud Photos Library. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).)

258. Apple planned from the outset to synchronize face data, i.e., "grouping results."[279]

**<u>Apple's Response</u>**: **Not supported by record citation**. The cited document does not support the proffered fact. There is no evidence that Apple "planned from the outset" to synchronize face data. Further, what Plaintiffs refer to as "face data" or "grouping results" discussed in the cited document are clustered photos. (Braitberg Decl. Ex. 144, APL-HAZLI_00058813 at 58817 (stating "Merge two or more face groups" and "Name a face group"); *id*. at 58820 (stating "the face groups (which includes the grouping results)"). Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich

[279] Ex. 144, APL-HAZLI_00058813 at 58820.

Dep. 116:23-117:8).) Every user has the option to sync photos and related data to iCloud Photos and can disable syncing at any time. (Patel Decl. Ex. 14 (Robinson Dep. 194:24-195:14); (Patel Decl. Ex. 3 (Jones Report ¶ 91); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:3-10).

259. [redacted][281]

**<u>Apple's Response</u>**: "Fact" No. 259 bundles two separate purported material facts in violation of SDIL-56.1(a), frustrating Apple's ability to respond and the Court's ability to assess the purported material "fact." This fact is **admitted, but not material.** Under SDIL-56.1(a), a material fact "**is one that bears directly on a legal issue raised in the motion**." "Fact" No. 259 has no bearing on the issues raised in Plaintiffs' motion.

260. As of iOS 17.6, Apple altered the functionality related to syncing identity-related data for photos of people in the Photos app.[282]

**<u>Apple's Response</u>**: **Disputed** that Apple altered the functionality to sync or store any "identity-related data." The Photos app continues to perform all face detection, [redacted], and clustering locally on-device. The Sync Update only allowed for users who meet certain criteria to sync end-to-end encrypted datablobs—containing numerical, non-identifiable data— between a user's own devices. Apple cannot decrypt, view, or determine any person's identity from this information. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel

[280] *Id.*; Ex. 142, APL-HAZLI_00072313.
[281] Ex. 144, APL-HAZLI_00058813 at 58820
[282] Ex. 25, Supp. Resp. to Pls.' Interrogs. Nos. 7, 9 and 12 (Oct. 16, 2024).

Decl. Ex. 56 (Hashmi Supp. Expert Rpt. ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal Rpt. ¶ 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-0859).)

261. Before iOS 17.6, user interaction with a Person model (with iCloud enabled) triggered synchronization to the cloud of users' face groups ("Sync Data").[283]

**Apple's Response**: **Not supported by record citation**. None of the proffered evidence supports "Fact" No. 261. The cited documents do not discuss "triggering" of data to sync to iCloud Photos. Instead, for example, Ex. 83 describes how "[a]ssets are analyzed to detect faces" which "are automatically grouped into clusters by the face clustering algorithm" and acknowledges the need for "user actions, e.g. naming and merging." The document further discusses "a "verified Person," based on user action such as "naming," and "unverified Person" and states that "only verified Person models will be synced to the cloud. By syncing verified Person models, we capture user actions that affect Person models and ensure they are consistently represented across multiple devices." (Braitberg Decl. Ex. 83 APL-HAZLI_00013932 at 13932.) The synchronization process occurs only after the user elects to enable iCloud Photos, and photo data, such as user-applied labels for People albums, transmitted to iCloud are encrypted on the device before upload and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 72, 84-89; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).)

262. Sync Data "leverages all the user actions, synced between devices, to reconstruct [a] Person's identity from . . . locally processed Faces."[284]

---

[283] Ex. 83, APL-HAZLI_00013932; Ex. 151, APL-HAZLI_00006181; Ex. 69, APL-HAZLI_00010951.
[284] Ex. 130, APL-HAZLI_00013456.

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that the quoted language appears in APL-HAZLI_00013456, but **disputed** that the People album technology identifies a person. At no point does the Photos app or People album feature identify individuals. The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Apple further **disputes** that this fact implies that any identifying information derived from faceprints is synced to iCloud and that Apple can identify individuals based on this data. Any label that a user applies to a People album, and certain metadata associated with photos are encrypted on the user's device and remain encrypted in iCloud Photos if sent to iCloud Photos. (Patel Decl. Ex. 1 (Federighi Dep. 51:7-9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 1 (Jones Report ¶¶ 85-86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18-148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).) Encrypted People album labels and metadata are "not used by Apple in any way" when stored on iCloud Photos, including to identify users. (Patel Decl. Ex. 1 (Federighi Dep. 51:7-9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 3 (Jones Report ¶¶ 85-86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18-148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).

263. Sync Data functions by combining faceprint data with identity information gleaned from user actions.[285]

**Apple's Response**: **Not supported by record citation, and otherwise disputed.** The cited document does not support the proffered fact. The document does not mention "identity information" or "user actions." (Braitberg Decl. Ex. 69, APL-HAZLI_00010951.) Apple **disputes** "Fact" No. 263 because at no point does the Photos app or People album feature create "identity individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

264. The Photos app selects the best face to use as a "key face" for a specific individual.[286]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the cited document states that the technology passes [redacted]—

[285] Ex. 69, APL-HAZLI_00010951.
[286] Ex. 152, APL-HAZLI_00007127.

meaning there has been some user action such as labeling an album—[redacted]"

**Disputed** that the Photos app is aware of a "specific individual." The clustering algorithm groups similar faces but at no point does the Photos app or People album feature perform any identification. The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).)

265. The Photos app uses faceprints to derive identity data for individuals appearing in photographs in Apple Photos, including key faces, [redacted] user-inputted tags, users' input regarding whether faces belong to particular individuals.[287]

**<u>Apple's Response</u>**: **Disputed.** At no point does the Photos app or People album feature "use[] faceprints to derive identity data for individuals." The [redacted] is never linked to any information that could uniquely identify an individual and Apple does not know the identity of the user or the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000288, APL-HZL[redacted]-SC_000211, APL-HZLT-

[287] Ex. 69, APL-HAZLI_00010951; Ex. 129, APL-HAZLI_00012710.

SC_000212-0221, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000302, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

266. Sync Data is transferred to Defendant's iCloud servers, stored on those servers, and distributed to other devices associated with the user.[288]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that when iCloud Photos is enabled, photos-related data that is sent to iCloud Photos includes a user's photos and certain associated data, [redacted]. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Any label that a user applies to a People album, and certain metadata associated with photos are encrypted on the user's device and remain encrypted in iCloud Photos if sent to iCloud Photos. (Patel Decl. Ex. 1 (Federighi Dep. 51:7-9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 1 (Jones Report ¶¶ 85-86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18-148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).) **Disputed** because when a user does not have iCloud Photos enabled, data will not be synced between the user's device or to the iCloud Photos Library. (Patel Decl. Ex. 3 (Jones Report ¶ 84).) Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 47:18-48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2-9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8-9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23-117:8).)

[288] Ex. 83, APL-HAZLI_00013932; Ex. 141, Parakilas Dep. 108:11–18.

If a user has iCloud Photos enabled, they can disable it at any time. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:3-10).)

267. The Photos app syncs information including data corresponding to persons associated with faces (for example, the display name, person full name, and the [redacted]), data corresponding to faces detected in the photos (for example, the image of the face crop, type, and the [redacted]), and data associated with the photo (for example, the coordinates and size for the face bounding box and a person reference that includes the person associated with the face bounding box).[289]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that for users who have iCloud Photos enabled, photos-related data, including a user's photos and certain associated data, such as user-applied album labels [redacted] may be transmitted to Apple servers. This data is not generated or derived from the [redacted] and instead resembles what you would find in a yearbook—a photo associated with a label (if a user chose to supply a label.) (Patel Decl. Ex. 3 (Jones Report ¶ 125).) [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 117-18).) As Dr. Hashmi described, users can choose to label their albums, which means the technology would associate [redacted] with the user's applied label. (Viggiani Decl. Ex. 14 (Hashmi Dep. 119:7-120:11).) **Disputed** because this assertion is duplicative of Plaintiffs' "Fact" No. 255 and is disputed for the same reasons. The People album technology uses on-device machine learning to organize photos and videos within the Photos app. (Patel Decl. Ex. 3 (Jones Report ¶¶ 73-81); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 50:3-21); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-

[289] Ex. 17, Hashmi Rebuttal Report ¶ 60; Ex. 3, Thomson 2023 Dep. 18:23–19:6, 25:25–26:19.

SC_000211, APL-HZLT-SC_000212-0221, APL-HZLT-SC_000258-0259, APL-HZLT-SC_000302, APL-HZLT-SC_000264-0265, APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344, APL-HZLT-SC_000101-0104).) Photo data is only synced between a user's devices and Apple's iCloud servers for users who have iCloud Photos enabled. (Patel Decl. Ex. 3 (Jones Report ¶ 84).)

268. These face groups, linked to identifying data, are dependent on faceprinting.[290]

**Apple's Response**: **Disputed.** The Photos app does not link any "face groups" to identifying data, and "faceprinting" is not used for identification. The [redacted] used by the Photos app are not scans of face geometry and cannot identify any person. The People album technology clusters [redacted]. At no point in the technology's process is the [redacted] or any other data used to perform any identification, nor does the clustering algorithm or Apple know the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 51-52, 64, 66, 75-80, 112); Patel Decl. Ex. 4 (Keating Dep. 50:8-18); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22-92:16); Patel Decl. Ex. 35 (Dunn Dep. 32:16-23); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2-3); Thomson Decl. Ex. A (APL-HZLT-SC_000101-0104, 000103, 000150-0157, 000211, 000212-0221, 000230-0232, 000258-0259, 000264-0265, 000288, 000302, 000338-0344, 000473-0476).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

---

[290] Ex. 17, Hashmi Rebuttal Report ¶ 55.

269. Interaction that trigger the creation of Sync Data include naming, favoriting, merging, or setting a key face.[291]

**<u>Apple's Response</u>**: **Not supported by record citation**. The cited document does not support the proffered fact. The cited document does not discuss "triggering" of data to sync to iCloud Photos. Instead, the document describes how "[a]ssets are analyzed to detect faces" which "are automatically grouped into clusters by the face clustering algorithm" and acknowledges the need for "user actions, e.g. naming and merging." The document further discusses "a "verified Person," based on user action such as "naming," and "unverified Person" and states that "only verified Person models will be synced to the cloud. By syncing verified Person models, we capture user actions that affect Person models and ensure they are consistently represented across multiple devices." (Braitberg Decl. Ex. 83, APL-HAZLI_00013932 at 13932.) The synchronization process occurs only after the user elects to enable iCloud Photos, and photo data, such as user-applied labels for People albums, transmitted to iCloud are encrypted on the device before upload and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 72, 84-89; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).)

270. [redacted][292]

**<u>Apple's Response</u>**: **Not supported by record citation**. The cited document does not support the proffered fact. The cited document is a [redacted]

[291] APL-HAZLI_00013932.
[292] Ex. 83, APL-HAZLI_00013671.

[redacted] (Viggiani Decl. Ex. 15 (APL-HAZLI_00013671).)

271. Starting with iOS 17.6, Apple started collecting faceprints on its servers ("Updated Software").[293]

<u>**Apple's Response**</u>: **Disputed.** Apple has never "collect[ed]" faceprints. As part of the Sync Update, for users who meet certain criteria, the user's device creates an encrypted datablob containing numerical, non-identifiable data so their own authenticated devices can remain consistent. Following the Sync Update, the [redacted] continue to be created on device and clustering of [redacted] continues to occur on device and Apple is unable to view or access any [redacted] … because every datablob is encrypted with end-to-end encryption. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24-352:7, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Expert Rpt. ¶¶ 45, 47).) Further, Apple's servers cannot decrypt or view this encrypted material. (Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 26).) No readable faceprints are stored on Apple's servers, and Apple cannot identify any person from the synced data. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 45, 47); Patel Decl. Ex. 57 (Brasher Rebuttal ¶¶ 11, 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-0859).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

[293] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024); Ex. 26, Thomson 2025 Dep. 351:17–352:25, 353:21–354:5, 363:25-364:7.

272. This occurred on July 29, 2024.[294]

**Apple's Response**: **Disputed.** This is not a clear or complete statement of fact, as it fails to identify or reference the subject matter to which it or "this" refers. To the extent "this" refers to the fact that after July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are also encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) [redacted] Apple **admits** that this capability was implemented on July 29, 2024.

273. The Sync Data process set forth in the preceding section remains operational in the Photos app, but re-running faceprinting and tying clusters together across devices using Sync Data is now unnecessary for those users whose faceprints are directly stored in iCloud.[295]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that the Sync Update avoids each device having to separately detect faces and regenerate the [redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 377:1-378:8).) The face and upper-body crops and [redacted] continue to be created on device and clustering of [redacted] continues to occur on device, and Apple is unable to view or access any [redacted] because every datablob is encrypted with end-to-end encryption. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24-352:7, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Expert Rpt. ¶¶ 45, 47).) Apple further states that Apple's servers cannot decrypt or view this encrypted material. (Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 26).) No readable "faceprints" are stored on Apple's servers, and Apple cannot identify any person from the synced

[294] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024).
[295] Ex. 26, Thomson 2025 Dep. 375:13–376:25.

data. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 45, 47); Patel Decl. Ex. 57 (Brasher Rebuttal ¶¶ 11, 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-0859).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

274. [redacted][296]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that Exhibit 131 describes under "[redacted] (Braitberg Decl. Ex. 131, APL-HAZLI_00073977.) The document also states that [redacted] (Braitberg Decl. Ex. 131 at 1, APL-HAZLI_00073977.) **Disputed** because Exhibit 131 does not fully support the proffered fact, and therefore does not have a "tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in

[296] Ex. 131, APL-HAZLI_00073977; Ex. 132, APL-HAZLI_00073984; Ex. 26, Thomson 2025 Dep. 461:15–464:19.

determining the action." Fed. R. Evid. 401, 402. The March 12, 2024 document describes an internal proposal or discussion regarding [redacted] the document is not specific to "faceprints." (Braitberg Decl. Ex. 131 at 1, APL-HAZLI_00073977.) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

275. This avoids the need for individual devices to collect each faceprint.[297]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part.** This is not a clear or complete statement of fact, as it fails to identify or reference the subject matter to which it refers. To the extent the statement is referring to the Sync Update, **admitted** that the Sync Update avoids each device having to separately detect faces and regenerate the [redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 377:1-378:8).) **Disputed** that Apple "collects" "faceprints." The [redacted] are generated locally on the user's device as part of the on-device clustering process. "Faceprints" are the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) [redacted]

[297] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024); Ex. 26, Thomson 2025 Dep. 376:3–378:8, 445:3–446:20.

[redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Decl. Ex. A (APL-HZLT-SC_000858-0859).)

276. The Updated Software transmits [redacted], including face prints and other data associated with a detected face, to Apple's servers.[298]

**Apple's Response**: **Disputed.** The Sync Update does not transmit unencrypted [redacted] or "faceprints" to Apple's servers. After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are also encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) [redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) Apple cannot view, decrypt, or interpret the [redacted] contained in that encrypted file, and the data cannot be used to identify any person. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 45, 47);

[298] Ex. 18, Hashmi Supp. Report ¶ 5; Ex. 133, APL-HAZLI_00074117; Ex. 134, APL-HAZLI_00074185; Ex. 135, APL-HAZLI_00074130; Ex. 153, APL-HAZLI_00074138; Ex. 136, APL-HAZLI_00073972.

Patel Decl. Ex. 57 (Brasher Rebuttal Rpt. ¶¶ 11, 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-0859).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

277. The Updated Software receives face prints in iCloud and stores them in a database.[299]

**__Apple's Response__**: **Disputed.** The Sync Update does not receive or store readable "faceprints" in any iCloud database. After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are also encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) as part of an end-to-end encrypted [redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) [redacted] is routed through iCloud Photos solely so the user's other trusted devices can remain consistent. Apple cannot decrypt, view, or store the underlying data in a usable form, and the information cannot identify any person. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 45, 47); Patel Decl. Ex. 57 (Brasher Rebuttal Rpt. ¶¶ 11, 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-0859).); Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other

---

[299] Ex. 18, Hashmi Supp. Report ¶ 6.

than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

278. Faceprints are now shared between user devices via iCloud.[300]

**<u>Apple's Response</u>**: **Disputed.** The Photos app does not share readable "faceprints" between devices. After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are also encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) [redacted] (Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) That encrypted datablob is synced through iCloud Photos so the user's other trusted devices can remain consistent. The datablob is encrypted end-to-end, cannot be viewed or decrypted by Apple, and does not contain information capable of identifying any person. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 471:2-20); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 45, 47); Patel Decl. Ex. 57 (Brasher Rebuttal ¶¶ 11, 26); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797, APL-HZLT-SC_000858-859).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

---

[300] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024).

279. [redacted][301]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed**. The cited testimony does not support the proffered fact. [redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep.) at 385:15-387:2.) Apple **disputes** "Fact" No. 279 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

280. Apple has never publicly disclosed that it is now collecting faceprints in the cloud as of iOS 17.6.4.[302]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed**. None of the proffered evidence supports "Fact" No. 280. The cited interrogatory responses discuss algorithms related to the "photo sorting software," material changes to the Photos app since 2016, and the locations where information regarding the photo-sorting features is stored. Neither the questions nor the responses affirm that Apple "has never publicly disclosed" the Sync Update. (Braitberg Ex. 25 (10/16/2024 Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12).) Mr. Thomson

---

[301] Ex. 26, Thomson 2025 Dep. 383:24–385:7, 392:5–15.
[302] Ex. 25, Def.'s Supp. Resp. to Pls.' Interrog. No. 7, 9 and 12 (Oct. 16, 2024); Ex. 26, Thomson 2025 Dep. 412:4-413:21, 417:11-420:17; 485:4–15.

stated only that he was not aware of updates made to privacy policy as a result of the software update, that he did not see the word "biometric" in the documents showed to him by Plaintiffs' counsel, and that he was not aware of any public disclosure "that Apple makes regarding the threshold that causes Face Sync to occur." (Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 412:4-413:21, 417:11-420:17; 485:4-15).) Apple **disputes** "Fact" No. 280 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) After July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are also encrypted, transmitted, and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled) [redacted] Braitberg Decl. Ex. 25 (Def.s' Supp. Resp. to Pls.' Interrogs. No. 7, 9 and 12 (Oct. 16, 2024)); Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 351:17-352:25, 353:21-354:5, 363:25-364:7).) The algorithms that generate the [redacted] and use it to try to cluster photos of the same individual together continue to run locally on each device. Apple is unable to view or access [redacted] synced through iCloud Photos because they are end-to-end encrypted. [redacted] Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22-352:7, 363:25-365:3, 364:21-365:3, 369:2-370:17, 373:12-374:21, 377:1-21, 385:8-387:2, 426:22-427:17, 431:22-432:24, 471:2-20, 476:10-481:6); Patel Decl. Ex. 55 (Jones Supp. Rpt. ¶¶ 14-16, 22-24, 27, 45, 47); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13-14); Patel Decl. Ex. 57 (Brasher Rebuttal ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Decl. Ex. A (APL-HZLT-SC_000858-859).)

281. Apple's Privacy Policy is intended to disclose the ways in which Apple collects, uses, discloses, transfers, and stores users' personal information.[303]

**Apple's Response**: **Admitted in part and disputed in part. Admitted** that Apple's Privacy Policy is intended to disclose the ways in which Apple collects, uses, discloses, transfers, and stores users' personal information. **Disputed** that this description is exhaustive of the Privacy Policy's intent or purpose. Apple's Privacy Policy complies with applicable legal and regulatory requirements.

282. Apple's Privacy Policy did not use the word "biometric" at any point within any version of the document.[304]

**Apple's Response**: **Not supported by record citation, and otherwise admitted in part and disputed in part.** None of the proffered evidence supports the contention that the word "biometric" does not appear at any point in any version of Apple's Privacy Policy. Ms. Huff explicitly testified that "I haven't reviewed every copy of every privacy policy that's ever been published." (Braitberg Decl. Ex. 14 (Huff Dep. 85:1-3).) Exhibit 137 states it was "updated on May 22, 2018." (Braitberg Decl. Ex. 137 at 1.) Exhibit 138 states it was updated December 22, 2022. (Braitberg Decl. Ex. 138 at 1.) **Admitted** that the word "biometric" does not appear in Exhibit 137 or 138. **Disputed** to the extent this statement implies that such language is required or that Apple collects biometric data. The cited testimony does not support any contention that Apple collects data, including biometrics, through the Photos app that requires disclosure. The People album technology generates a [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 41, 51-52, 75-78); Patel Decl. Ex. 52

[303] Ex. 137, APL-HAZLI_00000003; Ex. 14, Huff Dep. 85:5–20.
[304] Ex. 137, APL-HAZLI_00000003; Ex. 14, Huff Dep. 84:16–85:3, 88:19–22; Ex. 138, Huff Ex. 9.

(Keating Dep. Ex. 20 at 2-3); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 21-22, 25); Thomson Decl. Ex. A ((APL-HZLT-SC_000150-0157, APL-HZLT-SC_000230-0232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344).).) Apple further states that none of these can uniquely identify an individual. (*Id.*)

283. Apple's Privacy Policy did not use the word "faceprint" at any point within any version of the document.[305]

<u>**Apple's Response**</u>: **Not supported by record citation, and otherwise admitted in part and disputed in part.** None of the proffered evidence supports the contention that the word "faceprint" does not appear at any point in any version of Apple's Privacy Policy. Ms. Huff explicitly testified that "I haven't reviewed every copy of every privacy policy that's ever been published." (Braitberg Decl. Ex. 14 (Huff Dep. 85:1-3).) Exhibit 137 states it was "updated on May 22, 2018." (Braitberg Decl. Ex. 137 at 1.) Exhibit 138 states it was updated December 22, 2022. (Braitberg Decl. Ex. 138 at 1.) **Admitted** that that the word "faceprint" does not appear in Exhibit 137 or 138. **Disputed** to the extent this fact implies that such language is required or that Apple collects data through the Photos app that requires disclosure. (Braitberg Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) The Photos app does not collect biometric or identifying information, including "faceprints," as confirmed by witness testimony that the People album does not collect biometric data. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21); Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 128-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 3 (Jones Report ¶ 76); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-

[305] Ex. 137, APL-HAZLI_00000003; Ex. 14, Huff Dep. 84:16–85:3, 88:19–22; Ex. 138, Huff Ex. 9.

31:6, 39:7-40:13, 42:6-14, 44:23-45:5); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

284. Apple's Privacy Policy did not mention metadata transmitted to Apple when photos are synced or shared by a user.[306]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that Ms. Huff's cited testimony states that she does not "think [the Privacy Policy] specifically references" metadata that may be transmitted when photos are shared or synced. (Braitberg Decl. Ex. 14 (Huff Dep. 86:14-87:9, 88:23-89:10).) Admitted that Exhibit 137 and 138 do not use the word "metadata." **Disputed** because Mr. Thomson's testimony does not discuss whether the Privacy Policy mentions metadata transmitted when photos are synced. Rather, the cited testimony is about whether the Privacy Policy mentions the word "biometric." (Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 471:21-473:20).) The synchronization process occurs only after the user elects to enable iCloud Photos, and photo data, such as user-applied labels for People albums, transmitted to iCloud are encrypted on the device before upload and remain encrypted in transit and at rest. (Braitberg Decl. Ex. 20, Jones Expert Report, June 21, 2024 ¶¶ 72, 84-89; Patel Decl. Ex. 38 (Brasher Report ¶¶ 63-64).) Apple **objects** to Plaintiffs' citation to Exhibit 26 because the citations do not support the proffered fact, and therefore do not have a "tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401, 402. Exhibit 26 pertains to whether the Privacy Policy mentions the word "biometric,"

[306] Ex. 137, APL-HAZLI_00000003; Ex. 14, Huff Dep. 86:14–87:9, 88:23–89:10; Ex. 138, Huff Ex. 9; Ex. 26, Thomson 2025 Dep. 471:21–473:20.

and does not discuss disclosures related to metadata. (Braitberg Decl. Ex. 26 (Thomson 2025 Dep. 471:21-473:20).)

285. Apple's "Nutrition Label" disclosures did not mention biometrics or faceprints in the Photos app.[307]

**<u>Apple's Response</u>**: **Admitted in part and disputed in part. Admitted** that Apple's Privacy "Nutrition Label" does not reference the terms "biometric" or "faceprint." **Disputed** to the extent this fact implies that such disclosures were required or that the Photos app or People album feature collects biometric data or "faceprints." The Photos app does not collect biometric or identifying information, as confirmed by witness testimony. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21); Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 128-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 3 (Jones Report ¶ 76); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:6-14, 44:23-45:5); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

286. Apple concedes through its corporate representative that it is unaware of any disclosures Apple released concerning the collection of biometric data to any Illinois purchasers of its devices. [308]

---

[307] Ex. 139, APL-HAZLI_00005910; APL-HAZLI_00005911; Ex. 57, 34-A Thomson 2025 Apple Photos Privacy Label - Details 1 of 2; Ex. 58, 34-B Thomson 2025 Apple Photos Privacy Label - Details 2 of 2.
[308] Ex. 3, Thomson 2023 Dep. 282:20–283:3; Ex. 14, Huff Dep. 42:21–44:8, 65:5–14, 66:23–67:9, 89:12–90:25.

**<u>Apple's Response</u>**: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 286 has no bearing on the issues raised in Plaintiffs' motion. Any statement that a witness was not aware of particular disclosures does not establish that no such disclosures exist, that a disclosure is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. The witnesses further testified that the People album does not collect biometric or identifying information, and therefore no such disclosure would be relevant. (Viggiani Decl. Ex. 8 (11/16/23 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).)

287. Apple concedes through its corporate representative that it is unaware whether Apple has a data retention policy for biometric data.[309]

**<u>Apple's Response</u>**: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 288 has no bearing on the issues raised in Plaintiffs' motion. Any statement that a witness was not aware of a particular policy does not establish that no such policy exists, that such a policy is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. The witnesses further testified that the People album does not collect biometric or identifying information, and therefore no such data retention policy would be relevant. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 16 (Fornallaz Dep. 56:14-57:1); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).)

[309] Ex. 3, Thomson 2023 Dep. 283:16–22; Ex. 98, Fornallaz Dep. 68:3–9; Ex. 14, Huff Dep. 65:16–66:1.

288. Apple concedes through its corporate representative that it is unaware whether Apple has a data destruction policy for biometric data.[310]

**<u>Apple's Response</u>**: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 288 has no bearing on the issues raised in Plaintiffs' motion. Any statement that a witness was not aware of a particular policy does not establish that no such policy exists, that such a policy is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. The witnesses further testified that the People album does not collect biometric or identifying information, and therefore no data destruction policy would be relevant. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 16 (Fornallaz Dep. 56:14-57:1); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).)

289. Apple concedes through its corporate representatives that Apple's software license agreement does not mention a data retention or destruction policy.[311]

**<u>Apple's Response</u>**: **Not supported by record citation**. None of the proffered evidence supports "Fact" No. 289. The witness merely stated that they were not aware of any reference to a retention or destruction of metadata in Apple's software license agreement. That testimony does not establish that no such policies exist, that they are required to be included in the software license agreement, or that any conclusion regarding Apple's liability can be drawn from it. The referenced witnesses further testified that the People album does not collect biometric or identifying information, and therefore no data retention or destruction policy would be relevant. (Viggiani

[310] Ex. 3, Thomson 2023 Dep. 284:5–9; Ex. 98, Fornallaz Dep. 65:17–24, 68:3–9, 70:6–8, 72:4–20; Ex. 14, Huff Dep. 67:5–9; Ex. 13, Burnette Dep. 190:18–191:12.
[311] Ex. 15, APL-HAZLI_00004356; Ex. 14, Huff Dep. 75:9–17.

Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 16 (Fornallaz Dep. 56:14-57:1); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).)

290. Other Apple employees were unaware of any publicly availably policy regarding biometrics or faceprints in the Photos app.[312]

**<u>Apple's Response</u>**: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 290 has no bearing on the issues raised in Plaintiffs' motion. Any statement that an employee was not aware of a publicly available policy does not establish that no such policy exists, that such a policy is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. Witnesses have testified that the People album does not collect biometric or identifying information, and therefore a policy regarding "biometrics" or "faceprints" would not be relevant. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

291. Apple did not publicly disclose that it started collecting faceprints in the cloud with iOS 17.6.4.[313]

**<u>Apple's Response</u>**: **Not supported by record citation, and otherwise disputed.** The cited testimony does not support the proffered fact. Mr. Thomson stated only that he was not aware of public statements Apple made regarding faceprints in "Apple Photos" and that he did not see the word "faceprint" in the documents showed to him by Plaintiffs' counsel. (Braitberg Decl,

---

[312] Ex. 1, Federighi Dep. 114:5–13; Ex. 13, Burnette Dep. 190:18–191:12; Ex. 29, Freudiger Dep. 155:4–156:1.
[313] Ex. 26, Thomson 2025 Dep. 417:11–420:17.

Thomson 2025 Dep. 420:10-17.) **Disputed** as this fact implies that such terms are required to be mentioned in those documents or that the Photos app collects "faceprints" that would necessitate those disclosures. (Patel Decl. Ex. 3 (Jones Report ¶¶ 51-52, 75-80, 112, 133-134); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 9(a)-(b), 12, 21-23, 25, 49, 65); Patel Decl. Ex. 35 (Dunn Dep. 22:9-12, 35:6-11, 77:21-78:1); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8-31:6, 39:7-40:13, 42:3-18, 44:23-47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3-16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11-18, 167:13-22); Patel Decl. Ex. 52 (Keating Dep. Ex. 20); Patel Decl. Ex. 36 (Sharma Dep. 80:3-83:17); Thomson Decl. Ex. A (APL-HZLT-SC_000150-157); Thomson Decl. Ex. A (APL-HZLT-SC_000230-232, APL-HZLT-SC_000473-0476, APL-HZLT-SC_000338-0344); Thomson Decl. Ex. A (APL-HZLT-SC_000101-104).) Further **disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).) Additionally, the fact that after July 2024, for a certain subset of users who meet certain threshold criteria, [redacted] are transmitted and stored within the user's iCloud Photos library on Apple's servers (if the user has it enabled), is discussed publicly in Plaintiffs' Fourth Amended Complaint. (ECF No. 239 ¶¶ 211-218.)

292. Apple has publicly denied collecting faceprints.[314]

<u>**Apple's Response**</u>: **Not supported by record citation, and otherwise disputed**. None of the proffered evidence supports "Fact" No. 292. The cited document is particular to California law and does not support the contention that Apple has publicly denied collecting "faceprints" in

[314] *See* Apple Inc., California Privacy Disclosures, https://www.apple.com/legal/privacy/california/caprivacy-disclosures.html (last visited Sept. 29, 2025) ("Apple does not create or store faceprints of our customers") [https://archive.ph/KLJWH].

any manner pertinent to Plaintiffs' claims. The document explains that, under California law, biometric information may include "an image of your face from which a faceprint can be created," but clarifies that Apple does not create or store faceprints of its customers and therefore does not consider photos stored in iCloud to be biometric information. This disclosure is made solely in the context of California's statutory definition of biometric information and has no bearing on the issues presented in this case. *See* Apple Inc., California Privacy Disclosures, https://www.apple.com/legal/privacy/california/caprivacy-disclosures.html (last visited October 16, 2025) [https://archive.ph/KLJWH]. Apple **disputes** "Fact" No. 292 to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

293. Apple concedes through its corporate representatives that it is unaware whether Apple has a data destruction policy for biometric data.[315]

**Apple's Response**: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 288 has no bearing on the issues raised in Plaintiffs' motion. Any statement that a witness was not aware of a particular policy does not establish that no such policy exists, that such a policy is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. The witnesses further testified that the People album does not collect biometric or identifying information, and therefore no such data destruction policy would be relevant. (Viggiani Decl. Ex. 8 (11/16/2023 Thompson

[315] Ex. 3, Thomson 2023 Dep. 284:5–9; Ex. 98, Fornallaz Dep. 65:17–24, 68:3–9, 70:6–8, 72:4–20; Ex. 14, Huff Dep. 67:5–9; Ex. 13, Burnette Dep. 190:18 – 191:12.

Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21); Braitberg Decl. Ex. 98, Fornallaz Dep. 65:12-16; Viggiani Decl. Ex. 16 (Fornallaz Dep. 56:14-57:1).)

294. Apple concedes through its corporate representatives that it is unaware whether Apple has any publicly available retention schedule or destruction guidelines regarding biometric data created by the People album.[316]

<u>**Apple's Response**</u>: **Disputed, and not material.** Under SDIL-56.1(a), a material fact "is one that bears directly on a legal issue raised in the motion." "Fact" No. 288 has no bearing on the issues raised in Plaintiffs' motion**.** Any statement that a witness was not aware of a particular policy does not establish that no such policy exists, that such a policy is required, or that any conclusion regarding Apple's liability can be drawn from that testimony. The witness further explained that the People album does not collect biometric or identifying information, and therefore no data retention or destruction policy related to such data would be relevant. (Braitberg Decl. Ex. 98, Fornallaz Dep. 65:12-16. *See also,* Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 283:4-15); Viggiani Decl. Ex. 11 (Huff Dep. 66:13-21).)

295. Users cannot delete faceprints without deleting photos.[317]

<u>**Apple's Response**</u>: **Admitted in part and disputed in part. Admitted** that faceprints are deleted when "users are able to delete the asset associated with the faceprint…" (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 288:13-25).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

[316] Ex. 98, Fornallaz Dep. 70:12–19.
[317] Ex. 32, Zuliani Dep. 294:11–15.

296. Absent user action or physical destruction, faceprints will persist indefinitely on a user's device.[318]

<u>Apple's Response</u>: **Not supported by record citation, and otherwise admitted in part and disputed in part.** None of the cited testimony supports Plaintiffs' assertion that faceprints persist *indefinitely*. Instead, Mr. Neuenschwander testified merely that he was "not aware of any case where a faceprint would be automatically deleted without user action." (Braitberg Decl. Ex. 49 (Neuenschwander Dep. 198:15-200:3).) The cited testimony from Mr. Thomson confirms that users cannot "delete the faceprint directly." (Braitberg Decl. Ex. 3 (Thomson 2023 Dep. 288:10-291:10).) **Admitted** that when "users are able to delete the asset associated with the faceprint…[t]hen the faceprint will be deleted." (Viggiani Decl. Ex. 8 (11/16/2023 Thompson Dep. 288:13-25).) **Disputed** to the extent Plaintiffs intend for "faceprints" to mean anything other than the [redacted] that the People album technology generates. (Patel Decl. Ex. 3 (Jones Report ¶¶ 22, 73-83).)

* * *

## DEFENDANT APPLE INC.'S LOCAL RULE 56.1(C) STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.1, Defendant Apple Inc. respectfully submits the following statement of additional material facts as to which there is no genuine dispute and that warrant denial of Plaintiffs' Motion for Partial Summary Judgment as a matter of law.

### A. The People Album Feature Helps Users Organize Their Photos

1. The People album feature is a part of Apple's Photos app and helps organize photos

[318] Ex. 49, Neuenschwander Dep. 198:15–200:3; Ex. 3, Thomson 2023 Dep. 288:10–291:10.

and videos using on-device machine learning. (Patel Decl. Ex. 1 (Federighi Dep. 82:18–21, 129:2–130:12); Huff Decl. ¶ 3; Patel Decl. Ex. 2 (https://support.apple.com/guide/iphone/find-and-name-people-and-pets-iph9c7ee918c/18.0/ios/18.0 (last accessed September 29, 2025)).)

2. The People album feature was released on September 13, 2016. (Huff Opp. Decl. ¶ 4; Viggiani Decl. Ex. 3 (https://www.apple.com/newsroom/2016/09/whats-new-in-ios-10/ (last accessed October 24, 2025)).)

3. The People album technology tries to cluster photos of a person with other photos of the same person, in order to organize those photos into an album in the Photos app. (Patel Decl. Ex. 3 (Jones Report ¶ 73); Patel Decl. Ex. 4 (Keating Dep. 165:16–166:15); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2–4); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 54); Huff Decl. ¶ 3; Patel Decl. Ex. 2 (https://support.apple.com/guide/iphone/find-and-name-people-and-pets-iph9c7ee918c/18.0/ios/18.0 (last accessed September 29, 2025)).)

4. The People album technology runs on photos stored in Apple's Photos app and does not run on photos stored in third-party apps. (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:12–177:13); Patel Decl. Ex. 3 (Jones Report ¶ 98).)

5. Device users alone decide whether to label their People albums and, if so, what name or word to apply. (Patel Decl. Ex. 7 (Burnette Dep. 32:15–19); Patel Decl. Ex. 1 (Federighi Dep. 83:2–8); Patel Decl. Ex. 3 (Jones Report ¶ 80); Patel Decl. Ex. 8 (Circlaeys Dep. 92:8–16); Patel Decl. Ex. 9 (Doe ROG No. 16); Patel Decl. Ex. 10 (Robinson ROG No. 16).)

6. iCloud Photos is an optional feature that users may utilize to store their photos and data, including certain data related to the People album feature, in iCloud and sync the photos

and data across their devices. (Patel Decl. Ex. 1 (Federighi Dep. 49:24–50:3, 145:10–16); Patel Decl. Ex. 3 (Jones Report ¶ 84); Huff Decl. ¶ 4; Patel Decl. Ex. 11 (https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photos-mm8b32f3ae27/1.0/icloud/1.0 (last accessed September 29, 2025)); Patel Decl. Ex. 12 (9/19/2025 Sinnreich Dep. 115:4–116:5).)

**B. The People Album Feature Uses On-Device Technology**

7. As part of the Photos app, the software for the People album technology comes pre-loaded on iPhones, iPads, and Macs. (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 42:1–6, 54:14–55:9).)

8. The People album technology uses [redacted] to organize photos and videos within the Photos app through a series of steps. (Patel Decl. Ex. 3 (Jones Report ¶¶ 73–81); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 50:3–21); Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212–0221, APL-HZLT-SC_000258–0259, APL-HZLT-SC_000302, APL-HZLT-SC_000264–0265, APL-HZLT-SC_000150–0157, APL-HZLT-SC_000230–0232, APL-HZLT-SC_000473–0476, APL-HZLT-SC_000338–0344, APL-HZLT-SC_000101–0104).)

***Step One: Face Crop***

9. The People album technology begins the clustering process [redacted]. (Patel Decl. Ex. 3 (Jones Report ¶¶ 45, 75); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2–3).)

10. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 49, 75, 79, 112); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2–3);

Thomson Decl. Ex. A (APL-HZLT-SC_000103, APL-HZLT-SC_000288, APL-HZLT-SC_000211, APL-HZLT-SC_000212–0221, APL-HZLT-SC_000258–0259, APL-HZLT-SC_000302, APL-HZLT-SC_000264–0265).)

11. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40–42); Thomson Decl. Ex. A (APL-HZLT-SC_000485–0490; APL-HZLT-SC_000290–0293).)

12. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 76); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 2–3); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 41).)

13. [redacted], the People album technology does not create a three-dimensional representation of the face. (Patel Decl. Ex. 3 (Jones Report ¶ 112); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8–31:6, 39:7–40:13, 42:6–14, 44:23–45:14); Patel Decl. Ex. 4 (Keating Dep. 70:3–16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11–18, 167:13–22).)

14. [redacted], the People album technology does not map the coordinates of the face for purposes of identification. (Patel Decl. Ex. 3 (Jones Report ¶ 112); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8–31:6, 39:7–40:13, 42:6–14, 44:23–45:14); Patel Decl. Ex. 4 (Keating Dep. 70:3–16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11–18, 167:13–22).)

15. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 40–42).)

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. Tr. 204:6–22).)

***Step Two:*** [redacted]

21. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 75); Thomson Decl. Ex. A (APL-HZLT-SC_000150–0157, APL-HZLT-

SC_000230–0232, APL-HZLT-SC_000473–0476, APLHZLT-SC_000338–0344); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3).)

22. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 51–52, 75–77); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 21–22); Thomson Decl. Ex. A (APL-HZLT-SC_000150–0157, APL-HZLT-SC_000230–0232, APL-HZLT-SC_000473–0476, APL-HZLT-SC_000338–0344); Patel Decl. Ex. 35 (Dunn Dep. 22:9–12).)

23. "Convolution" refers to a mathematical operation that involves assigning values to each pixel of an image based on a weighted sum of the values of its neighboring pixels. (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶ 22).)

24. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 76).)

25. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 51–52, 75–78); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 21–22, 25); Thomson Decl. Ex. A ((APL-HZLT-SC_000150–0157, APL-HZLT-SC_000230–0232, APL-HZLT-SC_000473–0476, APL-HZLT-SC_000338–0344).)

26. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 78); Thomson Decl. Ex. A (APL-HZLT-SC_000150–0157, APL-HZLT-SC_000230–0232,

APL-HZLT-SC_000473–0476, APL-HZLT-SC_000338–0344); Patel Decl. Ex. 35 (Dunn Dep. 77:21–78:1).)

27. [redacted] (*See* Patel Decl. Ex. 3(Jones Report ¶ 75).)

28. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 79, 112, 132); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8–31:6, 39:7–40:13, 42:60–14, 44:23–45); Patel Decl. Ex. 4 (Keating Dep. 70:3–16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11–18, 167:13–22).)

29. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 51, 75–78, 112, 128–133); Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3–5); Patel Decl. Ex. 8 (Circlaeys Dep. 30:8–31:6, 39:7–40:13, 42:3–18, 44:23–47:2); Patel Decl. Ex. 4 (Keating Dep. 70:3–16); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 137:11–18, 167:13–22); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 22–23).)

30. Because [redacted] do not indicate the presence of geometric shapes, the model is not trained to deduce, and is not deducing, geometric information. (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 24).)

31. [redacted] is not an image of a face, and it cannot be used to recreate a face image. (Patel Decl. Ex. 3 (Jones Report ¶ 134); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 65).)

32. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 73, 75).)

33. [redacted] and is not face geometry. (Patel Decl.

Ex. 3 (Jones Report ¶¶ 73, 75, 78, 112); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 25, 28).)

34. [redacted] (Viggiani Decl. Ex. 4 (Sharma Dep. 554:9–20, 56:8–57:1, 57:24–58:15); Patel Decl. Ex. 3 (Jones Report ¶¶ 120–22).)

35. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 29–30); Thomson Decl. Ex. A (APL-HZLT-SC_000764, APL-HZLT-SC_000797, APL-HZLT-SC_000830, APL-HZLT-SC_000858, APL-HZLT-SC_000859).)

36. Apple's engineering manager explained that the meaning of "faceprint" "will depend on the context [in which] the term is used." (Viggiani Decl. Ex.20 (Thomson 4/18/25 Dep. 360:17–25).)

***Step Three: Clustering of*** [redacted]

37. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 75); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 50, n.38).)

38. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 66, 75); Thomson Decl. Ex. A (APL-HZLT-SC_000101–0104).)

39. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 64) Thomson Decl. Ex. A (APL-HZLT-SC_000101–0104); Patel Decl. Ex. 4 (Keating Dep. 50:8–18).)

40. [redacted]

(Patel Decl. Ex. 5 (Jones Rebuttal ¶ 30); Patel Decl. Ex. 36 (Sharma Dep. 136:8–137:1).)

41. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66); Thomson Decl. Ex. A (APL-HZLT-SC_000101–0104).)

42. [redacted] is not based on and does not use geometric measurements. (Patel Decl. Ex. 3 (Jones Report ¶¶ 45–48, 51–52, 75–77, 112, 132–33); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 9(d)).)

43. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 49); Patel Decl. Ex. 3 (Jones Report ¶¶ 79–80); Patel Decl. Ex. 36 (Sharma Dep. 80:3–83:17).)

44. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 117–18].)

45. As Dr. Hashmi described, users can choose to label their albums, which means the technology would associate [redacted]. (Viggiani Decl., Ex. 14 (Hashmi Dep. 119:7–120:11).)

46. The clustering process is not based on any identified individual, but instead on "a group of similar faces," with the possibility that "multiple clusters" may represent the same person because "[i]t's just a precision problem." (Viggiani Decl. Ex. 19 (Circlaeys Dep. 52:2–53:24).)

47. The "[redacted] and instead resembles what you would find in a yearbook—

a photo associated with a label (if a user chose to supply a label.) (Patel Decl. Ex. 3 (Jones Report ¶ 125).

48. [redacted] (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 12); Patel Decl. Ex. 3 (Jones Report ¶¶ 75, 78–80); Thomson Decl. Ex. A (APL-HZLT-SC_000101–104); Patel Decl. Ex. 35 (Dunn Dep. 35:6–11).)

49. In the field of biometrics, face geometry concerns a three-dimensional representation of the facial structure. (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 19).)

50. In the field of biometrics, a scan of face geometry involves a scanning process. (Patel Decl. Ex. 5 (Jones Rebuttal ¶ 29).)

51. The Photos app and People album feature algorithms "scan" images only under the colloquial understanding of that term. (Viggiani Decl. Ex. 2 (Burnette Dep. 21:3–7).)

52. Neither the clustering algorithm nor Apple knows the identity of the people in the photos or clustered albums. (Patel Decl. Ex. 3 (Jones Report ¶¶ 79–80); Patel Decl. Ex. 8 (Circlaeys Dep. 90:22–92:16, 94:16–98:6); Patel Decl. Ex. 35 (Dunn Dep. 32:16–23).) The on-device clustering process looks like this:



(Patel Decl. Ex. 52 (Keating Dep. Ex. 20 at 3).)

***User-Controlled Labeling of the Clustered Albums***

53. Users may decide to assign a label to their People albums. (Patel Decl. Ex. 3 (Jones Report ¶ 70); Huff Decl. ¶ 3; Patel Decl. Ex. 2 (iOS 18 user guide ("Name a person or pet in the People & Pets collection")).)

54. Plaintiffs Doe, LeBlond, Robinson, and Vall each have at least one People album labeled with their own respective first names. (Patel Decl. Ex. 9 (Doe ROG No. 16); Patel Decl. Ex. 13 (Doe Dep. 206:13–207:5, 237:2–14); Patel Decl. Ex. 18 (LeBlond Supp. ROG No. 4); Patel Decl. Ex. 10 (Robinson ROG No. 16); Patel Decl. Ex. 14 (Robinson Dep. 114:24–115:21); Patel Decl. Ex. 25 (Vall ROG No. 16); Patel Decl. Ex. 27 (Vall Dep. 80:24–81:20).)

55. Others who choose not to label their albums at all (like Plaintiffs Brown, Orris, Stevens, Oatman, Jackson, and Revelo) have People albums that depict only a cover photo (a face crop). (Patel Decl. Ex. 16 (Brown Dep. 86:15–16); Patel Decl. Ex. 30 (Jackson Dep. 108:11–17); Patel Decl. Ex. 32 (Oatman Dep. 79:9–22, 82:2–4, 110:19–23); Patel Decl. Ex. 22 (Orris Dep. 134:13–23); Patel Decl. Ex. 34 (Revelo Dep. 87:12–15); Patel Decl. Ex. 24 (Stevens Dep. 135:14–23).)

56. The Photos app uses non-facial recognition on-device information, [redacted] to infer whether photos are photos of the user, but does not know the user's identity. (Viggiani Decl. Ex. 19 (Circlaeys Dep. 149: 3–22).) (Patel Decl. Ex. 3 (Jones Report ¶¶ 102–03); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 49, 64).)

**C. Apple Cannot Access On-Device People Album Data**

57. Apple cannot access any part of the on-device clustering process or [redacted]. (Patel Decl. Ex. 3 (Jones Report ¶¶ 35, 83); Patel Decl. Ex. 1 (Federighi Dep. 46:21–47:9,

48:14–18).)

58. Apple uses on-device protection to encrypt user data that is on the device, including data stored in the Photos app. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 58–61); Patel Decl. Ex. 39 (Neuenschwander Dep. 86:5–91:10).)

59. Encryption is a technology that . . . disguise[s] the content" to "protect and secure information" and, when encrypted, data "appears to the computer as completely random binary data." (Patel Decl. Ex. 38 (Brasher Report ¶ 30.)

60. People album data, including [redacted] and People album labels, that is stored on a user's device is protected through encryption technology. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 60–61); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 104–06, 136).)

61. Only the user's device, not Apple, can decrypt the on-device data stored by the Photos app. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 60–61); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 104–06, 136).)

62. This encryption technology provides security against outside attack. (Patel Decl. Ex. 38 (Brasher Report ¶ 61).)

63. Apple implemented on-device processing for the Photos app, including the People album feature, to enhance users' privacy. (Huff Decl. ¶ 6; Patel Decl. Ex. 41 (Photos Brief at 3–5, 9, 20–21); Patel Decl. Ex. 1 (Federighi Dep. 46:9–47:12, 129:2–130:12).)

**D. Users Control Their Photos and May Choose to Store Photos in and Sync Photos Through iCloud Photos**

64. Users alone control whether to take photos. (Patel Decl. Ex. 3 (Jones Report ¶ 92); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1–8); Patel Decl. Ex. 7 (Burnette Dep. 201:1–20).)

65. Users alone control whether to delete photos. (Patel Decl. Ex. 3 (Jones Report ¶ 93);

Patel Decl. Ex. 42 (Zuliani Dep. 293:19–23); Patel Decl. Ex. 12 (Sinnreich Dep. 117:1–8); Patel Decl. Ex. 7 (Burnette Dep. 201:21–202:9).)

66. Users are able to delete a photo, or asset, and when they do "[t]hen the faceprint will be deleted." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 288: 10–15).)

67. Users can remove the Photos app from the Home Screen of their iPhone by touching and holding the app and tapping "Remove from Home Screen." (Huff Opp. Decl. ¶ 3; Viggiani Decl. Ex. 1 (https://support.apple.com/guide/iphone/remove-or-delete-apps-iph248b543ca/ios(last accessed October 24, 2025)).)

68. If a user does not use the Photos app, the processes for generating [redacted] and clusters will not run. ((Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:12–177:13); Patel Decl. Ex. 3 (Jones Report ¶ 74).)

69. Apple's software functionality is "a combination of the user's actions and the software," as the "user can control what the software—how the software behaves." (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 84:3–85:3).)

70. With user consent or input, Apple can make software updates after the software is loaded onto a user's device. (Viggiani Decl. Ex. 8 (11/16/2023 Thomson Dep. 81:25–82:14.)

71. Users "must enable Location Services on [their] iPhone and give [their] permission to each app or website before it can receive location data from Location Services" (Huff Opp. Decl. ¶ 5 Viggiani Decl. Ex. 10 (https://www.apple.com/legal/privacy/data/en/location-services/ (last accessed October 24, 2025)).)

72. Users decide whether to enable or disable iCloud Photos by choosing whether to toggle iCloud Photos on or off within the Photos tab of the Settings section of their devices. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 91, 101); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep.

47:18–48:2); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 486:2–9); Patel Decl. Ex. 42 (Zuliani Dep. 293:8–9); Patel Decl. Ex. 12 (Sinnreich Dep. 116:23–117:8).)

73. When a user enables iCloud Photos, photos uploaded from one device to iCloud Photos are synchronized through the user's iCloud Photos library and can be downloaded and viewed on that same user's other devices signed into the same authenticated iCloud account. (Patel Decl. Ex. 3 (Jones Expert Report ¶ 72).)

74. When iCloud Photos is enabled, [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 84).)

75. If a user has iCloud Photos enabled, they can disable it at any time. (Patel Decl. Ex. 3 (Jones Report ¶¶ 72, 84, 91); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:3–10).)

76. Since December 2022, Apple has provided users with two levels of data protection for iCloud: Standard Data Protection and Advanced Data Protection, adding an optional additional level of data security to what was already offered. (Huff Decl. ¶ 9; Patel Decl. Ex. 46 (https://www.apple.com/newsroom/2022/12/apple-advances-user-security-with-powerful-new-data-protections/ (last accessed September 29, 2025)); Patel Decl. Ex. 38 (Brasher Report ¶¶ 42, 64).)

77. Standard Data Protection is the default setting for a user's data that is synced to iCloud. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); (Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Platform Security Guide) at 151.)

78. Under Standard Data Protection, a user's iCloud data is encrypted when in transit between a user's devices and iCloud servers and encrypted on iCloud servers when the data is stored in iCloud. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); (Huff Decl. ¶ 5; Patel Decl. Ex. 40

(Platform Security Guide) at 151).)

79. Under Standard Data Protection, except for certain iCloud data that is end-to-end encrypted and accessible only to the user, [redacted] to assist users with data and account recovery. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 26, 66–69); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Platform Security Guide) at 151); Patel Decl. Ex. 3 (Jones Report ¶ 86); Patel Decl. Ex. 1 (Federighi Dep. 148:12–23).)

80. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶ 88); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Platform Security Guide) at 151); Patel Decl. Ex. 38 (Brasher Report ¶¶ 26, 69); Huff Decl. ¶ 10; Patel Decl. Ex. 47 (Law Enforcement Guidelines) at 12–13.)

81. Data that is encrypted while in iCloud Photos, such as a user-applied label for a People album, is scrambled and is unreadable to others, including Apple. (Patel Decl. Ex. 3 (Jones Report ¶¶ 33, 62–63, 85–89, 125); Huff Decl. ¶ 6; Patel Decl. Ex. 41 (Photos Brief) at 21); Patel Decl. Ex. 38 (Brasher Report ¶¶ 26, 30, 69).)

82. Unlike Standard Data Protection, a user must affirmatively opt into Advanced Data Protection. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 153.)

83. If a user enables Advanced Data Protection, [redacted] (Patel Decl. Ex. 38 (Brasher Report ¶ 64); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 153.)

84. Where data is end-to-end encrypted with the encryption keys stored only on a user's devices, neither Apple nor any third party can access the data without the user's knowledge or

consent and the data remains secure even in the case of a data breach in the cloud. (Patel Decl. Ex. 38 (Brasher Report ¶ 64); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide) at 153; Huff Decl. ¶ 8; Patel Decl. Ex. 48 (iCloud data security overview) at 151.)

85. Before July 29, 2024, if a user had iCloud Photos enabled, the following data would be synced to the user's iCloud Photos library: (i) [redacted], and (ii) [redacted] ("iCloud Photos Data"). (Patel Decl. Ex. 38 (Brasher Report ¶ 66); Patel Decl. Ex. 3 (Jones Report ¶¶ 85–86, 125); Patel Decl. Ex. 1 (Federighi Dep. 50:18–51:9); Patel Decl. Ex. 49 (Freudiger Dep. 141:19–142:21, 147:18–148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).)

86. The iCloud Photos Data continued to be synced to iCloud Photos after July 29, 2024, for users who did not upgrade to iOS 17.6, iPadOS 17.6, MacOS Sonoma 14.6, or later, or did not meet the criteria to have additional photos-related data sync to iCloud. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 432:8–24, 486:20–487:5 (explaining criteria to take advantage of syncing additional data through iCloud).)

87. For all users and at all times, any label that a user applies to a People album, and certain metadata associated with photos are encrypted on the user's device and remain encrypted in iCloud Photos if sent to iCloud Photos. (Patel Decl. Ex. 1 (Federighi Dep. 51:7–9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 1 (Jones Report ¶¶ 85–86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18–148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).)

88. The encrypted labels and metadata are "not used by Apple in any way" when stored on iCloud Photos, including to identify users. (Patel Decl. Ex. 1 (Federighi Dep. 51:7–9); Patel Decl. Ex. 38 (Brasher Report ¶ 64); Patel Decl. Ex. 3 (Jones Report ¶¶ 85–86, 125); Patel Decl. Ex. 49 (Freudiger Dep. 147:18–148:3); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).)

89. Because of on-device encryption, Apple cannot read any labels that users apply to People albums. (Patel Decl. Ex. 38 (Brasher Report ¶¶ 64, 69); Patel Decl. Ex. 3 (Jones Report ¶ 125); Patel Decl. Ex. 50 (Freudiger Dep. Ex. 11).)

90. Every user has the option to sync iCloud Photos Data and can disable syncing at any time (as Robinson did). (Patel Decl. Ex. 14 (Robinson Dep. 194:24–195:14); (Patel Decl. Ex. 3 (Jones Report ¶ 91); Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 176:3–10).)

91. When iCloud Photos Data is synced, it remains synced in a user's iCloud Photos library in an encrypted form that no one other than the user can use while encrypted. (Patel Decl. Ex. 3 (Jones Report ¶¶ 85–86, n.50); Patel Decl. Ex. 51 (Subramaniam Dep. 259:5–260:10).)

92. On-device processing for the Photos app and encryption leaves users in control of their People album data, whether it is on their device or synced through iCloud Photos. (Patel Decl. Ex. 3 (Jones Report ¶82); Patel Decl. Ex. 1 (Federighi Dep. 46:9–47:12, 129:2–130:12); Patel Decl. Ex. 38 (Brasher Report ¶¶ 53–71).)

93. [redacted] (Patel Decl. Ex. 6 (11/16/2023 Thomson Dep. 207:8–208:21).)

94. There is no evidence that Apple has accessed Plaintiffs' iCloud Photos Data ([redacted]) for any purpose. (Patel Decl. Ex. 38 (Brasher Report ¶ 69).)

95. During his deposition, Robinson did not identify any evidence that Apple has ever decrypted or accessed his iCloud Photos Data. (Patel Decl. Ex. 14 (Robinson Dep. 180:15–181:10).)

96. Apple describes the People album technology in support articles and iPhone User

Guides. (Patel Decl. Ex. 3 (Jones Report ¶ 104, n.59); Huff Decl. ¶ 11; Patel Decl. Ex. 53 (iOS 15 People album page); Huff Decl. ¶ 12; Patel Decl. Ex. 54 (iOS 16 People album page); Huff Decl. ¶ 3; Patel Decl. Ex. 2 (iOS 18 People album page) (last accessed September 29, 2025))

### E. Certain Users Can Opt to Sync Additional End-to-End Encrypted Photos Data Through iCloud to Their Other Apple Devices

97. In July 2024, Apple released software updates for the iPhone (iOS 17.6), iPad (iPadOS 17.6), and Mac (MacOS Sonoma 14.6) (collectively, the "OS Updates"). (Patel Decl. Ex. 69 (Sinnreich Supp. Expert Report at 1); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24–25).)

98. As part of the OS Updates, a device used to take a photo generates a [redacted] (the "Sync Update"). (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24–352:7, 363:25–365:3).)

99. After the Sync Update, [redacted] continue to be created on device and clustering of [redacted] continues to occur on device. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:24–352:7, 476:10–481:6); Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 45, 47).)

100. The source code shows that the Sync Update affects users who (i) have the OS Updates or later versions installed on their devices; (ii) have iCloud Photos enabled; (iii) have an iCloud storage tier of at least 10GB; (iv) possess more than 5,000 photos or videos on the user's device; and (v) [redacted] (Patel Decl. Ex. 55 (Jones Supp. Report ¶ 27); Patel Decl.

Ex. 43 (4/18/2025 Thomson Dep. 431:22–432:24)); Patel Decl. Ex. 56 (Hashmi Supp. Expert Report ¶¶ 13–14).)

101. [redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 364:21–365:3); Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 22–24); Thomson Decl. Ex. A (APL-HZLT-SC_000764); Thomson Decl. Ex. A (APL-HZLT-SC_000797); Thomson Decl. Ex. A (APL-HZLT-SC_000859).)

102. A user's other devices signed into iCloud can download and [redacted] Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 364:21–365:3, 377:1–21); Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 26).)

103. [redacted] (Patel Decl. Ex. 3 (Jones Report ¶¶ 127); Thomson Decl. Ex. A (APL-HZLT-SC_000101–0104); Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 376:3–377:21).)

104. The Sync Update avoids each device having to separately detect faces and regenerate [redacted] (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep. 377:1–378:8).)

105. Apple is unable to view or access any [redacted] that are included in the datablob synced through iCloud Photos because every datablob is encrypted with end-to-end encryption and [redacted] (Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 14–16); Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 11); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Thomson Decl. Ex. A (APL-HZLT-SC_000858); Patel

Decl. Ex. 43 (4/18/2025 Thomson Dep. 351:22–352:7, 363:25–365:3, 369:2–370:17, 373:12–374:21, 385:8–387:2, 426:22–427:17, 471:2–20).)

106. [redacted] (Patel Decl. Ex. 55 (Jones Supp. Report ¶¶ 14–16); Thomson Decl. Ex. A (APL-HZLT-SC_000830); Thomson Decl. Ex. A (APL-HZLT-SC_000858).)

107. With end-to-end encryption, only the sender device and intended receiver device have access to the private key that can be used to decrypt the data and access the content of a transmission. (Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 26); Patel Decl. Ex. 38 (Brasher Report ¶ 39); Patel Decl. Ex. 39 (Neuenschwander Dep. 31:2–22).)

108. [redacted] cannot be decrypted when stored on servers in an intermediate state. (Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 26); Patel Decl. Ex. 55 (Jones Supp. Report ¶ 53); Patel Decl. Ex. 39 (Neuenschwander Dep. 31:2–22).)

109. [redacted] is unreadable to Apple when routed through and stored in iCloud. (Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 26); Patel Decl. Ex. 38 (Brasher Report ¶ 39); Patel Decl. Ex. 55 (Jones Supp. Report ¶ 53); Patel Decl. Ex. 39 (Neuenschwander Dep. 31:2–22).)

110. Apple's devices contain a Secure Enclave, which is a dedicated secure subsystem integrated directly into Apple's custom System on a Chip (SoC) designs. (Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 17); Patel Decl. Ex. 38 (Brasher Report ¶¶ 49–57); Patel Decl. Ex. 39 (Neuenschwander Dep. 35:13–25); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide at 10–19).)

111. [redacted] and are therefore protected even if the device's operating system were compromised by an

attacker. Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶ 18); Huff Decl. ¶ 13; Patel Decl. Ex. 72 (Secure Enclave Apple Support Webpage).

112. Apple also uses an on-device software-based security technology called Data Protection to layer multiple levels of encryption on the keys used to decrypt the datablob, further protecting the device's operating system in case of compromise. (Patel Decl. Ex. 57 (Brasher Rebuttal Report ¶¶ 21–23); Huff Decl. ¶ 5; Patel Decl. Ex. 40 (Apple Platform Security Guide at 99, 103–113); Huff Decl. ¶ 9; Patel Decl. Ex. 46 ("Apple advances user security with powerful new data protections" at 4–5); Patel Decl. Ex. 39 (Neuenschwander Dep. 34:15–35:12, 126:6–19).)

113. Before the Sync Update, Apple generally relied on the iCloud Photos infrastructures to provide privacy and security related to iCloud Photos. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep.) at 385:15–387:2.)

114. With the Sync Update, Apple designed the update so that the Photos app handles privacy security for the datablob with end-to-end encryption happening outside of the cloud queue, which allowed Apple to maintain its requirement that [redacted] is accessible only on the user's device. (Patel Decl. Ex. 43 (4/18/2025 Thomson Dep.) at 385:15–387:2.)

### F. Apple's Photos App Does Not Create or Store Biometric Data or Perform Identification or Verification

115. Enrollment is the process of adding known and confirmed identities to a database along with corresponding biometric templates. (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶ 48).)

116. Enrollment requires confirming the identity of a person (using, for example, trusted documents) and storing the identity information in a database for later comparison. (Patel Decl. Ex. 5 (Jones Rebuttal Report ¶¶ 46–48, 55); Patel Decl. Ex. 58 (Jones Dep. 329:14–330:24); Patel Decl. Ex. 59 (Jones Dep. Ex. 4); Patel Decl. Ex. 60 (Jones Dep. Ex. 20).)

117. Enrollment is not part of Apple's Photos app. (Patel Decl. Ex. 3 (Jones Report ¶¶ 56, 75).)

118. For both identification and verification, where there has been no valid enrollment step, there can be no verification or identification. (Patel Decl. Ex. 3 (Jones Report ¶ 61); Patel Decl. Ex. 5 (Jones Rebuttal ¶¶ 46–48).)

119. Verification or identification is not part of Apple's Photos app. (Patel Decl. Ex. 3 (Jones Report ¶¶ 57, 79 102–103); Thomson Decl. Ex. A (APL-HZLT-SC_000338–0344, 0205–0210, 0503–0507, 0541–0542, 0550–0551, 0552–0556); Patel Decl. Ex. 5 (Jones Rebuttal ¶ 50).)

120. Apple's Photos app uses on-device clustering to try to group together photos of the same people. (Patel Decl. Ex. 3 (Jones Report ¶¶ 64, 66, 70); Thomson Decl. Ex. A (APL-HZLT-SC_000101–0104).)

121. Clustering can be considered a process of many-to-many matching where the similarity between pairs of samples in a dataset are evaluated and "clusters" are grouped based on their relative similarities, such as measuring similarity based on the distance between two samples [redacted]) in the high-dimensional feature space. (Patel Decl. Ex. 3 (Jones Report ¶ 64).)

122. An algorithm that seeks to cluster photos does not require any identifying information, unlike face recognition technology that seeks to verify or identify a person. (Patel Decl. Ex. 3 (Jones Report ¶¶ 57, 64, 66).)

123. Face recognition alone cannot determine an identity. (Patel Decl. Ex. 3 (Jones Report ¶ 55).)

Respectfully submitted,

Dated: October 27, 2025

APPLE INC.

By: */s/ Purvi G. Patel*

Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com

* appearing *pro hac vice*

MF-363894301