**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| JANE DOE, by and through next friend JOHN DOE, RICHARD ROBINSON, YOLANDA BROWN, JONATHAN LEBLOND, PATRICIA ORRIS, ANGELA STEVENS, JESSICA JACKSON, MELISSA OATMAN, JUSTIN REVELO, AND TAYLOR VALL on behalf of themselves and all other persons similarly situated, known and unknown,<br><br><br>Plaintiffs,<br><br><br>v.<br><br><br>APPLE INC.,<br><br><br>Defendant. | Case No. 3:20-cv-00421-NJR |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com

\* appearing *pro hac vice*

*Attorneys for Apple Inc.*

Plaintiffs have opposed a motion Apple did not write, calling out "concessions" that Apple did not make and which cannot be supported by the undisputed evidence. In largely rehashing arguments from their summary judgment motion, Plaintiffs double down on mischaracterizing evidence and asking the Court to misinterpret BIPA.[1] Despite their advocacy, Plaintiffs cannot avoid what years of discovery has proven: BIPA does not apply to the People album technology. Their failed arguments affirm that Apple is entitled to summary judgment on all claims.[2]

A.      No "Biometric Identifiers" or "Biometric Information" Are Involved Here

*There is no dispute that the People album technology scans photographs and compares the results—* ███████████████ *— to try and group together similar photos.* (MSJ at 12-14; Apple Opp. at 3-8.)[3] Undisputable source code shows the ██████ are simply a set of █████ ███ numbers—not face measurements that constitute "scans of face geometry." (MSJ at 12-14; Apple Opp. 4.) Plaintiffs' assertion that "face geometry" need not involve facial measurements is wrong. (Pl. Opp. at 4.) As the Ninth Circuit explained (relying on Illinois caselaw), a "biometric identifier" is "a biology-based set of ***measurements*** ('biometric') that *can be used to identify* a person ('identifier')." *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1125 n.2 (9th Cir. 2024) (emphasis added). The ██████ "do not reveal any geometric information about the detected face

---

[1] Apple respectfully submits this reply per the Amended Scheduling Order. (Dkt. 259.)

[2] Plaintiffs' opposition violates several local rules. It violates L.R. 56.1 by (i) attaching new exhibits without citing their Response to Apple's Statement of Undisputed Material Facts or adding purported additional material facts; and (ii) incorporating their entire Statement of Facts in support of their summary judgment motion. The Court should disregard facts that are included only in a summary judgment brief and not a corresponding statement of facts. *Koch v. Vill. of Schiller Park*, No. 12-CV-1224, 2014 WL 2744985, at *2 (N.D. Ill. June 17, 2014). Plaintiffs' use of 10-point footnotes also violates L.R. 7.1(a)(3) and the page limit imposed by L.R. 56.1(e).

[3] "Pl. Opp." is Plaintiffs' opposition to Apple's MSJ. (Dkt. 297.) "MSJ" is Apple's summary judgment motion (Dkt. 281) and Apple incorporates the defined terms used therein. "Apple Opp." is Apple's opposition to Plaintiffs' partial summary judgment motion (Dkt. 306), and "Appendix A" is Dkt. 306-1.

in the image, nor do they correspond to facial features like the eyes or nose, or distances between them"; they are instead "abstract, numerical representation[s] of a face crop." *Id.* at 1125.

Because Plaintiffs cannot show that the ███████ are biometric identifiers or information, they claim that the ███████ "incorporate" face geometry or the technology "uses" face geometry. (Pl. Opp. at 4-7.) These arguments rely on mischaracterized testimony, misconstrued documents and terminology, and unsupported expert opinions (Apple Opp. at 5-7, 11-13; Appendix A):

- Plaintiffs ignore that the People album technology generates ███████ ███████ . (MSJ at 12-14.) In other words, there is no "face geometry" used in these steps.
- No witness testified that the ███████ is a spatial or geometric representation of facial features. The one witness whose testimony Plaintiffs cite for this proposition (Marco Zuliani) disagreed with it. (Viggiani Reply Decl Ex. 1 at 207:18-24) (testifying he did not agree that Apple's neural engine was capable of locating "unique geometry" in a face).)
- ███████████████████████████ train neural networks ***not related*** to the People album feature. Thus Plaintiffs' argument that the People album technology is "encoded" with "face geometry" because of this training is wrong. (Dkt. 306-2 ¶ 32.)
- Dr. Sheryl Brahnam's opinions are unsubstantiated (MSJ at 14-15) and Plaintiffs erroneously assert that Dr. Atif Hashmi opines that Apple "collects and possesses face geometry." (Pl. Opp. at 6-7.) The cited portions of Hashmi's report discuss general ███████ ███████ ), steps in the People album technology that do not measure facial features, or testimony that does not support the opinion. (Dkt. 280-15 ¶¶ 39, 75, 80.)

There is no genuine dispute that ███████ are not "scans of face geometry."

***Unable to demonstrate that the*** ███ ***is a "biometric identifier," Plaintiffs improperly introduce an entirely new theory, contending that "feature maps" are "biometric identifiers."*** (Pl. Opp. at 9.)[4] The feature maps here are not spatial representations of the location of detected facial features (e.g., "biometric identifiers"). (Viggiani Reply Decl. Ex. 2 at 42:3-17; Dkt. 281-8 ¶¶ 22-28.) Plaintiffs' only citation is testimony that a ***hypothetical*** feature map generally indicates

---

[4] It is "rarely . . . appropriate" for a court to consider new allegations or theories first raised in summary judgment briefing. *Ollison v. Gossett*, 136 F.4th 729, 740 (7th Cir. 2025) (rejecting new facts where plaintiff "had ample time to . . . amend his complaint to bolster his claim" and there was "no reason to permit him to constructively do so by way of summary judgment briefing").

where features are detected. (Pl. Opp. at 9.) This says nothing about Apple's actual technology, which the same witness testified is *not* capable of locating "unique geometry" in a face. (Viggiani Reply Decl. Ex. 1 at 207:18-24.) Besides, Apple cannot possibly "collect" or "possess" feature maps under § 15(b) or § 15(a). The feature maps are ███████████████████████████, meaning no standalone feature maps exist. (MSJ at 12-14; Apple Opp. at 4; Dkt. 281-8 ¶¶ 22-28.)

*There is no "biometric information" at issue here.* Plaintiffs' assertion that "████████ ██████████████████████████████████ are "biometric information" fails for two reasons. *First*, because the People album does not involve a "biometric identifier," there can be no "biometric information," which by definition must be *derived from* a biometric identifier and *used to identify an individual*. (MSJ at 15-16; Apple Opp. at 10-11); 740 ILCS 14/10 (emphasis added). *Second*, undisputed evidence confirms none qualify as "biometric information":

- ████████████████████████ are smaller versions of photos, and are thus excluded from BIPA. Plaintiffs' mischaracterization of cases, like *Vance*, to argue that BIPA applies to photos (Pl. Opp. at 8) contradicts BIPA's plain language. 740 ILCS 14/10.
- ████████████████████████████████████. Like ████████, they are created *before* the feature maps and ████████, and thus cannot possibly be *derived from* the ████. (Apple Opp. at 10-11.)
- ████████████ are internal "serial number[s]" associated with a photo cluster in the People album. They do not indicate who a person is and are not derived from the ████ (*Id.*)

Plaintiffs' only other argument—that the ████ is "biometric information" derived from feature maps—should be rejected out of hand as an untimely and improper attempt to amend their complaint. (Pl. Opp. at 9 n.36); *Ollison*, 136 F.4th at 740. Regardless, it is meritless, given that the ████'s feature maps are not "biometric identifiers," as discussed above.

*The People album technology does not identify anyone.* BIPA only applies to data that could identify a person.[5] Plaintiffs, however, ask the Court to read "identification" out of the statute

---

[5] "The word 'identifier' modifies the word 'biometric' to signal that the types of data listed [under BIPA] *could* be used to identify a person." *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 749 (S.D.

by downplaying *Zellmer*, the only on-point appellate decision, and relying on pre-*Zellmer* trial

court decisions finding a biometric identifier need not identify a person. (Pl. Opp. at 10-12.) The

Ninth Circuit was clear: even if a technology may "identify that a particular image contains a face,"

"this does not mean that [defendant] can, from that face, identify a person." *Zellmer*, 104 F.4th at

125-26. (MSJ at 16-19; Apple Opp. at 8-10.) Further, Plaintiffs' attempt to show that the People

album can identify anyone relies on mischaracterized evidence. (Pl. Opp. at 11-13.) Nothing

Plaintiffs cite can change what the source code establishes: People album data does not "identify"

anyone. (MSJ at 16-19; Apple Opp. at 11-13; Appendix A.) It is up to a user whether to label a

People album, and even then, Apple has no way of verifying whether the label accurately names

anyone in a photo. (MSJ at 18-19.) This alone warrants summary judgment in Apple's favor.

### B.  Apple Does Not "Collect" or "Possess" Any of the Data at Issue

Apple took no active steps to "collect" or obtain People album data stored on local devices

or synced to iCloud. (MSJ at 20-27; Apple Opp. at 13-20.) Undisputed evidence shows Apple used

on-device processing and, for relevant photos data synced to iCloud, implemented privacy-

enhancing encryption. Thus, Apple does not "control" any People album data. Plaintiffs cannot

escape what the evidence shows by arguing Apple owns and controls the data simply because

Apple developed the software and storage technology (a proposition courts have explicitly

rejected). (Apple Opp. at 16 (citing cases).)[6]

*Apple does not control or possess People album data on users' local devices.* The

Appellate Court of Illinois, First District has already found that Apple does not "collect" or

---

Ill. 2020). And "biometric information" is data "used to identify an individual." 740 ILCS 14/10.

[6] Plaintiffs are wrong that they "cannot delete" the pertinent data (Pl. Opp. at 15 n.49); a user chooses whether to delete photos (which would delete any related ▉▉▉▉). (Apple Opp. at 16.) And their attempt to distinguish Apple's cited case fails; *allegations* of control do not defeat *evidence* of lack of control on summary judgment. (MSJ at 20-27; Apple Opp. at 13-20.)

"possess" biometrics under BIPA when data remains on-device. *Barnett v. Apple Inc.,* 2022 IL App (1st) 220187 (Ill. App. 2022). That conclusion is dispositive here and there can be no BIPA violation for users whose People album data remains on their devices. Plaintiffs' only argument to avoid this outcome finds no legal support; creating the technology does not equate to controlling any and all data belonging to users of that technology. (MSJ at 21-22; Apple Opp. at 14-17.)

***Apple does not control or possess People album data synced to iCloud.*** Users decide whether to use iCloud or iCloud Photos (it is not automatic); when enabled, any relevant synced People album data is encrypted, which means Apple does not control or possess it. (MSJ at 22-27; Apple Opp. at 17-20; Dkt. 306-2 ¶ 250.) Apple does not decrypt or access synced photo-related information absent exceptional circumstances that Plaintiffs concede do not apply to them.[7] Plaintiffs cannot survive summary judgment by arguing that at some time in the future Apple could hypothetically change the software to access data. That Plaintiffs resort to such an argument only confirms that Apple ***does not*** "collect" or "possess" biometrics using the existing technology.

### C.    Plaintiffs Have Not Been Aggrieved

Plaintiffs refute an argument that Apple did not make as to aggrievement: that a technical violation of BIPA does not entitle Plaintiffs to ***seek*** damages. Instead, Apple argued that Plaintiffs are not "aggrieved" because they failed to establish any BIPA violation. (*See generall*y MSJ; Apple Opp.) That is, there is not even a "mere violation of BIPA's statutory requirements" as Plaintiffs' cited cases require. (Pl. Opp. at 19.) Regardless, Plaintiffs do not dispute that damages are discretionary under BIPA, or that they continue to use the technology they claim violates their privacy rights. Because Plaintiffs have not been harmed, they are not entitled to damages.

---

[7] Plaintiffs do not contest this point and thus admit that Apple has not accessed their data pursuant to any subpoena or user request to recover data. *Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011) (argument waived when not addressed).

Respectfully submitted,

Dated: November 17, 2025                    APPLE INC.


By: */s/ Purvi G. Patel*
    Purvi G. Patel (ARDC# 6287065)
    Emma Burgoon*
    Morrison & Foerster LLP
    707 Wilshire Boulevard, Suite 6000
    Los Angeles, California 90017
    (213) 892-5200
    PPatel@mofo.com
    EBurgoon@mofo.com

    Katie Viggiani*
    Tiffani B. Figueroa*
    Morrison & Foerster LLP
    250 West 55th Street
    New York, New York 10019
    (212) 468-8000
    KViggiani@mofo.com
    TFigueroa@mofo.com

    * appearing *pro hac vice*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I electronically filed the foregoing **Defendant Apple Inc.'s Reply in Support of Its Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

*/s/ Purvi G. Patel*
Purvi G. Patel