IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANE DOE, by and through next friend JOHN DOE, RICHARD ROBINSON, YOLANDA BROWN, JONATHAN LEBLOND, PATRICIA ORRIS, ANGELA STEVENS, JESSICA JACKSON, MELISSA OATMAN, JUSTIN REVELO, and TAYLOR VALL, on behalf of themselves and all other persons similarly situated,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>v.<br><br>**APPLE INC.,**<br><br>　　　　　　　　**Defendant.** | Case No. 3:20-CV-421-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are four motions filed by Defendant Apple Inc. ("Apple") to maintain under seal certain information that it designated as "Protected Material" pursuant to the Protective Orders entered in this case. (Docs. 262, 273, 288, 320). The Court previously granted, in part, Apple's motion to maintain certain documents under seal. (Doc. 230). With its current motions, Apple seeks to keep those same documents under seal while also sealing new documents that allegedly contain the same type of confidential information.

The information at issue is contained within Plaintiffs' Third and Fourth Amended Complaints (and their motions for leave to file the same) (Docs. 231-3, 231-4, 238, 239, 246, 250, 251, 252-1, 253), Apple's Answers and Affirmative Defenses to the Fourth Amended

Complaint (Docs. 260, 261), Plaintiffs' Supplement to Motion for Class Certification (Docs. 241, 243), Apple's Response and Opposition to that motion (Docs. 271, 272), Apple's Motion for Summary Judgment, Statement of Material Facts, and certain exhibits (Doc. 281), Plaintiffs' Motion for Partial Summary Judgment, Statement of Material Facts, and certain exhibits (Docs. 280, 287), and numerous other documents related to the Parties' summary judgment and *Daubert* briefing.

"Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). This presumption allows "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Id.* The Seventh Circuit has held that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). "But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.*; *see also City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (presumption that court documents are public can be rebutted if the records contain trade secrets or "if a statute, rule, or privilege justifies confidentiality"). While genuine trade secrets may be sealed long-term, "most portions of discovery that are filed and form the basis of judicial action must eventually be released." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Because of the strong presumption toward public disclosure of court files and documents, the burden is on the party seeking confidentiality to show good cause for keeping the documents from public view. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018). "The determination of good cause cannot be elided by allowing the parties to seal whatever they want . . . The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

As with its previous motions, Apple contends that the materials it seeks to keep sealed contain confidential and competitively sensitive information. Specifically, Apple argues the documents contain: names of employees; Plaintiffs' personal identifying information ("PII"); detailed descriptions of confidential business information and research regarding the Photos app, People album feature, and iCloud service; Apple's source code for the Photos app; and other technical details about the Photos app, People album feature, and iCloud technology and functionality. Apple asserts that public disclosure of these materials could reveal proprietary research or technical information about its products or their development, as well as its internal procedures and processes, which could result in prejudice to Apple if disclosed to third parties. Apple has provided the Court with a copy of each document and its proposed redactions, as well as a chart that identifies why it believes each document or portion thereof should remain sealed.

The Court has reviewed each proposed redaction and the contents of the full documents Apple would like to remain sealed, as well as its asserted rationale for keeping

the information sealed. The Court agrees that much of the material Apple seeks to keep sealed consists of information related to Apple's intellectual property, research and development, and source code that, if disclosed, could allow others to obtain a competitive and economic advantage.

Thus, for good cause shown, and out of an abundance of caution, the Court **GRANTS in part and DENIES in part** Apple's second set of motions to maintain certain information under seal. The motions at Docs. 262 and 273 are **GRANTED** in full. The motions at Docs. 288 and 320 are **GRANTED in part and DENIED in part.** The Court will maintain the seal over the documents Apple identified, with the exception of the following documents that the Court has determined do not contain trade secrets or any proprietary business information:

- Doc. 281-10;
- Doc. 281-66;
- Doc. 289-19.

The Court will revisit the propriety of maintaining the seal over this information at the conclusion of the case.

**IT IS SO ORDERED.**

DATED:   January 12, 2026

                                                          **NANCY J. ROSENSTENGEL**
                                                          **United States District Judge**