**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JANE DOE, by and through next friend JOHN DOE, RICHARD ROBINSON, YOLANDA BROWN, JONATHAN LEBLOND, PATRICIA ORRIS, ANGELA STEVENS, JESSICA JACKSON, MELISSA OATMAN, JUSTIN REVELO, AND TAYLOR VALL on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:20-cv-00421-NJR |

**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com

* appearing *pro hac vice*

*Attorneys for Apple Inc.*

Contrary to Plaintiffs' assertion, *Zaluda v. Apple*, No. 19-CH-11771 (Ill. Circ. Ct. Jan. 29, 2026) does not support Plaintiffs' motion for class certification. *Zaluda* is a non-binding and non-precedential interlocutory Illinois state court order. Even assuming *Zaluda* was correctly decided, it does not and cannot support class certification here. The *Zaluda* court applied a standard for certification different from what is required by Federal Rule of Civil Procedure 23 to a materially different technology and factual record, and addressed allegations concerning Siri's voice processing functionality, not the People album feature at issue here. The predominance and other analyses in *Zaluda* therefore turn on materially different questions than those in this case.

In *Zaluda,* the state trial court invoked the Illinois specific standard that it should "err in favor of maintaining a class action." *Id.* at 6 (citing *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 673 (2d Dist. 2006)). Federal courts apply no such presumption. Instead, Rule 23 requires courts to conduct a "rigorous analysis" to determine whether plaintiffs can satisfy, with evidence, each Rule 23 requirement for certification. *Fauley v. Heska Corp.*, 326 F.R.D. 496, 503 (N.D. Ill. 2018) (quoting *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161 (1982).

Moreover, the Siri technology at issue in *Zaluda* and the People album feature technology at issue here are entirely distinct, thus implicating different questions and proof. In describing the allegations and record before it, the court in *Zaluda* referenced plaintiffs' expert's assertions that "Siri utilizes speaker and speech recognition software processes to understand and answer user inquiries and perform user-requested tasks in a uniform manner for all Siri users" and that Siri "automatically and uniformly computes biometric feature vectors [to understand and interpret the user's speech] from every utterance for every Siri user." *Zaluda,* No. 19-CH-11771, at 2-3.

The issues presented in this case concerning the People album feature, however, are different. While the *Zaluda* court (incorrectly) concluded that Siri functions in a "uniform" manner, Apple has shown that numerous user-by-user inquiries are required for the People album

feature to assess whether Plaintiffs can state a claim. (ECF Nos. 191 at 7, 273 at 8-9.) Among other things, each user decides (i) whether to use the People album feature at all; (ii) whether, when, and how to label People albums (including no label, a nickname, an emoji, or a full name); and (iii) whether and when to sync their photos to iCloud Photos. (*Id*.) Answers to these questions are needed to determine whether Plaintiffs have a claim under the Illinois Biometric Information Privacy Act ("BIPA"). (*See* ECF No. 191 at 6-8 (biometric identifiers and information must uniquely identify an individual to establish liability under BIPA).) Because *Zaluda* dealt with different technology, none of these questions were before the court in that case, which cannot possibly resolve or even bear upon whether Plaintiffs here can satisfy predominance or any other Rule 23 factor required for certification.

For the reasons stated above and for those set forth in Apple's Oppositions to Plaintiffs' Motion for Class Certification and Supplemental Motion for Class Certification (ECF Nos. 191, 273), *Zaluda* does not support certification.

Dated: March 5, 2026

APPLE INC

By:  */s/ Purvi G. Patel*
Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com
 * appearing *pro hac vice*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing **Defendant Apple Inc.'s Response to Plaintiffs' Supplemental Authority Regarding Plaintiffs' Motion for Class Certification** with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

*/s/ Purvi G. Patel*
Purvi G. Patel
