## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE DOE et al.,

                *Plaintiffs*,

v.

APPLE INC.,

                *Defendant.*

No. 3:20-cv-00421-NJR

**PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE**

## **Table of Contents**

Preliminary Statement ........................................................................................................ 1

Background ....................................................................................................................... 1

Argument ......................................................................................................................... 3

    I.    The Pendency of a Motion for Class Certification in a Separate State Court Action Does Not Support Staying the Issuance of Class Notice ....................................... 4

    II.    Plaintiffs' Proposed Notice Plan and Proposed Notice Are Reasonable and Should Be Approved ......................................................................................................... 6

    III.    Defendant Should Be Directed to Provide the Requisite Data to Facilitate Notice ............................................................................................................................ 10

    IV.    Analytics Consulting LLC Should Be Approved as Notice Administrator .......... 11

Conclusion ..................................................................................................................... 11

## Table of Authorities

**Cases**

*Baker v. Sorin Grp. Duetschland GMBH*,
   No. 16-00260, 2018 U.S. Dist. LEXIS 228795 (M.D. Pa. Jan. 2, 2018) ................................... 5

*Bakov v. Consol. World Travel, Inc.*,
   68 F.4th 1053 (7th Cir. 2023)................................................................................... 4, 6, 8, 10

*Baxter v. Kawasaki Motors Corp.*,
   No. 07-6745, 2010 U.S. Dist. LEXIS 7695 (N.D. Ill. Jan. 27, 2010) ....................................... 4

*Damassia v. Duane Reade, Inc.*,
   250 F.R.D. 152 (S.D.N.Y. 2008)............................................................................................. 6

*Dawson v. Great Lakes Educ. Loan Servs.*,
   No. 15-475, 2019 U.S. Dist. LEXIS 210795 (W.D. Wis. Dec. 5, 2019) ................................. 10

*Flores v. J & T Harvesting LLC*,
   807 F. Supp. 3d 1311 (D. Colo. 2025) .................................................................................. 10

*Hand v. Beach Entm't KC, LLC*,
   No. 18-00668, 2021 U.S. Dist. LEXIS 9900 (W.D. Mo. Jan. 19, 2021) ................................... 7

*Haworth v. New Prime*,
   448 F. Supp. 3d 1060 (W.D. Mo. 2020).................................................................................. 5

*Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*,
   No. 20-377, 2024 U.S. Dist. LEXIS 209444 (S.D. Ill. Nov. 14, 2024) ................................... 11

*In re Fedex Ground Package System*,
   No. 05-MD-527, 2008 U.S. Dist. LEXIS 28010 (N.D. Ind. Apr. 4, 2008)............................ 5, 6

*In re Packaged Ice Antitrust Litig.*,
   No. 08-MD-01952, 2010 U.S. Dist. LEXIS 77645 (E.D. Mich. Aug. 2, 2010) ........................ 5

*In re TikTok, Inc., Consumer Priv. Litig.*,
   617 F. Supp. 3d 904 (N.D. Ill. 2022) ..................................................................................... 7

*James v. Universal Prot. Serv., LLC*,
   No. 22-01668-SMY, 2024 U.S. Dist. LEXIS 90452 (S.D. Ill. May 20, 2024)........................ 11

*Jones v. Miss. Kitty's, Inc.*,
   No. 23-1327, 2025 U.S. Dist. LEXIS 174942 (S.D. Ill. Sep. 8, 2025) ..................................... 4

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
   No. 10-1899, 2014 U.S. Dist. LEXIS 39895 (N.D. Ill. Mar. 26, 2014)..................................... 6

*Mares v. Caesars Entm't, Inc.*,
   No. 06-0060, 2007 U.S. Dist. LEXIS 2539 (S.D. Ind. Jan. 10, 2007) ..................................... 4

*Note v. Int'l Flavors & Fragrances Inc.*,
   No. 23-2211, 2024 U.S. Dist. LEXIS 81634 (C.D. Ill. May 2, 2024) ..................................... 10

*Orshan v. Apple Inc.*,
   No. 14-05659, ECF No. 273 (N.D. Cal. Sept. 15, 2025) ............................................................. 9

*Palomar v. SMC Corp. of Am.*,
   No. 19-04693, 2021 U.S. Dist. LEXIS 224154 (S.D. Ind. Sept. 27, 2021) ................................ 8

*Piazza v. New Albertsons, LP*,
   No. 20-03187, 2021 U.S. Dist. LEXIS 20573 (N.D. Ill. Feb. 3, 2021)........................................ 7

*Red Barn Motors v. Cox Auto.,*
   No. 14-01589, 2017 U.S. Dist. LEXIS 234258 (S.D. Ind. Aug. 11, 2017)................................. 5

*Shay v. Apple Inc.*,
   No. 20-1629, 2024 U.S. Dist. LEXIS 48702 (S.D. Cal. Mar. 18, 2024).................................... 9

*Stewart v. Apple Inc.*,
   No. 19-04700, 2022 U.S. Dist. LEXIS 139222 (N.D. Cal. Aug. 4, 2022)............................. 7, 8

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................................... 8

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................... 3, 6, 8

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiffs, on behalf of themselves and the certified class (the "Class"), respectfully move this Court to (i) approve the proposed notice attached hereto and notice plan described herein, and appoint Analytics Consulting, LLC ("Analytics") as notice administrator; (ii) direct Defendant to provide the information necessary to identify and provide notice to the certified Class; and (iii) authorize distribution of notice. These steps are necessary under Rule 23, which requires that notice be promptly issued.

Defendant initially opposed the issuance of class notice pending the resolution of its Rule 23(f) petition for interlocutory appeal. Following the Seventh Circuit's July 29, 2026, denial of that petition, however, Defendant changed course and adopted a brand new position: that class notice may not be issued because a class certification motion (which Defendant has opposed) is pending in a separate case in Illinois state court. But Defendant has declined to identify *any* authority in support of its new argument that the required class notice may not be issued where a class certification motion has been filed in a *different* case – let alone where that case is pending in a state court with its own class notice rules. Nor has Defendant attempted to explain why, if a class is eventually certified by the state court, notice could not be drafted in a manner that avoids confusion. Because there is no support for Defendant's position that class notice may not be issued, and because Defendant articulates no legitimate grounds for further delay, the Court should authorize distribution of notice to the Class.

## BACKGROUND

On June 5, 2026, the Court granted Plaintiffs' motion for class certification, appointed Plaintiffs as representatives and Plaintiffs' counsel as counsel, and certified the following Class

and subclasses pursuant to Fed. R. Civ. P. 23(b)(3):

- **Local Device Class:** Every Illinois citizen whose Apple Device put a photograph of that citizen into a People album at any time between September 13, 2016, and the present.

- **iCloud Subclass**: Every Illinois citizen who had an Apple Device with a People album tagged with that citizen's name or other identifier, and had an iCloud account enabled for photo storage, at any time between September 13, 2016, and the present.

- **iCloud Faceprint Subclass:** Every Illinois citizen who had an Apple Device running iOS 17.6, MacOS Sonoma 14.6 or iPadOS 17.6 or later and: (1) had iCloud photo library enabled with at least 10 gigabytes of storage, and (2) their Apple Device put a photograph of that citizen into a People album, and (3) who had 5,000 or more assets (i.e., photos and videos) in their iCloud photo library, at any time between March 25, 2025 and the present (inclusive).

Doc. 342 at 27. On June 22, 2026, Defendant petitioned for leave to appeal the Court's order granting class certification to the U.S. Court of Appeals for the Seventh Circuit. *See* Doc. 344.[1] A hearing on the parties' pending dispositive motions is set for August 27, 2026. Doc. 347.

On July 14, 2026, the parties met and conferred regarding notice to the Class. *See* Braitberg Decl. at ¶ 4. During the conference, Defendant informed Plaintiffs that it would not cooperate in any notice plan until the resolution of Defendant's petition for leave to appeal this Court's order. *Id.* at ¶ 4. The pendency of Defendant's Rule 23(f) petition was the sole reason Defendant provided in support of postponing Class notice. *Id.* at ¶¶ 4–6. On July 21, 2026, Defendant confirmed its position that notice should not be issued until the resolution of Defendant's attempt to appeal this Court's order, and once again did not suggest any other reason for delay. *Id.* at ¶ 5.

---

[1] This was Defendant's third petition for interlocutory review to the Seventh Circuit. Order at 1, *Apple Inc. v. Hazlitt*, No. 21-8019, Doc. 10 (7th Cir. July 28, 2021) (denying leave to appeal); Order at 2, *Apple Inc. v. Hazlitt*, No. 20-8033, Doc. 13 (7th Cir. Jan. 22, 2021) (remanding in light of intervening precedent).

On July 29, 2026, the Seventh Circuit denied Defendant's petition for permission to appeal. Doc. 352. That same day, counsel for Plaintiffs sent Defendant email correspondence (i) stating that, in light of the Seventh Circuit's denial of Defendant's Rule 23(f) petition, Plaintiffs assumed Defendant had no remaining objection to issuing notice to the Class, and (ii) requesting any proposed revisions to Plaintiffs' proposed Class notice. Braitberg Decl. at ¶ 7; Exhibit 1 to Braitberg Declaration (Braitberg-Figueroa Email Thread) at 6–7. In response, Defendant, for the first time, gave a new rationale for its position that Class notice should not be issued – namely, the pendency in a different but related case,[2] in Illinois state court, of a motion seeking to certify a class, which Defendant continues to oppose. Braitberg Decl. at ¶ 8. Under Defendant's new logic, the pendency of a class certification motion in a different case, in a state court with different rules pertaining to class notice, creates a risk of duplicative and "likely confusing" notice in the event the state court grants the class certification motion Defendant opposes. Exhibit 1 to Braitberg Declaration at 5–6. Defendant has declined to provide any authority in support of its newly adopted position that class notice in a federal case cannot be issued if a class certification motion has been filed in a related state case. *Id*. at 1–2. Defendant has also refused to collaborate with Plaintiffs on a notice plan. *Id*. at 5–6.

## **ARGUMENT**

Because the Federal Rules of Civil Procedure and controlling Seventh Circuit authority require notice to be issued upon an order granting class certification under Rule 23(b)(3), Fed. R. Civ. P. 23(c)(2)(B), the Court should enter an order approving Plaintiffs' proposed notice and notice plan and directing Defendant to provide the information necessary to facilitate notice. *See*

---

[2] The Illinois state court case concerns the BIPA section 15(c) claims that were remanded by this Court. *See* Doc. 65 (letter to clerk remanding section 15(c) claims).

*Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1056 (7th Cir. 2023). The pendency of a motion for class certification motion in a separate state court action does not suspend Rule 23's directive that class notice be issued.

**I.     The Pendency of a Motion for Class Certification in a Separate State Court Action Does Not Support Staying the Issuance of Class Notice**

The existence of a pending class certification motion in a separate state court action does not support staying the distribution of class notice in this case. Defendant's new argument, advanced only *after* the Seventh Circuit's denial of Defendant's petition for interlocutory review, that notice may not be issued because a class certification motion is pending in a separate state court case, is a transparent attempt to further delay this case that is not supported by the language of Rule 23 or by other authority.

"Classes certified under Fed. R. Civ. P. 23(b)(3) may not go forward until the unnamed members of the class have received notice and an opportunity to opt out." *Bakov*, 68 F.4th at 1056. "Authorization of notice . . . promotes the efficient resolution of the case." *Mares v. Caesars Entm't, Inc.*, No. 06-0060, 2007 U.S. Dist. LEXIS 2539, at *7 (S.D. Ind. Jan. 10, 2007). Thus, "[t]he well-established and oft-repeated standard operating procedure in the Seventh Circuit is that the class certification decision *and the attendant notice to the class* come before any decision on the defendant's liability." *Jones v. Miss. Kitty's, Inc.*, No. 23-1327, 2025 U.S. Dist. LEXIS 174942, at *3 (S.D. Ill. Sep. 8, 2025) (cleaned up) (emphasis in original). "Prompt notice is the norm and should be strongly presumed." *Baxter v. Kawasaki Motors Corp.*, No. 07-6745, 2010 U.S. Dist. LEXIS 7695, at *4 (N.D. Ill. Jan. 27, 2010); *see also id.* at *2 (notice should be issued "as soon as practicable" after class certification is granted to ensure "absent class members a full and meaningful opportunity to intervene to protect their rights or to opt out").

Speculation that possible future class notice could generate confusion is not grounds to delay notice – even where, unlike here, the potential future class notice would be issued by the *same* court in the *same* consolidated litigation. For instance, in *In re Fedex Ground Package System*, the court authorized the issuance of class notice following a grant of class certification, despite the fact that other class certification motions in the same consolidated litigation remained pending, because the delays associated with waiting for class certification rulings outweighed any potential confusion. No. 05-MD-527, 2008 U.S. Dist. LEXIS 28010, at *6–7 (N.D. Ind. Apr. 4, 2008). Similarly, in *Baker v. Sorin Grp. Duetschland GMBH*, the court authorized the issuance of class notice even while recognizing that a second notice in the same case might be necessary, because it would be "against the public interest to prolong this litigation any further." No. 16-00260, 2018 U.S. Dist. LEXIS 228795, at *7–9 (M.D. Pa. Jan. 2, 2018); *accord, e.g.*, *Red Barn Motors v. Cox Auto.,* No. 14-01589, 2017 U.S. Dist. LEXIS 234258, at *3–4 (S.D. Ind. Aug. 11, 2017) (denying stay of notice despite pending motion for reconsideration that could necessitate additional notices because "it is simply not efficient to delay notice," and "[c]lass members must have an opportunity to learn about this case and their rights to opt out of the litigation"). Here, in contrast, the outstanding motion for class certification is pending in a *different* case before a *different* court, with different class notice rules and procedures. Defendant has identified no authority for the proposition that class notice should not be issued in these circumstances.

Moreover, courts consistently recognize that "any potential for 'confusion' [caused by multiple notices] can be addressed in careful drafting of the notices." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 U.S. Dist. LEXIS 77645, at *44 (E.D. Mich. Aug. 2, 2010); *see also, e.g.*, *Haworth v. New Prime*, 448 F. Supp. 3d 1060, 1065 (W.D. Mo. 2020) ("the class notices can be tailored to minimize confusion"); *Baker*, 2018 U.S. Dist. LEXIS 228795, at

5

*7 ("confusion can be easily abated by the use of clear language in a second class notice");

*Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("[T]he potential

confusion to class members of receiving multiple notices is not a significant concern. Any

possibility of confusion can be allayed through careful wording of the class notice[.]"); *Fedex*,

2008 U.S. Dist. LEXIS 28010, at *7 ("any future notices can be crafted to adequately explain

why and how the notices are different"). Defendant has offered no rationale in support of its

apparent argument that, in the event a class is eventually certified in the separate state case,

careful drafting could not address any potential for confusion – particularly where the courts are

different, the claims are different, and the class notice rules and procedures are different.

Further, this case has already been pending for more than six years. Doc. 1 (Notice of

Removal, filed May 6, 2020). There is no basis for delaying it further by staying the issuance of

class notice pending future developments in a separate, state-court action. *See Kurgan v. Chiro

One Wellness Ctrs. LLC*, No. 10-1899, 2014 U.S. Dist. LEXIS 39895, at *8 (N.D. Ill. Mar. 26,

2014) (noting, in declining to stay issuance of class notice, that "this case has been pending for

four years" and the public interest favored progressing the litigation); *Fedex*, 2008 U.S. Dist.

LEXIS 28010, at *7 (authorizing notice to avoid delay).

## II.     Plaintiffs' Proposed Notice Plan and Proposed Notice Are Reasonable and Should Be Approved

Plaintiffs' proposed notice plan and proposed notice should be approved because they are

designed to provide the best notice practicable, including direct, individual notice to all Class

members who can be identified via reasonable efforts. *See* Fed. R. Civ. P. 23(c)(2)(B) ("[T]he

court must direct to class members the best notice that is practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort.");

*Bakov*, 68 F.4th at 1056.

Under Plaintiffs' proposed plan, direct notice will be sent via email to all Class members for whom an email address can be identified after reasonable efforts. Defendant has informed Plaintiffs that, as of April 13, 2022, it possessed unique Apple IDs for 8,693,599 individuals with billing addresses in Illinois and whose devices were capable of running Defendant's People album feature. Doc. 177-2 at 2. The discovery record confirms that Defendant collects email addresses and names during the process of setting up devices and Apple IDs. *See* Doc. 177-11 (Declaration of Dr. Aram Sinnreich) at 5; Doc. 177-7 (Della Huff Dep. Tr.) at 39:8–40:1.[3]

In addition to email notice, Plaintiffs' plan includes a dedicated webpage with detailed information about the litigation, as well as a dedicated toll-free telephone number. Direct notice via email in conjunction with a website and toll-free hotline is a common form of notice that has been recognized and approved in other class action litigation involving Defendant's users, and has been recognized as particularly effective by numerous courts in this Circuit. *See, e.g.*, *Stewart v. Apple Inc.*, No. 19-04700, 2022 U.S. Dist. LEXIS 139222, at *6–7, 24 (N.D. Cal. Aug. 4, 2022) (approving email and website in case involving Defendant); *Piazza v. New Albertsons, LP*, No. 20-03187, 2021 U.S. Dist. LEXIS 20573, at *22 (N.D. Ill. Feb. 3, 2021) ("Email notice has become ubiquitous and the Court will allow it."); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 928 (N.D. Ill. 2022) ("The direct email campaign

---

[3] Providing notice to Defendant's customers with billing addresses in Illinois and whose devices were capable of running Defendant's People album feature ensures that notice will be provided to the certified Class – *i.e.*, "every Illinois citizen whose Apple Device put a photograph of that citizen into a People album at any time between September 13, 2016, and the present"—as well as the certified subclasses. Doc. 342 at 27. This notice cohort is not impermissibly overbroad, furthermore, because "there is a link between individuals who provided their contact information to Defendant[] and the target class," and Plaintiffs "do[] not suggest sending notice to every individual for which Defendant[] ha[s] contact information." *Hand v. Beach Entm't KC, LLC*, No. 18-00668, 2021 U.S. Dist. LEXIS 9900, at *8 (W.D. Mo. Jan. 19, 2021).

also had tremendous impact[.]"); *Palomar v. SMC Corp. of Am.*, No. 19-04693, 2021 U.S. Dist. LEXIS 224154, at \*25 (S.D. Ind. Sept. 27, 2021) ("courts have relied on email to provide notice of class actions and class action settlements").

Moreover, there is no dispute that notice can be issued, as the Court has already found. *See* Doc. 342 at 25–26 (finding Class satisfies Rule 23(b)(3)'s manageability requirements, in part because "a combination of Apple's Illinois customer lists, iCloud enrollees, and user declarations can identify the class members"). This is because Defendant is in possession of contact information for every Illinois user whose Apple ID is or was associated with a device capable of running Defendant's People album feature. Doc. 177-2 at 2.

There can also be no dispute that email notice both is practicable and complies with the Federal Rules, which expressly recognize "electronic means" of notice. Fed. R. Civ. P. 23(c)(2)(B) ("The notice may be by one or more of the following: United States mail, *electronic means*, or other appropriate means.") (emphasis added). Indeed, the Advisory Committee Notes to Rule 23 recognize that "electronic methods of notice, for example email, are the most promising" where class members are likely to have "access to such technology." Fed. R. Civ. P. 23 advisory committee note to 2018 amendments; *see also Bakov*, 68 F.4th at 1056 (recognizing that contemporary methods of notice include "electronic means," which "in many cases can be a great cost saver"). Here, every Class member necessarily has access to email because every member has an Apple ID, rendering email the best notice practicable.

Indeed, email notice has been effectively disseminated in other class action lawsuits brought on behalf of Defendant's customers using email addresses that Defendant maintains. *See e.g.*, *Stewart*, 2022 U.S. Dist. LEXIS 139222, at \*6–7 (notice disseminated via email to 16,189,267 "unique valid email addresses" obtained from Defendant); Joint Stipulation and

Order Concerning Class Notice and Class Schedule, *Orshan v. Apple Inc.*, No. 14-05659 (N.D. Cal. Sept. 15, 2025), ECF No. 273 (Defendant agreed to provide class list to facilitate notice via email); *Shay v. Apple Inc.*, No. 20-1629, 2024 U.S. Dist. LEXIS 48702, at *7 (S.D. Cal. Mar. 18, 2024) (in action concerning gift-card purchases, notice disseminated to Defendant's users via email and direct mail using data Defendant maintained).

Finally, Plaintiffs' proposed forms of notice are reasonable. Federal Rule of Civil Procedure 23(c)(2)(B) provides that, for any class certified under Rule 23(b)(3), "[t]he notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The proposed forms of notice (attached hereto as Exhibits 2 and 3) satisfy each of the Rule 23(c)(2)(B) requirements. The long form notice (Exhibit 2) is modeled after those recommended by the Federal Judicial Center[4] and succinctly describes the litigation, the parties' primary claims and defenses, and the certified Class in concise, easily understood language. The proposed long form notice also includes a chart that clearly sets forth the options available for Class members and the deadline for submitting any exclusion request. Plaintiffs' proposed email notice (Exhibit 3) is a short form of notice that provides summary information about the lawsuit, gives key information (including regarding the exclusion deadline), and directs potential Class

---

[4] *Notice Checklist and Plain Language Guide*, Fed. Jud. Ctr., https://www.fjc.gov/content/ 301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide (last visited July 23, 2026).

members to the case website, where they can obtain additional information. Plaintiffs propose publishing both the short and long form notices on the case website.

**III.     Defendant Should Be Directed to Provide the Requisite Data to Facilitate Notice**

Within ten days after entry of an order approving class notice, the Court should order Defendant to provide Plaintiffs with the requisite data to facilitate class notice, specifically Apple IDs, names, and email addresses of all individuals for whom Defendant has billing addresses in Illinois and whose devices were capable of running Defendant's People album feature. This should encompass names and contact information for the individuals associated with the 8,693,599 Apple IDs that Defendant identified in April of 2022, as well as all such Apple IDs for which Defendant has collected data since that date.

Courts may order a defendant to perform a necessary task related to notice where the defendant is better positioned to perform the task than the plaintiff. *Bakov*, 68 F.4th at 1057. Accordingly, courts regularly require defendants to provide contact information for class members to facilitate notice. *See e.g.*, *Note v. Int'l Flavors & Fragrances Inc.*, No. 23-2211, 2024 U.S. Dist. LEXIS 81634, at *19 (C.D. Ill. May 2, 2024) (approving notice and directing defendants to provide names and contact information to facilitate notice); *Flores v. J & T Harvesting LLC*, 807 F. Supp. 3d 1311, 1318 (D. Colo. 2025) (similar); *Dawson v. Great Lakes Educ. Loan Servs.*, No. 15-475, 2019 U.S. Dist. LEXIS 210795, at *9–10 (W.D. Wis. Dec. 5, 2019) (finding defendants violated unambiguous order to provide class member contact information to facilitate notice). Here, there can be no dispute that Defendant possesses contact information for the Class; the Court, accordingly, should require Defendant to provide it.

**IV.      Analytics Consulting LLC Should Be Approved as Notice Administrator**

Analytics should be approved as notice administrator. Analytics is well-qualified to serve as administrator in this case. Its president, Richard Simmons, has 36 of experience developing and implementing class action communications. *See* Simmons Decl. at ¶ 8, attached hereto as Exhibit 4. Analytics has implemented notice campaigns for classes of tens of millions of class members and has worked on the provision of class notice in hundreds of class action lawsuits across the United States. *Id.* at ¶¶ 5–6. Analytics has, moreover, served as notice administrator in cases involving Defendant; among its many other recent engagements, Analytics currently serves as notice administrator in the matter of *Orshan et al. v. Apple Inc.*, No. 14-05659, which is pending in the U.S. District Court for the Northern District of California. *Id.* at ¶ 7.

Analytics has also been cited favorably and approved as a notice administrator by numerous courts, including courts in this District. *See, e.g.*, *Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*, No. 20-377, 2024 U.S. Dist. LEXIS 209444, at *11 (S.D. Ill. Nov. 14, 2024) (approving Analytics as settlement administrator); *James v. Universal Prot. Serv., LLC*, No. 22-01668-SMY, 2024 U.S. Dist. LEXIS 90452, at *2 (S.D. Ill. May 20, 2024) (finding that Analytics, in administering notices, met all requirements of the court).

**<u>CONCLUSION</u>**

The Class representatives respectfully request that the Court enter an order (i) approving Plaintiffs' proposed notice plan, notice, and proposed notice administrator; (ii) directing Defendant to provide the information necessary to identify and notice the certified Class within 10 days after entry of an order approving Class notice; and (iii) authorizing distribution of notice to the certified Class within 30 days thereafter.

11

Dated: August 6, 2026                          Respectfully Submitted,


                                               By: /s/ Andrew D. Schlichter
                                               Jerome J. Schlichter
                                               Troy A. Doles
                                               Andrew D. Schlichter
                                               Alexander L. Braitberg
                                               Chen Kasher
                                               Kaitlin Minkler*
                                               Cort A. VanOstran
                                               SCHLICHTER BOGARD LLC
                                               100 South Fourth Street, Suite 1200
                                               St. Louis, MO 63102
                                               Telephone: (314) 621-6115
                                               Fax: (314) 621-5934
                                               jschlichter@uselaws.com
                                               tdoles@uselaws.com
                                               aschlichter@uselaws.com
                                               abraitberg@uselaws.com
                                               ckasher@uselaws.com
                                               kminkler@uselaws.com
                                               cvanostran@uselaws.com

                                               and

                                               Christian G. Montroy
                                               MONTROY LAW OFFICES, LLC
                                               2416 North Center
                                               P.O. Box 369
                                               Maryville, IL 62062
                                               Telephone: (618) 223-8200
                                               Fax: (618) 223-8355
                                               cmontroy@montroylaw.com

                                               *Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Andrew D. Schlichter