**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JANE DOE et al.,

*Plaintiffs*,

v.

APPLE INC.,

*Defendant*.

No. 3:20-cv-00421-NJR

**PLAINTIFFS' AMENDED MOTION FOR APPROVAL OF CLASS NOTICE**

**Table of Contents**

Preliminary Statement ........ 1
Background ........ 5
Argument ........ 6
I. The Federal Rules Require Prompt Issuance of Class Notice ........ 6
II. The Pendency of a Class Certification Motion in a Separate State Court Action Does Not Support Delaying Notice ........ 7
III. Plaintiffs' Proposed Notice Plan and Proposed Notice Are Reasonable ........ 10
IV. Defendant Should Be Directed to Provide the Requisite Data to Facilitate Notice ........ 13
V. The Court Should Approve Analytics Consulting LLC as Notice Administrator ........ 14
Conclusion ........ 15

## Table of Authorities

### Cases

*Baker v. Sorin Grp. Duetschland GMBH*,
No. 16-00260, 2018 U.S. Dist. LEXIS 228795 (M.D. Pa. Jan. 2, 2018) ............................... 8, 9

*Bakov v. Consol. World Travel, Inc.*,
68 F.4th 1053 (7th Cir. 2023)................................................................................ 6, 7, 10, 12, 14

*Baxter v. Kawasaki Motors Corp.*,
No. 07-6745, 2010 U.S. Dist. LEXIS 7695 (N.D. Ill. Jan. 27, 2010) ........................................ 7

*Damassia v. Duane Reade, Inc.*,
250 F.R.D. 152 (S.D.N.Y. 2008)................................................................................................ 9

*Dawson v. Great Lakes Educ. Loan Servs.*,
No. 15-475, 2019 U.S. Dist. LEXIS 210795 (W.D. Wis. Dec. 5, 2019) ................................. 14

*Flores v. J & T Harvesting LLC*,
807 F. Supp. 3d 1311 (D. Colo. 2025) ...................................................................................... 14

*Hand v. Beach Entm't KC, LLC*,
No. 18-00668, 2021 U.S. Dist. LEXIS 9900 (W.D. Mo. Jan. 19, 2021) ................................. 11

*Haworth v. New Prime*,
448 F. Supp. 3d 1060 (W.D. Mo. 2020)...................................................................................... 9

*Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*,
No. 20-377, 2024 U.S. Dist. LEXIS 209444 (S.D. Ill. Nov. 14, 2024) .................................. 15

*In re Fedex Ground Package System*,
No. 05-MD-527, 2008 U.S. Dist. LEXIS 28010 (N.D. Ind. Apr. 4, 2008)............................ 8, 9

*In re Packaged Ice Antitrust Litig.*,
No. 08-MD-01952, 2010 U.S. Dist. LEXIS 77645 (E.D. Mich. Aug. 2, 2010) ......................... 9

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) ........................................................................................ 11

*James v. Universal Prot. Serv., LLC*,
No. 22-01668-SMY, 2024 U.S. Dist. LEXIS 90452 (S.D. Ill. May 20, 2024)......................... 15

*Jones v. Miss. Kitty's, Inc.*,
No. 23-1327, 2025 U.S. Dist. LEXIS 174942 (S.D. Ill. Sep. 8, 2025) ....................................... 7

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
No. 10-1899, 2014 U.S. Dist. LEXIS 39895 (N.D. Ill. Mar. 26, 2014)..................................... 7

*Mares v. Caesars Entm't, Inc.*,
No. 06-0060, 2007 U.S. Dist. LEXIS 2539 (S.D. Ind. Jan. 10, 2007) ....................................... 7

*Note v. Int'l Flavors & Fragrances Inc.*,
No. 23-2211, 2024 U.S. Dist. LEXIS 81634 (C.D. Ill. May 2, 2024) .................................... 14

*Orshan v. Apple Inc.*,
No. 14-05659, ECF No. 273 (N.D. Cal. Sept. 15, 2025) ........................................................ 12

*Palomar v. SMC Corp. of Am.*,
No. 19-04693, 2021 U.S. Dist. LEXIS 224154 (S.D. Ind. Sept. 27, 2021) ............................. 11

*Piazza v. New Albertsons, LP*,
No. 20-03187, 2021 U.S. Dist. LEXIS 20573 (N.D. Ill. Feb. 3, 2021).................................... 11

*Red Barn Motors v. Cox Auto.,*
No. 14-01589, 2017 U.S. Dist. LEXIS 234258 (S.D. Ind. Aug. 11, 2017)................................ 8

*Shay v. Apple Inc.*,
No. 20-1629, 2024 U.S. Dist. LEXIS 48702 (S.D. Cal. Mar. 18, 2024).................................. 12

*Stewart v. Apple Inc.*,
No. 19-04700, 2022 U.S. Dist. LEXIS 139222 (N.D. Cal. Aug. 4, 2022).......................... 11, 12

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................. 12

Fed. R. Civ. P. 23(b)(3)........................................................................................................ 5

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................ 6, 10, 12

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) and this Court's Order (Doc. 373), Plaintiffs and the certified class (the "Class"), respectfully move this Court to (i) approve the proposed notice attached hereto and notice plan described herein, and appoint Analytics Consulting, LLC ("Analytics") as notice administrator; (ii) direct Defendant to provide the information necessary to identify and provide notice to the certified Class; and (iii) authorize distribution of notice. These steps are necessary under Rule 23, which requires that notice be promptly issued.

Plaintiffs previously moved for leave to issue class notice on August 6, 2026. Doc. 353. The Court denied that motion without prejudice, finding Plaintiffs' request to be moot following the Court's order on the parties' motions for summary judgment, and ordered Plaintiffs to refile their motion with a modified proposed notice. Doc. 373 at 34. This motion follows.

## BACKGROUND

On June 5, 2026, the Court granted Plaintiffs' motion for class certification, appointed Plaintiffs as representatives and Plaintiffs' counsel as counsel, and certified three subclasses, including the Local Device Class and iCloud Faceprint Subclass described below, pursuant to Fed. R. Civ. P. 23(b)(3):

- **Local Device Class:** Every Illinois citizen whose Apple Device put a photograph of that citizen into a People album at any time between September 13, 2016, and the present.

- **iCloud Faceprint Subclass:** Every Illinois citizen who had an Apple Device running iOS 17.6, MacOS Sonoma 14.6 or iPadOS 17.6 or later and: (1) had iCloud photo library enabled with at least 10 gigabytes of storage, and (2) their Apple Device put a photograph of that citizen into a People album, and (3) who had 5,000 or more assets (i.e., photos and videos) in their iCloud photo library, at any time between March 25, 2025 and the present (inclusive).

Doc. 342 at 27.

The Court also certified an iCloud Subclass. *Id*. However, on September 30, 2026, in its order on the parties' motions for summary judgment, the Court decertified that subclass, and ordered Plaintiffs to modify their proposed class notice to reflect that decision. Doc. 373 at 34.[1]

On October 5, 2026, Plaintiffs sought Defendant's position on class notice in light of the Court's orders. Ex. 2 to Braitberg Decl. On October 9, 2026, Defendant, without further explaining its position, informed Plaintiffs that it continued to oppose the issuance of class notice. Braitberg Decl. at ¶ 13. Nevertheless, Defendant provided numerous suggested edits to the form of Plaintiffs' proposed notice. *Id*. The proposed notice that Plaintiffs submit herewith accepts all of Defendant's suggested edits, with the exception of Defendant's proposed alteration to the class definitions that the Court approved in its class certification order. Braitberg Decl. at ¶ 14; *see also* Ex. 5 to Braitberg Decl.

## ARGUMENT

Because the Federal Rules of Civil Procedure and controlling Seventh Circuit authority require notice to be issued upon an order granting class certification under Rule 23(b)(3), Fed. R. Civ. P. 23(c)(2)(B), the Court should enter an order approving Plaintiffs' proposed notice and notice plan and directing Defendant to promptly provide the information necessary to facilitate notice. *See Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1056 (7th Cir. 2023).

### I. The Federal Rules Require Prompt Issuance of Class Notice

Notices to the class must be issued upon an order granting class certification. Fed R. Civ. P. 23(b)(3); Fed. R. Civ. P. 23(c)(2)(B); *Bakov*, 68 F.4th at 1056. "Classes certified under Fed. R. Civ. P. 23(b)(3) may not go forward until the unnamed members of the class have

[1] The Court expressly noted that the members of the former iCloud Subclass remain members of the Local Device Class. Doc. 373 at 34.

received notice and an opportunity to opt out." *Bakov*, 68 F.4th at 1056. "Authorization of notice . . . promotes the efficient resolution of the case." *Mares v. Caesars Entm't, Inc.*, No. 06-0060, 2007 U.S. Dist. LEXIS 2539, at *7 (S.D. Ind. Jan. 10, 2007). Thus, "[t]he well-established and oft-repeated standard operating procedure in the Seventh Circuit is that the class certification decision *and the attendant notice to the class* come before any decision on the defendant's liability." *Jones v. Miss. Kitty's, Inc.*, No. 23-1327, 2025 U.S. Dist. LEXIS 174942, at *3 (S.D. Ill. Sep. 8, 2025) (cleaned up) (emphasis in original). "Prompt notice is the norm and should be strongly presumed." *Baxter v. Kawasaki Motors Corp.*, No. 07-6745, 2010 U.S. Dist. LEXIS 7695, at *4 (N.D. Ill. Jan. 27, 2010); *see also id.* at *2 (notice should be issued "as soon as practicable" after class certification is granted to ensure "absent class members a full and meaningful opportunity to intervene to protect their rights or to opt out").

Here, this case has been pending for more than six years. Doc. 1 (Notice of Removal, filed May 6, 2020). There is no basis for delaying it further. *See Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10-1899, 2014 U.S. Dist. LEXIS 39895, at *8 (N.D. Ill. Mar. 26, 2014) (noting, in declining to stay issuance of class notice, that "this case has been pending for four years" and the public interest favored progressing the litigation); *In re Fedex Ground Package System*, 2008 U.S. Dist. LEXIS 28010, at *7 (N.D. Ind. Apr. 4, 2008) (authorizing notice to avoid delay). Because the class was certified by the Court on June 5, 2026, the issuance of prompt notice is required. *Bakov*, 68 F.4th at 1056.

## II. The Pendency of a Class Certification Motion in a Separate State Court Action Does Not Support Delaying Notice

The existence of a pending class certification motion in a separate state court action does not support indefinitely staying the issuance of class notice in this case. This argument – which Defendant first advanced only *after* it could no longer (incorrectly) argue that the pendency of its

interlocutory appeal precluded class notice, Braitberg Decl. at ¶ 7, and is the sole basis Defendant has offered for its position that class notice may not be issued – is not supported by the language of Rule 23 or any other authority. Indeed, speculation that a possible future class notice could generate confusion is not grounds to delay notice – even where, unlike here, the potential future class notice would be issued by the *same* court in the *same* consolidated litigation.

For instance, in *In re Fedex Ground Package System*, the court authorized the issuance of class notice following a grant of class certification, despite the fact that other class certification motions in the same consolidated litigation remained pending, because the delays associated with waiting for class certification rulings outweighed any potential confusion. No. 05-MD-527, 2008 U.S. Dist. LEXIS 28010, at *6–7 (N.D. Ind. Apr. 4, 2008). Similarly, in *Baker v. Sorin Grp. Duetschland GMBH*, the court authorized the issuance of class notice even while recognizing that a second notice in the same case might be necessary, because it would be "against the public interest to prolong this litigation any further." No. 16-00260, 2018 U.S. Dist. LEXIS 228795, at *7–9 (M.D. Pa. Jan. 2, 2018); *accord, e.g.*, *Red Barn Motors v. Cox Auto.,* No. 14-01589, 2017 U.S. Dist. LEXIS 234258, at *3–4 (S.D. Ind. Aug. 11, 2017) (denying stay of notice despite pending motion for reconsideration that could necessitate additional notices because "it is simply not efficient to delay notice," and "[c]lass members must have an opportunity to learn about this case and their rights to opt out of the litigation"). Here, in contrast, the outstanding motion for class certification that Defendant has argued bars this Court from issuing class notice is pending in a *different* case before a *different* court, with different class notice rules and procedures. Defendant has identified no authority for the proposition that class notice should not be issued in these circumstances.

Moreover, courts consistently recognize that "any potential for 'confusion' [caused by multiple notices] can be addressed in careful drafting of the notices." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 U.S. Dist. LEXIS 77645, at *44 (E.D. Mich. Aug. 2, 2010); *see also, e.g.*, *Haworth v. New Prime*, 448 F. Supp. 3d 1060, 1065 (W.D. Mo. 2020) ("the class notices can be tailored to minimize confusion"); *Baker*, 2018 U.S. Dist. LEXIS 228795, at *7 ("confusion can be easily abated by the use of clear language in a second class notice"); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("[T]he potential confusion to class members of receiving multiple notices is not a significant concern. Any possibility of confusion can be allayed through careful wording of the class notice[.]"); *Fedex*, 2008 U.S. Dist. LEXIS 28010, at *7 ("any future notices can be crafted to adequately explain why and how the notices are different"). Here, Defendant has offered no rationale in support of its apparent argument that, in the event a class is eventually certified in the separate state case, careful drafting could not address any potential for confusion – particularly where the courts are different, the claims are different, and the class notice rules and procedures are different. In any event, prior to filing this amended motion for class notice, Plaintiffs again offered Defendant the opportunity to propose revisions to Plaintiffs' proposed notices. Braitberg Decl. at ¶¶ 11–14. Defendant provided numerous changes, and Plaintiffs accepted all of them, with the exception of Defendant's proposed changes to the class definitions that the Court already approved in its class certification order.[2] *Id*. at ¶¶ 13-14; Exs. 2, 5 to Braitberg Decl. Thus, Defendant has had ample

[2] Defendant preferred the following class definitions throughout the notices, which is inconsistent with the Court's class certification order and imposes on artificial limitation on the Class Period: "**The Local Device Class** (the "**Class**"): Every Illinois citizen whose Apple device put a photograph of that citizen into a People album at any time between September 13, 2016, and [insert]. . . . **iCloud Faceprint Subclass (**the **"Subclass")**: Every Illinois citizen who had an Apple device running iOS 17.6, MacOS Sonoma 14.6, or iPadOS 17.6 or later and: (1) had iCloud photo library enabled with at least 10 gigabytes of storage; (2) their Apple device put a

opportunity to correct any lack of clarity Defendant believed existed in prior versions of the proposed notices.

**III. Plaintiffs' Proposed Notice Plan and Proposed Notice Are Reasonable**

Plaintiffs' proposed notice plan and proposed notice should be approved because they are designed to provide the best notice practicable, including direct, individual notice to all Class members who can be identified via reasonable efforts. *See* Fed. R. Civ. P. 23(c)(2)(B) ("[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *Bakov*, 68 F.4th at 1056. Plaintiffs' proposed notice plan incorporates all edits proposed by Defendant, with the exception of Defendant's proposed alterations to the class definitions approved by the Court in its class certification order. *See* Braitberg Decl. at ¶14.

Under Plaintiffs' proposed plan, direct notice will be sent via email to all Class members for whom an email address can be identified after reasonable efforts. Defendant informed Plaintiffs that, as of April 13, 2022, it possessed unique Apple IDs for 8,693,599 individuals with billing addresses in Illinois and whose devices were capable of running Defendant's People album feature. Doc. 177-2 at 2. Defendant collects email addresses and names during the process of setting up devices and Apple IDs. *See* Doc. 177-11 (Declaration of Dr. Aram Sinnreich) at 5; Doc. 177-7 (Della Huff Dep. Tr.) at 39:8–40:1.[3]

In addition to email notice, Plaintiffs' plan includes a dedicated webpage with detailed information about the litigation, as well as a dedicated toll-free telephone number. Direct notice

---

photograph of that citizen into a People album; and (3) who had 5,000 or more assets (i.e., photos and videos) in their iCloud photo library, at any time between March 25, 2025 and [insert] (inclusive)." *See* Braitberg Decl. ¶14; Exs. 2, 5 to Braitberg Decl.

[3] Providing notice to Defendant's customers with billing addresses in Illinois and whose devices were capable of running Defendant's People album feature ensures

via email in conjunction with a website and toll-free hotline is a common form of notice that has been recognized and approved in other class action litigation involving Defendant's users, and has been recognized as particularly effective by numerous courts in this Circuit. *See, e.g.*, *Stewart v. Apple Inc.*, No. 19-04700, 2022 U.S. Dist. LEXIS 139222, at *6–7, 24 (N.D. Cal. Aug. 4, 2022) (approving email and website in case involving Defendant); *Piazza v. New Albertsons, LP*, No. 20-03187, 2021 U.S. Dist. LEXIS 20573, at *22 (N.D. Ill. Feb. 3, 2021) ("Email notice has become ubiquitous and the Court will allow it."); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 928 (N.D. Ill. 2022) ("The direct email campaign also had tremendous impact[.]"); *Palomar v. SMC Corp. of Am.*, No. 19-04693, 2021 U.S. Dist. LEXIS 224154, at *25 (S.D. Ind. Sept. 27, 2021) ("courts have relied on email to provide notice of class actions and class action settlements").

Moreover, there is no dispute that notice can be issued, as the Court has already found. *See* Doc. 342 at 25–26 (finding Class satisfies Rule 23(b)(3)'s manageability requirements, in part because "a combination of Apple's Illinois customer lists, iCloud enrollees, and user declarations can identify the class members"). This is because Defendant is in possession of

---

that notice will be provided to the certified Class – *i.e.*, "every Illinois citizen whose Apple Device put a photograph of that citizen into a People album at any time between September 13, 2016, and the present"—as well as the certified subclass. Doc. 342 at 27. This notice cohort is not impermissibly overbroad, furthermore, because "there is a link between individuals who provided their contact information to Defendant[] and the target class," and Plaintiffs "do[] not suggest sending notice to every individual for which Defendant[] ha[s] contact information." *Hand v. Beach Entm't KC, LLC*, No. 18-00668, 2021 U.S. Dist. LEXIS 9900, at *8 (W.D. Mo. Jan. 19, 2021).

contact information for every Illinois user whose Apple ID is or was associated with a device capable of running Defendant's People album feature. Doc. 177-2 at 2.

There can also be no dispute that email notice both is practicable and complies with the Federal Rules, which expressly recognize "electronic means" of notice. Fed. R. Civ. P. 23(c)(2)(B) ("The notice may be by one or more of the following: United States mail, *electronic means*, or other appropriate means.") (emphasis added). Indeed, the Advisory Committee Notes to Rule 23 recognize that "electronic methods of notice, for example email, are the most promising" where class members are likely to have "access to such technology." Fed. R. Civ. P. 23 advisory committee note to 2018 amendments; *see also Bakov*, 68 F.4th at 1056 (recognizing that contemporary methods of notice include "electronic means," which "in many cases can be a great cost saver"). Here, every Class member necessarily has access to email because every member has an Apple ID, rendering email the best notice practicable.

Indeed, email notice has been effectively disseminated in other class action lawsuits brought on behalf of Defendant's customers using email addresses that Defendant maintains. *See e.g.*, *Stewart*, 2022 U.S. Dist. LEXIS 139222, at *6–7 (notice disseminated via email to 16,189,267 "unique valid email addresses" obtained from Defendant); Joint Stipulation and Order Concerning Class Notice and Class Schedule, *Orshan v. Apple Inc.*, No. 14-05659 (N.D. Cal. Sept. 15, 2025), Doc. 273 (Defendant agreed to provide class list to facilitate notice via email); *Shay v. Apple Inc.*, No. 20-1629, 2024 U.S. Dist. LEXIS 48702, at *7 (S.D. Cal. Mar. 18, 2024) (in action concerning gift-card purchases, notice disseminated to Defendant's users via email and direct mail using data Defendant maintained).

Finally, Plaintiffs' proposed forms of notice are reasonable. Federal Rule of Civil Procedure 23(c)(2)(B) provides that, for any class certified under Rule 23(b)(3), "[t]he notice

must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The proposed forms of notice (Exs. 3 and 4 to Braitberg Decl.) satisfy each of the Rule 23(c)(2)(B) requirements. The long form notice (Ex. 3 to Braitberg Decl.) is modeled after those recommended by the Federal Judicial Center[4] and succinctly describes the litigation, the parties' primary claims and defenses, and the certified Class in concise, easily understood language. The proposed long form notice also includes a chart that clearly sets forth the options available for Class members and the deadline for submitting any exclusion request. Plaintiffs' proposed email notice (Ex. 4 to Braitberg Decl.) is a short form of notice that provides summary information about the lawsuit, gives key information (including regarding the exclusion deadline), and directs potential Class members to the case website, where they can obtain additional information. Plaintiffs propose publishing both the short and long form notices on the case website.

**IV. Defendant Should Be Directed to Provide the Requisite Data to Facilitate Notice**

Within ten days after entry of an order approving class notice, the Court should order Defendant to provide Plaintiffs with the requisite data to facilitate class notice, specifically Apple IDs, names, and email addresses of all individuals for whom Defendant has billing addresses in Illinois and whose devices were capable of running Defendant's People album feature. This should encompass names and contact information for the individuals associated with the

---

[4] *Notice Checklist and Plain Language Guide*, Fed. Jud. Ctr., https://www.fjc.gov/content/ 301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide (last visited July 23, 2026).

8,693,599 Apple IDs that Defendant identified in April of 2022, as well as all such Apple IDs for which Defendant has collected data since that date.

Courts may order a defendant to perform a necessary task related to notice where the defendant is better positioned to perform the task than the plaintiff. *Bakov*, 68 F.4th at 1057. Accordingly, courts regularly require defendants to provide contact information for class members to facilitate notice. *See e.g.*, *Note v. Int'l Flavors & Fragrances Inc.*, No. 23-2211, 2024 U.S. Dist. LEXIS 81634, at *19 (C.D. Ill. May 2, 2024) (approving notice and directing defendants to provide names and contact information to facilitate notice); *Flores v. J & T Harvesting LLC*, 807 F. Supp. 3d 1311, 1318 (D. Colo. 2025) (similar); *Dawson v. Great Lakes Educ. Loan Servs.*, No. 15-475, 2019 U.S. Dist. LEXIS 210795, at *9–10 (W.D. Wis. Dec. 5, 2019) (finding defendants violated unambiguous order to provide class member contact information to facilitate notice). Here, there can be no dispute that Defendant possesses contact information for the Class; the Court, accordingly, should require Defendant to provide it.

## V. The Court Should Approve Analytics Consulting LLC as Notice Administrator

The Court should approve Analytics as notice administrator. Analytics is well-qualified to serve as administrator in this case. Its president, Richard Simmons, has 36 of experience developing and implementing class action communications. *See* Ex. 6 to Braitberg Decl. (Simmons Declaration) at ¶ 8. Analytics has implemented notice campaigns for classes of tens of millions of class members and has worked on the provision of class notice in hundreds of class action lawsuits across the United States. *Id.* at ¶¶ 5–6. Analytics has, moreover, served as notice administrator in cases involving Defendant; among its many other recent engagements, Analytics currently serves as notice administrator in the matter of *Orshan et al. v. Apple Inc.*, No. 14-

05659, which is pending in the U.S. District Court for the Northern District of California. *Id.* at ¶ 7.

Analytics has also been cited favorably and approved as a notice administrator by numerous courts, including courts in this District. *E.g.*, *Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*, No. 20-377, 2024 U.S. Dist. LEXIS 209444, at *11 (S.D. Ill. Nov. 14, 2024) (approving Analytics as settlement administrator); *James v. Universal Prot. Serv., LLC*, No. 22-01668-SMY, 2024 U.S. Dist. LEXIS 90452, at *2 (S.D. Ill. May 20, 2024) (finding that Analytics, in administering notices, met all requirements of the court).

## CONCLUSION

The Class representatives respectfully request that the Court enter an order (i) approving the proposed notice plan, notice, and proposed notice administrator; (ii) directing Defendant to provide the information necessary to identify and notice the certified Class within 10 days after entry of an order approving Class notice; and (iii) authorizing distribution of notice to the certified Class within 30 days thereafter.

Dated: October 14, 2026

Respectfully Submitted,

By: /s/ Andrew D. Schlichter

Jerome J. Schlichter
Troy A. Doles
Andrew D. Schlichter
Alexander L. Braitberg
Chen Kasher
Kaitlin Minkler (*pro hac vice*)
Cort A. VanOstran
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
tdoles@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
kminkler@uselaws.com
cvanostran@uselaws.com

and

Christian G. Montroy
MONTROY LAW OFFICES, LLC
2416 North Center
P.O. Box 369
Maryville, IL 62062
Telephone: (618) 223-8200
Fax: (618) 223-8355
cmontroy@montroylaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Andrew D. Schlichter