**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JANE DOE** et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**APPLE INC.**,<br><br>*Defendant*. | Case No. 3:20-cv-00421-NJR |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF INTERLOCUTORY REVIEW PROCEEDINGS**

Apple respectfully replies in support of its motion to stay this action pending resolution of its 28 U.S.C. § 1292(b) motion and any appellate proceedings arising therefrom. Doc. 393. Plaintiffs' opposition (Doc. 397) fails to defeat Apple's showing as to each of the stay factors.

*First*, Plaintiffs do not dispute that this Court and others routinely grant stays when "there [a]re grounds for certification pursuant to 28 U.S.C. § 1292(b)." Opp. 3–4 (citing *Roberson v. Maestro Consulting Servs. LLC*, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021) (Rosenstengel, J.); *Hartman v. Meta Platforms, Inc.*, 2026 WL 1328220, at *2 (S.D. Ill. May 13, 2026) (Rosenstengel, J.); *Payton v. Union Pac. R.R. Co.*, 2025 WL 3012662, at *2 (N.D. Ill. Oct. 28, 2025); *Clay v. Union Pac. R.R. Co.*, 2025 WL 1651529, at *3 (N.D. Ill. June 10, 2025)). All that Plaintiffs offer as to why such grounds for certification are absent here is a brief reference to their opposition to Apple's motion to certify. Opp. 3. But as Apple explained in its certification reply, each of the arguments in Plaintiffs' certification opposition falls short. Plaintiffs come nowhere near showing "that [Apple] has no likelihood of success on the merits," so "this factor weighs in favor of granting a stay." *Hartman*, 2026 WL 1328220, at *2.

*Second*, Apple has identified concrete, irreparable harm it will suffer absent a stay. Mot. 2–3. Plaintiffs do not dispute that if no stay is entered and the Order is reversed on interlocutory appeal, Apple will incur wasted trial-preparation costs that "would be unrecoverable." *Id.* at 2. Plaintiffs' suggestion that such costs categorically cannot justify a stay, Opp. 4, is legally incorrect. Plaintiffs conflate the harm required to justify a permanent or preliminary *injunction*, *id.* (citing *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869, 872 (7th Cir. 2011); *Adkins v. Nestlé Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015)), with the showing needed for the Court to exercise its "'inherent power … to stay proceedings to avoid unnecessary litigation,'" *Roberson*, 2021 WL 1017127, at *1 (quoting *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir.

2019)). The question for the latter is simply whether a "stay will reduce the burden of litigation on the parties and on the court." *Roberson*, 2021 WL 1017127, at *1 (citation omitted). Indeed, courts—including this one—routinely grant stays of litigation precisely to avoid imposing the kinds of costs Apple identifies here. *See, e.g.*, *Hartman*, 2026 WL 1328220, at *2 ("It … would make little sense for the parties and the Court to continue spending their resources if the Seventh Circuit determines that the case is being litigated under an incorrect legal framework.").

*Finally*, a short stay would serve the public interest by reducing unnecessary litigation and conserving judicial resources. Plaintiffs' insistence that a "delay" from a stay would "impair[] the 'public interest in the prompt resolution of legal disputes,'" Opp. 5 (citation omitted), proves far too much. *Every* stay effects a temporary delay in proceedings in service of larger goals like efficiency and economy. If delay alone were reason enough to refuse relief, no stay would ever be entered. Plaintiffs' suggestion that a stay will somehow "prolong" their injury, Opp. 5 (citation omitted), simply misses the mark. Plaintiffs' injuries, such as they are, are all in the past; this Court accordingly certified only a backward-looking damages class, not a forward-looking injunctive relief class. Doc. 342 at 1, 5, 26–27. There are thus no ongoing injuries for a stay to "prolong." In any event, with this litigation already "ongoing for almost seven years," Opp. 5, Plaintiffs' claim that they will be harmed by a brief stay at this stage rings hollow.

This Court should stay proceedings pending resolution of Apple's Section 1292(b) motion and any appellate proceedings that follow.

Date: November 10, 2026

Respectfully submitted,

By: */s/ Lauren Goldman*

Lauren Goldman*
Yaira Dubin*
Brian Rosenthal*
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351.4000
lgoldman@gibsondunn.com
ydubin@gibsondunn.com
brosenthal@gibsondunn.com

Purvi G. Patel (ARDC# 6287065)
Emma Burgoon*
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
(213) 892-5200
PPatel@mofo.com
EBurgoon@mofo.com

Katie Viggiani*
Tiffani B. Figueroa*
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
KViggiani@mofo.com
TFigueroa@mofo.com

Diana Feinstein*
Thomas K. Fu*
Gibson, Dunn & Crutcher LLP
2000 Avenue of the Stars
Los Angeles, CA 90067
(310) 552.8500
dfeinstein@gibsondunn.com
tfu@gibsondunn.com

Amanda Sterling*
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955.8500
asterling@gibsondunn.com

* appearing *pro hac vice*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

*/s/ Lauren Goldman*
*Counsel for Defendant*